UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DERMA PEN, LLC,**<br><br>    Plaintiff<br><br>v.<br><br>**4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,**<br><br>    Defendants. | **ORDER GRANTING PLAINTIFF DERMA PEN, LLC'S MOTION FOR EXPEDITED DISCOVERY**<br><br>Civil Action No. 2:13-cv-729 DN<br><br>District Judge David Nuffer |

   This matter is before the court based on Plaintiff Derma Pen, LLC's ("Derma Pen") Combined Motion for Expedited Discovery and Memorandum of Law in Support Thereof ("Motion for Expedited Discovery" or "Motion").[1] Derma Pen's Motion requests expedited discovery from Defendants 4EverYoung Limited, DermapenWorld, Biosoft (Aust) Pty Ltd d/b/a DermapenWorld, Equipmed International Pty Ltd d/b/a DermapenWorld, and Stene Marshall d/b/a DermapenWorld (collectively, "Defendants"), as well as leave to take depositions of third parties, in connection with Derma Pen's Motion for Temporary Restraining Order and Preliminary Injunction.[2]

   Based upon Derma Pen's Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, Motion for Expedited Discovery, any responses, and all appropriate

---

[1] Docket no. 12, filed October 9, 2013.

[2] Docket no. 11, filed October 9, 2013.

1

materials on file, and for other good cause appearing, Derma Pen's Motion for Expedited Discovery is GRANTED.  It is hereby ORDERED, ADJUDGED, and DECREED that the parties may immediately conduct expedited discovery as follows:

1. Discovery may commence immediately.  The parties need not await a discovery conference or the exchange of initial disclosures prior to initiating discovery through any means permitted by the Federal Rules of Civil Procedure.

2. The parties may serve limited discovery requests.  Service of the limited discovery requests may be effected via facsimile or electronic mail.  A party receiving limited discovery requests shall answer the limited discovery requests, including the production of responsive documents and electronically stored information, by no later than five (5) days after receipt.

3. The parties may subpoena testimony and/or documents and things from third parties in connection with its Motion for Temporary Restraining Order and Preliminary Injunction.  Among those which Derma Pen wishes to subpoena and or depose are Brian Marshall; the American Academy of Anti-Aging Medicine; Celebrity Laser Spa in Los Angeles, California; Spalding Drive Plastic Surgery in Beverly Hills, California; Sasaki Advanced Aesthetic Medical Center in Pasadena, California; ContourLase Body Institute in San Antonio, Texas; Michelle Smith, a resident of the State of Utah; and any other actual or potential customers that have been approached by Defendants and/or their agents, Brian Marshall, Joel Marshall, Adimarket, Inc., Justin Williams and Stene Marshall.

4. The parties may take no more than ten (10) depositions per side.  Depositions may be scheduled on five (5) days' written notice to the parties, and in no event later than October 22,

2013.  Notice may be served by facsimile or electronic mail.  A third party receiving a subpoena shall be deposed by no later than five (5) days after receipt of the notice or subpoena, and in no event later than October 22, 2013.  The parties shall provide a list of Fed. R. Civ. P. 30(b)(6) topics to the opposing party by no later than five (5) days prior to the deposition of a party.  Documents properly requested of any party or third party are required to be produced one (1) day prior to that party or third party's properly scheduled deposition.

5.  The parties shall participate in a telephone conference with the court on October 17, 2013 at 10:00 a.m. before Judge David Nuffer.

6.  If any party determines that additional discovery beyond the limitations in this order is necessary, or if the parties disagree regarding the timing or sequence of depositions in the short time frame before the hearing October 24th, the parties shall engage in a good faith discussion(s) and reach an agreement, if possible.  If agreement cannot be reached, a party may present a letter to the court at dj.nuffer@utd.uscourts.gov.

7.  Nothing in this order shall be deemed to limit fact or expert discovery in any way following the hearing on the Motion for Temporary Restraining Order and Preliminary Injunction, including, but not limited to, the parties' rights to take a second deposition of any party deponent or third party witnesses or limitations on the number of interrogatories.  Further, nothing in this order shall limit a party from identifying, using, and/or deposing an expert or additional experts after the hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

8. The parties, by agreement, may adjust this schedule upon providing written notice to the court.

Dated October 10, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge