# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF DERMA PEN, LLC'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br><br><br>Case No.: 2:13-cv-00729-DN<br><br>District Judge David Nuffer |

Plaintiff Derma Pen, LLC's ("Derma Pen") motion for temporary restraining order and preliminary injunction[1] (the "Motion") was heard October 24, 2013.[2] Defendants 4EverYoung Limited, Equipmed International Pty Ltd., and Stene Marshall (collectively, the "Defendants") opposed the Motion,[3] and on October 23, 2013, Derma Pen filed its reply memorandum.[4] After considering the issued raised in the parties' memoranda and the arguments of counsel, and for other good cause appearing, Derma Pen's Motion is DENIED.

---

[1] Docket no. 11, filed October 9, 2013.

[2] Docket no. 65, Minute Entry, entered October 24, 2013.

[3] Docket no. 48, filed October 19, 2013.

[4] Docket no. 57.

## Background

This dispute is the aftermath of a Sales Distribution Agreement (the "Agreement")[5] between Derma Pen and 4EverYoung Ltd ("4EverYoung"), the purported worldwide OEM distributor[6] of a micro-needling skin resurfacing system known as the Dermapen.  The Agreement sets forth the rights and obligations of the parties and contains provisions addressing the ownership and use of the domain name www.dermapen.com (the "Domain Name") and the "Dermapen" trademark in the United States, both during the term of the Agreement and upon its termination.  It also contains a "Governing Law" provision related to enforcement of the Agreement.

Derma Pen initiated this action by filing its complaint on August 1, 2013.[7]  Derma Pen's complaint asserts numerous causes of action, including trademark infringement and Lanham Act claims, along with many pendent state law claims.  Subsequently, on October 9, 2013, Derma Pen filed the Motion and a related motion for expedited discovery.[8]  An initial hearing[9] on Derma Pen's Motion was held the following day.  At that initial hearing, Defendants were not represented by counsel.  However, Mr. Justin Williams appeared telephonically on behalf of Defendants, representing himself as a "partner" in Defendant 4EverYoung.

Based upon Derma Pen's filings and representations and Mr. Williams's representations and request for an extension for Defendants to retain counsel and respond to Derma Pen's

---

[5] Docket no. 25, filed under seal on October 10, 2013.

[6] Through 4EverYoung or one of its affiliated companies.

[7] Docket no. 2.

[8] Docket no. 12.

[9] Docket no. 21, Minute Entry, entered October 10, 2013.

Motion, the following action was taken at the initial hearing: a status conference was scheduled for October 17, 2013; a hearing on Derma Pen's Motion was continued until October 24, 2013; and Derma Pen's motion for expedited discovery was granted.[10] The order permitting expedited discovery was reciprocal.[11] On October 16 and 17, 2013 counsel for Defendants entered their appearances[12] and expedited discovery related to the Motion occurred thereafter.

The root of Derma Pen's request for injunctive relief stems from its contentions that it is the lawful owner of the Dermapen trademark in the United States and that Defendants are intentionally infringing Derma Pen's rights by marketing and selling Dermapen products in the United States using the Dermapen trademark without authorization. Derma Pen claims that Defendants' conduct is causing actual confusion in the market place and that Defendants' representatives are informing actual and prospective Derma Pen customers that Derma Pen no longer has the legal right to continue using the Dermapen trademark.

Defendants contend that Derma Pen is not likely to succeed on the merits of its claims, most notably because Derma Pen terminated the Agreement with 4EverYoung and because Derma Pen has refused to sell the Dermapen trademark in the United States to Defendants, in violation of the Agreement. Defendants also rely on the "Governing Law" provision of the Agreement to argue that the dispute between the parties must be adjudicated in the United Kingdom. Finally, Defendants contend that Derma Pen will not succeed on the merits or suffer any irreparable harm because when Derma Pen terminated the Agreement, it lost all rights to sell

---

[10] Docket no. 26, entered October 10, 2013.

[11] *Id*.

[12] Docket nos. 32, 33, 34 and 37, 38, and 39, filed October 16, 2013 and October 17, 2013, respectively.

the Dermapen-marked products in the United States or to restrict the use of the Dermapen trademark by Defendants in the United States.

Derma Pen was represented at the October 24, 2013 hearing by Samuel F. Miller and Maia T. Woodhouse of BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. and Marc T. Rasich of STOEL RIVES LLP. Defendants were represented by Christine T. Greenwood and Christopher M. Von Maack of MAGLEBY & GREENWOOD, P.C.

## Discussion

### I. Derma Pen Did Not Meet its Burden for Injunctive Relief.

The issuance of a temporary restraining order or preliminary injunction is an equitable remedy within the sound discretion of the trial court.[13] To obtain a temporary restraining order or preliminary injunction, Derma Pen must establish the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to Derma Pen outweighs any damage the proposed restraining order or injunction may cause Defendants; and (4) an injunction would not be adverse to the public interest.[14]

Derma Pen did not meet its burden to justify injunctive relief for several reasons. First, Derma Pen has not established a substantial likelihood of success on the merits. Derma Pen terminated the Agreement. While the parties do not dispute that there is no automatic transfer of the United States Dermapen trademark or the Domain Name rights upon termination of the

---

[13] *See Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 354 (10th Cir. 1986).

[14] *See Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

Agreement, 4EverYoung has the right to purchase those rights and has made attempts to do so, to which Derma Pen has been non-responsive.  Derma Pen's rights in the trademark are waning and will be extinguished once 4EverYoung completes the purchase of the Domain Name and the United States trademark rights to Dermapen.

Additionally, for purposes of the narrow issue of trademark infringement, Section 12.1 of the Agreement does not clearly and unequivocally restrict Defendants from using the Dermapen trademark in the United States during the term of the Agreement, and it certainly does not restrict Defendants from using the Dermapen trademark *after* termination of the Agreement.  This case is not a case based simply on trademark rights under United States law.  Rather, it is a contract case in which the Agreement between the parties governs the rights and obligations of the parties related to the Dermapen trademark in the United States.  Derma Pen's purported trademark rights must be analyzed in the context of the Agreement; the Agreement cannot be ignored for purposes of Derma Pen's Motion.

Second, Derma Pen has not established that irreparable injury will occur absent injunctive relief.  This case is not a pure trademark case – there are contractual rights arising in the Agreement that underlie the parties' respective rights to the Dermapen trademark in the United States.  A presumption of irreparable harm depends upon a showing of substantial likelihood of success on Derma Pen's claims, which Derma Pen cannot establish.  Even if this were a pure trademark case, monetary damages could adequately compensate Derma Pen if it did ultimately succeed on the merits (which is unlikely).

Third, Derma Pen has not shown that the threatened hardship it will suffer in the absence of injunctive relief outweighs the hardship injunctive relief will cause Defendants.  Either Derma

Pen or Defendants will suffer significant hardship depending on whether injunctive relief is issued.  However, turning again to the factor of substantial likelihood of success on the merits, because Derma Pen has not shown that it is substantially likely to succeed on the merits of its claims, injunctive relief that would cause significant harm to Defendants is not warranted.

Finally, the public interest is not implicated by the issuance of injunctive relief in this case.  As discussed in greater detail above, the trademark rights at issue are impacted by the Agreement and the parties' rights and obligations set forth in that Agreement.  The Agreement governs the dispute between the parties related to the Domain Name and the Dermapen trademark rights in the United States.  For all of the reasons set forth herein, Derma Pen's motion for a temporary restraining order and a preliminary injunction is denied.

    II.    <u>The Dispute Over the Agreement Should be Adjudicated in the United Kingdom.</u>

The Agreement contains a "Governing Law" provision at Section 17.7 as follows:

> 17.7  Governing Law.
>
> This Agreement shall be construed and enforced in accordance with the laws of the United Kingdom.  This Venue Agreement shall be enforced in London, United Kingdom.

Whether this court should resolve the substantive claims between the parties arising under the Agreement depends on the interpretation of Section 17.7.  Analyzing the Agreement as a whole, including the provisions regarding valuation of the trademark rights and the Domain Name in the United Kingdom, Section 17.7 is unambiguous and requires that disputes arising under the Agreement be resolved in the United Kingdom in accordance with the laws of the United Kingdom.

6

This ruling does not necessarily mean that none of Derma Pen's causes of action can be litigated in this venue. At least some of Derma Pen's 21 causes of action do not appear to be *directly* related to the Agreement. But because the Agreement governs the rights of the parties related to the use of the Dermapen trademark in the United States and the Domain Name, and because Defendants' use of the trademark forms the foundation for many of Derma Pen's causes of action, many of Derma Pen's claims appear to be affected by and subject to the Agreement and others are at least *indirectly* related to the Agreement. It is unclear whether Derma Pen's claims that may be unrelated to the Agreement can proceed independent of the claims arising directly under the Agreement, or whether they should be stayed until a court in the United Kingdom interprets and enforces the Agreement.

Because the parties did not address whether this case should be stayed pending resolution of the claims related to the Agreement, the parties must each submit a brief on or before November 7, 2013 addressing whether this case should be stayed until a court in the United Kingdom has resolved the claims arising under the Agreement. The parties' briefs should include proposals for scheduling and sequencing any further proceedings in this court in the event a stay is not issued or that a partial stay is issued.

## Order

Based on the foregoing, it is hereby

ORDERED that Plaintiff Derma Pen, LLC's Motion is DENIED in its entirety.

IT IS FURTHER ORDERED that on or before November 7, 2013, the parties shall submit briefs on (a) whether further proceedings should be stayed pending resolution of the dispute arising under the Agreement; and (b) the purpose, sequence, and schedule of any further proceedings in this court.

Dated October 29, 2013.

BY THE COURT:

David Nuffer
United States District Judge