**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DERMA PEN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER PARTIALLY STAYING CASE**<br><br><br><br><br><br>Case No.: 2:13-cv-00729-DN<br><br>District Judge David Nuffer |

On October 29, 2013, the court entered a memorandum decision and order denying Plaintiff Derma Pen, LLC's ("Derma Pen") motion for temporary restraining order and preliminary injunction (the "Order").[1]  The Order also required the parties to submit additional briefing on whether this case should be stayed.  After review of the parties' briefs and the other documents on file in this case, and for the reasons set forth herein, this action is STAYED until a court in the United Kingdom resolves the disputes between the parties related to the Sales Distribution Agreement, including the dispute surrounding the trademark rights to the DermaPen mark in the United States (the "US Trademark Rights").

**Background**

A detailed recitation of the relationship and dispute between the parties is set forth in the Order and will not be repeated herein.  In sum, all of Derma Pen's causes of action in this case either directly or indirectly relate to Defendants' alleged wrongful use of the DermaPen

---

[1] Docket no. 70, filed October 9, 2013.

trademark in the United States.  The Sales Distribution Agreement (the "Agreement") between Derma Pen and Defendant 4EverYoung addresses the rights and obligations of the parties related to the trademark[2] and contains an unambiguous choice of law and venue provision requiring that disputes related to the Agreement be resolved in London, United Kingdom in accordance with the laws of the United Kingdom.  The court has already held that "disputes arising under the Agreement" should "be resolved in the United Kingdom in accordance with the laws of the United Kingdom."[3]

However, not all of Derma Pen's causes of action arise directly under the Agreement. Although some may not be *directly* related to the Agreement, all appear to be at least *indirectly* related to the Agreement.  Given the inter-related and dependent nature of Derma Pen's causes of action, the parties were ordered to submit briefs "addressing whether this case should be stayed until a court in the United Kingdom has resolved the claims arising under the Agreement."[4]

Derma Pen's Arguments

In its brief, Derma Pen argues that this case should not be stayed for several reasons. First, Derma Pen argues that it has a valid claim for trademark infringement in the United States until completion of any proceedings in the United Kingdom and payment by 4EverYoung for the US Trademark Rights because the US Trademark Rights do not automatically transfer upon termination of the Agreement.  Derma Pen contends that the Defendants have engaged in unlawful self-help by using the trademark in the United States without authorization.

Derma Pen next contends that no proceeding in the United Kingdom is currently pending, and that because 4EverYoung is the only signatory to the Agreement, 4EverYoung is thus the

---

[2] *See e.g.* Agreement at Sections 12.1 and 12.2, docket no. 25, filed under seal Oct. 10, 2013.
[3] Docket no. 70.
[4] *Id.*

only Defendant subject to the choice of law and venue provision. Based on this, Derma Pen argues that a United Kingdom court will lack personal jurisdiction over the other Defendants, and that this action against the other Defendants should therefore proceed in this court. Derma Pen also contends that a court in the United Kingdom will not provide it adequate relief under its causes of action arising under the Copyright Act, the Lanham Act, and Utah common law.

Finally, Derma Pen posits that fairness to the parties and prejudice to Derma Pen weigh against imposition of a stay. As to fairness, Derma Pen claims that the practical effect of the Order is that Defendants will continue using the trademark in the United States without ever purchasing the rights to do so. Derma Pen also claims that because most of the parties, counsel, and witnesses are located in the United States, the United Kingdom is an inconvenient forum. Regarding prejudice, Derma Pen argues that it will be permanently harmed if a stay is issued because Defendants' continued use of the Dermapen trademark in the United States without authorization will cause serious harm to Derma Pen's reputation.

<u>Defendants' Arguments</u>

Defendants argue that the entire case should be stayed, save for limited discovery regarding the value of the Dermapen domain name and the US Trademark Rights, along with proceedings to determine whether Derma Pen's claims are properly filed in this court. Defendants' memorandum contended that a stay is warranted until proceedings in the United Kingdom are complete because all of Derma Pen's causes of action relate to rights under the Agreement, and therefore all of the causes of action must be resolved in the United Kingdom. Defendants claim that resolution in the United Kingdom of the dispute relating to the Agreement will simplify or eliminate any remaining substantive issues pending before this court.

Finally, Defendants contend that the infancy of this case and the balance of prejudice to the parties support a stay. According to Defendants, not imposing a stay would cause more prejudice, as the parties will be forced to waste resources on this dispute on two different continents with the possibility of inconsistent results.

## Discussion

Whether to impose a stay is within the discretion of the court, which considers the following factors: (1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties.[5]

The first factor weighs heavily in favor of a stay. Many of Derma Pen's causes of action are directly related to the Agreement, including its claims related to use of the trademark in the United States and the transfer of the US Trademark Right upon termination of the Agreement. *All* of Derma Pen's causes of action are at least indirectly related to the Agreement and are dependent on the resolution of the claims directly related to the Agreement. Indeed, if a court in the United Kingdom interprets the Agreement in favor of 4EverYoung and against Derma Pen, most, if not all, of Derma Pen's remaining causes of action will likely fail. Resolution of claims subject to the choice of law and venue provision in the United Kingdom will greatly simplify or eliminate claims currently pending in this court.

The second factor, the stage of the litigation, also favors a stay. This case is still in its infancy. Derma Pen filed its complaint on August 1, 2013. Defendants had not been served with a copy of the complaint when Derma Pen moved for a temporary restraining order and preliminary injunction. The parties conducted limited discovery in preparation for the temporary

---

[5] *See e.g., Quest Software Inc. v. Centrify Corp.*, 2:10-cv-859 TS, 2011 WL 1085789 (D. Utah Mar. 21, 2011); *C.R. Bard, Inc. v. Angiodynamics, Inc.*, Case No. 2:12-cv-35 RJS, 2012 U.S. Dist. LEXIS 147541 (D. Utah Oct. 12, 2012).

4

restraining order hearing on October 24, 2013. Defendants have not yet filed any responsive pleading to Derma Pen's complaint. Given the procedural posture of this case, this second factor also weighs heavily in favor of a stay.

The third factor, the balance of prejudice, supports the imposition of a stay. As the court has already ruled, the Agreement's unambiguous choice of law and venue provision requires disputes arising under the Agreement to be resolved in the United Kingdom in accordance with United Kingdom laws.[6] Derma Pen's business decision to sign the Agreement and agree to this choice of law and venue provision will not be disturbed simply because Derma Pen now claims that the United Kingdom is an inconvenient forum. All of Derma Pen's claims are related, either directly or indirectly, to the Agreement. Those claims that are indirectly related to the Agreement are dependent on first resolving the claims arising directly under the Agreement. To allow the causes of action that are indirectly related to the Agreement, such as the Copyright Act, Lanham Act, and Utah state law claims, to proceed here prior to final adjudication in the United Kingdom of the claims arising directly under the Agreement could lead to differing and inconsistent results, and would be a needless waste of the court's and the parties' resources. Judicial efficiency strongly supports a stay.

Finally, Derma Pen's claims of prejudice and the purported harm it will suffer if this case is stayed are speculative and presuppose that it will be successful in the United Kingdom proceeding. As discussed in greater detail in the Order, doubts surrounding Derma Pen's likelihood of success in prosecuting its trademark rights (which are governed by the Agreement) and its related causes of action were sufficient to warrant denial of a temporary restraining order

---

[6] *See* Agreement at Section 17.7, docket no. 25, filed under seal Oct. 10, 2013.

and preliminary injunction. Derma Pen's advancement of similar arguments to show prejudice to oppose a stay is likewise unavailing.

A stay in this case does not necessarily mean that *all* of Derma Pen's causes of action must be litigated in the United Kingdom. To the contrary, some of Derma Pen's causes of action may ultimately be litigated in this court (namely the Utah state law claims, Copyright claims, and Lanham Act claims). But resolution of those causes of action now would be premature – they cannot be litigated and resolved until the rights and obligations of the parties as set forth in the Agreement have been resolved by a court in the United Kingdom.

Given the foregoing reasons, the court in its discretion finds that a stay is proper in this case until a court in the United Kingdom resolves the dispute between the parties arising under the Agreement, including any causes of action related to the trademark rights in the United States. No further action shall be taken in this case during the stay, though the stay imposed herein does not limit or prevent discovery in this District that is ancillary to the proceeding in the United Kingdom, such as that authorized by 28 U.S.C. § 1782 or the Hague Evidence Convention.

## Order

Based on the foregoing, it is hereby

ORDERED that this action is STAYED in its entirety until a court in the United Kingdom resolves the dispute between the parties regarding claims arising directly under the Sales Distribution Agreement.

IT IS FURTHER ORDERED that a party may apply for relief from the stay upon a showing of good cause.

Dated November 20, 2013.

                              **BY THE COURT:**

                              _____
                              David Nuffer
                              United States District Judge