# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER RE: EXPEDITED SCHEDULE ON RESCISSION CLAIMS AND TRADEMARK RIGHTS AND STAYING ALL OTHER ISSUES IN THE CASE**<br><br><br><br><br>Case No.: 2:13-cv-00729-DN<br><br>District Judge David Nuffer |

In numerous motions filed recently,[1] the parties each seek preliminary relief which would nearly be case terminating. But the parties overlook significant issues which are fundamental to further progress:

- It would make no sense to adjudicate contract claims (or trademark claims depending on the contract) without a serious examination of DermaPen's claim to rescind that contract.[2] Rescission claims are tried to the court[3] and could be severed from trial of other claims.

- If the contract is valid, 4EverYoung's claim that the contractual process for sale of the trademark needs to be pursued might be eligible for preliminary relief. Preliminary relief compelling the contractual process for sale of the trademark is resolved by the court and could occur earlier than trial – and earlier disposition would serve the parties well.

---

[1] *See* Defendants' Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum (the "TRO Motion"), docket no. 141, filed May 2, 2014; DermaPen's Second Motion for Preliminary Injunction for Trademark Infringement and Incorporated Memorandum of Law, docket no. 148, filed May 7, 2014; DermaPen's Motion for Preliminary Injunction for False Advertising and Related Claims and Incorporated Memorandum of Law, docket no. 149, filed May 7, 2014.

[2] First Amended Complaint, docket no. 118, filed May 1, 2014.

[3] *See Mecham v. Benson*, 590 P.2d 304, 308 (Utah 1979) ("Rescission based on fraudulent inducement is, of course, an equitable remedy.")

No other preliminary relief should be considered until the possibility of rescission is resolved and the contractual trademark sale process is evaluated and (if appropriate) pursued. Therefore, this order sets an accelerated schedule for disposition of these fundamental issues.

This order is entered pursuant to Fed.R.Civ.P. 42(b); to conserve the court's resources; and to channel the parties' efforts to the issues most likely to result in the just, speedy and inexpensive disposition of this action.

The schedule set forth below pertains only to DermaPen's 22nd cause of action for fraudulent inducement[4] and 4EverYoung's claim that DermaPen must comply with its post-termination obligations to tender the Trademark and Domain Name to 4EverYoung for purchase.[5] No other matters shall be discovered or be the subject of motion practice during the times scheduled below.

On or before May 19, 2014, Plaintiff shall respond to Defendants' TRO Motion. But Plaintiff's response (and Defendants' reply memorandum, if any) shall be limited to the relief requested by Defendants at 5, ¶ 1, of their TRO Motion. Briefing on any other relief requested in the TRO Motion and on any other pending motions[6] shall be stayed until completion of the schedule detailed herein.

Under this initial schedule, depositions may be scheduled on seven calendar days' notice, and responses to discovery shall be due seven calendar days after service. Service of all papers

---

[4] First Amended Complaint at 144-146, ¶¶ 791 – 801, docket no. 118, filed May 1, 2014.

[5] Answer to First Amended Complaint, Counterclaim, Third-party Amended Complaint, and Demand for Jury Trial ("Answer and Counterclaim") at 85, ¶62, docket no 139, filed May 2, 2014; Answer and Counterclaim at 93, Prayer for Relief ¶ C; Defendants' TRO Motion at 5, ¶ 1, docket no. 141, filed May 2, 2014.

[6] Defendants' Motion to Maintain Attorneys-Eyes-Only Designation of Portions of April 5, 2011 OEM Agreement and Supporting Memorandum, docket no. 84, filed November 12, 2013; DermPen's Motion for Briefing and Expedited Discovery Schedule and Consolidation of Hearing Regarding Defendants' Motion for Temporary Restraining Order and Preliminary Injunction and Plaintiff's Forthcoming Motions for Preliminary Injunction, docket no. 145, filed May 5, 2014; Plaintiff/Third Party Defendant's Motion to Strike Equipped USA's Claims, docket no. 146, filed May 6, 2014.

shall be by electronic mail; delivery through CM/ECF; or hand delivery. In the event of a discovery dispute, the parties shall follow the Short Form Discovery Motion Procedure.[7] Failure to follow this procedure will result in denial of any discovery relief requested. No dispositive motions shall be entertained on this schedule. Any document not electronically filed shall be emailed to dj.nuffer@utd.uscourts.gov.

On or before noon May 19, 2014, the parties shall meet, confer and (a) agree on deposition dates and places and (b) if desired, file an agreed amendment (subject to court approval) to the schedule which follows:

| | |
|---|---|
| Deadline for 26(a)(1) initial disclosures. | 5/23/14 |
| Maximum Number of Depositions by Plaintiff(s). | 3 |
| Maximum Number of Depositions by Defendant(s). | 3 |
| Maximum Number of Hours for Each Deposition (unless extended by agreement of parties). | 5 |
| Maximum Interrogatories by any Party to any Party. | 5 |
| Maximum requests for admissions by any Party to any Party (excluding request for admissions related to authenticity of documents). | 20 |
| Maximum requests for production by any Party to any Party. | 5 |
| Last day to serve written discovery. | 6/5/14 |
| Close of fact discovery. | 6/13/14 |
| Rule 26(a)(3) Pretrial Disclosures.[8] 4EverYoung shall also file a statement identifying affirmative defenses that apply specifically to DermaPen's 22nd cause of action. | 6/16/14 |
| Parties meet confer and eliminate duplicate exhibits. | 6/17/14, 12:00 noon |

---

[7] Docket no. 153, entered May 14, 2014.

[8] The Parties must disclose and exchange any demonstrative exhibits or animations with the 26(a)(3) disclosures.

3

| | |
|---|---|
| Each party emails to dj.nuffer@utd.uscourts.gov an exhibit list and witness in Microsoft Word format for the court's use at trial. Standard forms for exhibit lists and forms for witness lists are available from the court's website, and questions regarding the preparation of these lists may be directed to the case manager, Anndrea Bowers, at 801-524-6150. Plaintiff must mark exhibits by assigning numbers 1 – 99 and Defendants shall use numbers 100 to 199 to defendant. | 6/19/14 |
| Exhibits in PDF format titled "[Number] [Description] shall be electronically or hand delivered to chambers. | 6/20/14 3:00 p.m. |
| Each party shall submit (a) a Trial Brief and (b) Proposed Findings of Fact and Conclusions of Law in Microsoft Word format to opposing counsel and to dj.nuffer@utd.uscourts.gov. The Trial Brief shall discuss the rights and obligations of the parties in the event the Agreement is rescinded. The Conclusions of Law must outline of the elements of DermaPen's fraudulent inducement cause of action, and any applicable affirmative defense, and briefly summarize the supporting or negating facts under each element. | No later than 6/23/14 3:00 p.m. |
| Bench Trial on DermaPen's 22nd Cause of Action for Fraudulent Inducement (3 day setting). DermaPen shall have a 7 hour time budget for its entire presentation including opening statement, argument, objections, and examination of witnesses. 4EverYoung shall have a 5 hour time budget for its entire presentation including opening statement, argument, objections and examination of witnesses. The court has cleared its calendar June 25 – 27. | Wednesday June 25, 2014 8:30 a.m. |
| Hearing, if rescission is denied, on Preliminary Injunction to require Derma Pen to sell, in accordance with the Agreement, the Trademark and Domain Name to 4EverYoung,[9] related to 4EverYoung's claim that DermaPen failed to comply with its post-termination obligations to tender the Trademark and Domain Name to 4EverYoung for purchase.[10] | Tuesday July 1, 2014, 8:30 a.m. |

Entered May 14, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[9] Defendants' Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum, ¶ at 5, docket no. 141, filed May 2, 2014.

[10] Answer and Counterclaim at 85, ¶62; Answer and Counterclaim at 93, Prayer for Relief ¶ C, docket no. 139, filed May 2, 2014.