# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER OUTLINING ISSUES FOR JULY 1, 2014 PROCEEDINGS (IF NECESSARY)** <br><br><br><br><br> Case No.: 2:13-cv-00729-DN <br><br> District Judge David Nuffer |

This case is currently set for a three day bench trial beginning on June 25, 2014 on Derma Pen, LLC's ("Derma Pen") 22nd Cause of Action for Fraudulent Inducement and rescission of the Sales and Distribution Agreement (the "Agreement"). If rescission is denied, the hearing currently set for July 1, 2014 will proceed.

During discovery, issues have arisen regarding the nature of the July 1, 2014 hearing (if necessary). This order clarifies the Memorandum Decision and Order re: Expedited Schedule on Rescission Claims and Trademark Rights and Staying All Other Issues in the Case (the "Prior Order")[1] and outlines the scope of the July 1, 2014 proceeding in an effort to provide further guidance to the parties during discovery and in trial preparations.

In the Counterclaim and Third-Party Amended Complaint, 4EverYoung alleges that Derma Pen breached the Agreement by, among other things, "failing to comply with its post-termination obligations to tender the trademark and domain name to 4EverYoung for purchase, continuing to use the trademark and domain name, and continuing to market and sell Dermapen

---
[1] Docket no. 155, entered May 15, 2014.

goods and services."[2] 4EverYoung argues that it is "entitled to specific performance of Derma Pen's obligations under the Agreement, including tender of the [t]rademark and [d]omain [n]ame for purchase at the appropriate value, cessation of use of the [t]rademark and [d]omain [n]ame, and cessation of Derma Pen's efforts to market and sell Dermapen goods and services."[3]

4EverYoung has filed a motion asking for a temporary restraining order and preliminary injunction requiring Derma Pen, among other things, "to sell, at a price to be determined by the Court in accordance with the Agreement, the [t]rademark and [d]omain [n]ame."[4]

These claims arise from the Agreement. If the Agreement is rescinded, there will be nothing for Derma Pen to specifically perform. However, if the Agreement is not rescinded, 4EverYoung may be entitled to specific performance of Derma Pen's post-termination trademark and domain name transfer obligations under the Agreement.

In the Prior Order, the July 1, 2014 proceeding was described as a "[h]earing … on Preliminary Injunction to require Derma Pen to sell, in accordance with the Agreement, the [t]rademark and [d]omain [n]ame to 4EverYoung…"[5] After further consideration, if the July 1 proceeding is necessary, it should as fully as possible resolve 4EverYoung's claim for specific performance of Derma Pen's post-termination trademark and domain name transfer obligations under the Agreement. Therefore, the July 1 proceeding will be:

---

[2] Defendants' Answer to First Amended Complaint, Counterclaim, Third-Party Amended Complaint, and Demand for Jury Trial at 85, ¶ 62, docket no. 139, filed May 2, 2014.

[3] *Id*. at 85-86, ¶ 63.

[4] Defendants' Motion for Temporary Restraining Order at v, docket no. 141, filed May 2, 2014.

[5] Prior Order, docket no. 155, entered May 15, 2014.

1. Oral argument related to the supplemental briefing on the Agreement's valuation and choice of law provisions;[6] and

2. A bench trial (as opposed to a hearing on a preliminary injunction as stated in the Prior Order) on 4EverYoung's request for specific performance related to its breach of contract claims arising from Derma Pen's alleged failure to tender the trademark and domain name for sale.

Depending on resolution of the choice-of-law and valuation issues, the parties might be ordered to engage in the valuation proceedings outlined in sections 12.2 and 14.6 of the Agreement by selecting independent auditors to appraise the values of the trademark and domain name. One object of the July 1 proceeding is to determine how much of that contractual process has been completed. Or, if all conditions precedent have been completed, and there is no bar to specific performance, Derma Pen could be ordered to sell the trademark and domain name to 4EverYoung at a value to be determined. But regardless of the relief, the parties should be prepared for bench trial on the equitable remedy of specific performance of Derma Pen's post-termination obligations under the Agreement on July 1, 2014 if the Agreement is not rescinded.

Judge Furse's decision at the conclusion of the May 30, 2014 hearing provides for the discovery needed to prepare for this potential trial on specific performance related to 4EverYoung's first cause of action in accordance with the schedule set forth in the Prior Order. In addition to the deadlines already set for the rescission trial, the following new deadlines are set for the specific performance trial:

| | |
|---|---|
| Rule 26(a)(3) Pretrial Disclosures. Derma Pen shall also file a statement identifying affirmative defenses that apply specifically to 4EverYoung's claim for specific performance of Derma Pen's post-termination trademark and domain name transfer obligations contained in its First Cause of Action. | June 20, 2014 |

---

[6] Defendants' Supplemental Memorandum Regarding Valuation and Choice-of-Law Provisions in the Agreement, docket no. 115, filed April 28, 2014; Derma Pen's Supplemental Brief Regarding Application of the Sales Distribution Agreement's Valuation and Choice-of-Law Provisions, docket no. 151, filed May 12, 2014.

| | |
|---|---|
| Each party files its trial brief and emails to [dj.nuffer@utd.uscourts.gov](mailto:dj.nuffer@utd.uscourts.gov) an exhibit list and witness in Microsoft Word format for the court's use at trial.  Standard forms for exhibit lists and forms for witness lists are available from the court's website, and questions regarding the preparation of these lists may be directed to the case manager, Anndrea Bowers, at 801-524-6150. Plaintiff must mark exhibits by assigning numbers 101 – 199 and Defendants shall use numbers 200 to 299 to defendant. | June 30, 2014 at 12:00 noon MST |

The court has cleared its calendar July 1 – 2.  The parties should do the same.

Entered June 2, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge