IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 4EVERYOUNG LIMITED, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER RE SHORT FORM DISCOVERY MOTION (ECF No. 171)** <br><br> Case No. 2:13-cv-729-DN-EJF <br><br> District Judge David Nuffer <br><br> Magistrate Judge Evelyn J. Furse |

Defendants and Plaintiff each filed Short Form Discovery Motions on May 28 and 29, 2014, respectively. (ECF No. 171.) The parties' dispute arises from Rory Tringali's disclosure of certain documents to Plaintiff Derma Pen, LLC.

Stene Marshall—an individual Defendant and director of other corporate Defendants in this action—has a prior business relationship with Mr. Tringali, and Mr. Tringali may have played an insignificant role in establishing a United States distributor for the Dermapen product. (Marshall Decl. ¶¶ 7–8, ECF No. 177.) After Plaintiff Derma Pen initiated this action in August 2013, Mr. Marshall engaged Justin Williams and Mr. Tringali to assist with locating and retaining counsel, ultimately retaining Magleby & Greenwood PC ("M&G"). (*Id.* at ¶ 11.) After Defendants retained M&G, Mr. Tringali continued to communicate with Mr. Marshall and M&G regarding the litigation. (*Id.* at ¶¶ 13–15.) Although Mr. Tringali communicated with Mr. Marshall and attorneys from M&G regarding the litigation, Mr. Tringali never had the authority to act as a decision maker. (*Id.* at ¶ 16.) At some point, Mr. Marshall and Mr. Tringali's relationship soured, and Mr. Tringali provided Plaintiff with communications between Defendants and M&G. (*See id.* at ¶ 18; ECF No. 169 at 3.)

-1-

Shortly after Plaintiff's counsel received the documents from Mr. Tringali, Plaintiff's counsel notified M&G about the documents. These Short Form Discovery Motions followed, and the Court held a telephonic hearing on May 30, 2014. Following the hearing, the parties submitted the documents at issue to the Court for *in camera* review.

**ANALYSIS**

The Court finds the attorney-client privilege applies to the documents related to Defendants' initial engagement of M&G. "[A] corporation can only act through its officers, directors, agents, and employees." *Shriver v. Baskin-Robbins Ice Cream Co., Inc.*, 145 F.R.D. 112, 114 (D. Colo. 1992). The attorney-client privilege thus applies to communications between corporate agents and counsel. *See id.* Mr. Tringali acted as Defendants' agent in the initial engagement of M&G. In one e-mail, Mr. Tringali states he represents Defendants' U.S. interests, and Mr. Marshall's declaration supports Mr. Tringali's role in M&G's engagement. (Marshall Decl. ¶ 11, ECF No. 177.) Because Mr. Tringali acted on the Defendants' behalf in engaging M&G, the privilege attached to these communications belongs to the corporate Defendant, and Mr. Tringali—a former agent for a limited purpose only—has no power to waive that privilege. *See Dexia Credit Local v. Rogan*, 231 F.R.D. 268, 277 (N.D. Ill. 2004) (citing *CFTC v. Weintraub*, 471 U.S. 343, 349 (1985)).

The Court finds Defendants waived the attorney-client privilege on the remaining documents by disclosing the documents to Mr. Tringali, a third party with no attorney-client relationship with M&G. *See Roe v. Catholic Health Initiatives Colorado*, 281 F.R.D. 632, 636 (D. Colo. 2012) (citation omitted) (noting disclosure of privileged communications results in waiver). "Because confidentiality is key to the privilege, '[t]he attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party.'"

*Id.* (quoting *United States v. Ryans*, 903 F.2d 731, 741 n.13 (10th Cir.1990)). Even disclosure to a corporation's own employee may constitute waiver of privilege, if the employee does not need to know the information. *See Schwarz Pharma., Inc. v. Teva Pharm. USA, Inc.*, No. 01-4995 (DRD), 2007 WL 2892744, at *4 (D.N.J. Sept. 27, 2007). Mr. Tringali assisted Defendants in the case's early stages by investigating facts, by communicating with Mr. Marshall and M&G, and by discussing case strategy. (*See* Marshall Decl. ¶ 13, ECF No. 177.) However, no evidence before the Court indicates Mr. Tringali maintained a relationship with Defendants to support attorney-client privilege after Defendants initially retained M&G.

The Tenth Circuit has noted "[t]he confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived. The courts will grant no greater protection to those who assert the privilege than their own precautions warrant." *Ryans*, 903 F.2d at 741 n.13 (quoting *In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989)). By disclosing the documents to Mr. Tringali, Defendants waived the attorney-client privilege.

## CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendants' Short Form Discovery Motion (ECF No. 171), and finds as follows:

1) the attorney-client privilege applies to the documents related to Defendants' initial engagement of M&G;

2) Defendants have waived the attorney-client privilege as to the remaining documents.

Because of the short time frame, this Order constitutes the Court's ruling on this issue. The parties should make their best efforts and act in good faith in determining which documents

are privileged as a result of this decision. If additional evidence exists regarding Mr. Tringali's relationship that may affect the Court's determination of this issue, either party may file an appropriate motion with that information.

DATED this 3rd day of June, 2014.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge