# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER RE: JURY TRIAL ON DERMA PEN, LLC'S 22ND AND 24TH CAUSES OF ACTION AND PART OF DEFENDANTS' 1ST COUNTERCLAIM CAUSE OF ACTION** <br><br><br><br> Case No.: 2:13-cv-00729-DN <br><br> District Judge David Nuffer |

Plaintiff Derma Pen, LLC's ("Derma Pen") and 4EverYoung Limited ("4EverYoung") had a contractual relationship which now gives rise to issues of trademark, trade name and copyright, along with many business torts and statutory claims. DermaPen's Amended Complaint contains 24 causes of action.[1] 4EverYoung's Counterclaim contains seven causes of action.[2]

In recent motions,[3] the parties sought preliminary relief which would be nearly case terminating. But two threshold issues are fundamental to many other issues:

- The rights of the parties would be substantially different if DermaPen's claim to rescind the parties' contract is successful.

---

[1] First Amended Complaint, docket no. 118, filed May 1, 2014.

[2] Answer to First Amended Complaint, Counterclaim, Third-Party Amended Complaint, and Demand for Jury Trial, docket no. 139, filed May 2, 2014.

[3] Defendants' Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum (the "TRO Motion"), docket no. 141, filed May 2, 2014; DermaPen's Second Motion for Preliminary Injunction for Trademark Infringement and Incorporated Memorandum of Law, docket no. 148, filed May 7, 2014; DermaPen's Motion for Preliminary Injunction for False Advertising and Related Claims and Incorporated Memorandum of Law, docket no. 149, filed May 7, 2014.

- If the contract is valid, 4EverYoung's claim for specific performance of the contractual process for sale of the trademark would affect other claims by defining who holds the trademark rights.

In consideration of the complexity of the case, and the threshold nature of those equitable issues, bench trial was set June 25, 2014 on DermaPen's claim for rescission of the contract, and on July 1, 2014 on 4EverYoung's claim for specific performance of an agreement to transfer a trademark from DermaPen to 4EverYoung.[4]

On June 23, 2014, the parties participated in a final pretrial conference. Derma Pen argued that, among other things, a bench trial was improper because it had not elected rescission as its remedy for Defendants' alleged fraudulent inducement as pled in Derma Pen's 22nd cause of action. It also argued that because its 22nd cause of action was factually intertwined with its other causes of action, bifurcating its claim seeking equitable relief would violate its right to a jury trial. The parties had submitted letter memoranda on the issue of a jury trial.[5]

Based upon the parties' arguments and the possibility that findings of a jury should be made on legal aspects of the DermaPen cause of action for fraudulent inducement and the 4EverYoung cause of action for breach of contract to tender the trademark and domain name for purchase (which contain the important threshold equitable claims), the bench trials scheduled for June 25, 2014 and July 1, 2014 were vacated.

**Jury Trial Setting.** on August 11-14 and 18-21, 2014, the following claims shall be tried to a jury and the court:

- Derma Pen's 22nd cause of action for fraudulent inducement;

---

[4] Memorandum Decision and Order Re: Expedited Schedule on Rescission Claims and Trademark Rights and Staying All Other Issues in the Case, docket no. 155, filed May 15, 2014; Memorandum Decision and Order Outlining Issues For July 1, 2014 Proceedings (If Necessary), docket no. 178, filed June 2, 2014.

[5] Letter, June 19, 2014 from DermaPen, docket no. 205, lodged June 24, 2014; Letter, June 20, 2014, from 4EverYoung, docket no. 206, lodged June 24, 2014.

- Defendants' 1st cause of action (limited to Derma Pen's obligations under the Agreement to tender the trademark and domain name for purchase); and
- DermaPen's 24th cause of action for a declaration that DermaPen has no obligation to tender the trademark.

The jury shall determine liability for any legal claims under each of these causes of action. The court will only determine equitable issues and relief after considering the jury's relevant findings on the legal issues and any applicable election of remedies. The jury will not otherwise be advisory on equitable issues. Any amount of damages arising under these claims, along with other issues and claims remaining in the case, will be determined in a later proceeding. Confining this trial to the liability issues on the legal claims defers expensive damages discovery and the need for expert damages testimony at the trial.

Each side shall have a 12 hour time budget for its entire trial presentation before the jury including opening statement, argument, objections, sidebars, and examination of witnesses.

**Summary of Claims and Defenses**: To assist in managing issues, the parties shall confer and within seven days shall file a summary of the elements of each of these claims and of the defenses applicable to each claim, indicating whether any are for decision by the court, in a format similar to the following:[6]

---

[6] This table is *illustrative* of what counsel should do and not intended as a ruling or the court's view on the elements and defenses.

| **Elements of the Claims** | **Defenses** |
|---|---|
| *DermaPen's 22nd Cause of Action in the First Amended Complaint for damages and rescission due to 4EverYoung's fraudulent inducement* | |
| (1) that a representation was made by 4EverYoung<br>(2) concerning a presently existing material fact<br>(3) which was false and<br>(4) which 4EverYoung either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation,<br>(5) for the purpose of inducing DermaPen to act upon it and<br>(6) that DermaPen, acting reasonably and in ignorance of its falsity,<br>(7) did in fact rely upon it<br>(8) and was thereby induced to act<br>(9) to DermaPen's injury and damage.<br>*Daines v. Vincent*, 2008 UT 51, 190 P.3d 1269, 1271 | Fully performed agreement<br>Terminated agreement<br>Failure to give notice (rescission only)*<br>Failure to timely assert right to rescind* |
| *4EverYoung's Claim under its First Cause of Action in its counterclaim for breach and specific performance Derma Pen's obligations under the Agreement to tender the Trademark and Domain Name for purchase* | |
| In order to recover for breach of contract to tender the Trademark and Domain Name for purchase, 4EverYoung must prove each of these four things:<br>(1) that there was a contract between 4EverYoung and DermaPen which required DermaPen to tender the trademark and domain name for purchase by 4 EverYoung;<br>(2) that 4EverYoung did what the contract required it to do in that regard, or that it was excused from performing its contract obligations;<br>(3) that DermaPen breached the contract by not performing the obligations to tender the trademark and domain name for purchase; and<br>(4) that 4EverYoung was damaged because DermaPen breached the contract to tender the trademark and domain name.<br>MUJI CV2012; *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388, 392. | unclean hands*<br>laches*<br>waiver*<br>estoppel*<br>failure to meet a necessary precondition<br>lack of standing<br>fraud/fraudulent inducement<br>undue hardship<br>lack of mutuality<br>inapplicability of provision because it does not apply to nonrenewal<br>inapplicability of provision because it is not included in survival clause<br>excused performance based on material breach. |
| *DermaPen's 24th Cause of Action in the First Amended Complaint declaration that DermaPen has no obligation to tender the trademark* | |
| | |
| **denotes equitable issues for the court and not for the jury* | |

**Motions**: The parties may file motions dispositive of all or any part of these claims or defenses on or before July 3, 2014. Responses shall be due on or before July 14, 2014 at noon and replies shall be due on or before July 18, 2014.

**Expert Discovery.** On or before July 2, 2014, parties shall designate any expert with regard to the quality of product supplied by 4EverYoung. Expert reports shall be produced on or before noon July 16, 2014. Depositions of these experts shall be completed on or before July 25, 2014. The parties should confer on July 3, 2014 to schedule such depositions. This permission does not signify relevance or admissibility of this testimony.

**Witnesses Who May Not Be Compelled to Appear at Trial.** After complying with DUCivR45-1, a party may take the deposition of any witness who is not able to be compelled by subpoena to appear at trial. Such depositions must be taken on or before July 13, 2014. No more than three such depositions may be taken by any party (exclusive of depositions already taken).

**Deposition Testimony.** Any party desiring to present testimony of a witness by recorded means, whether video, audio or paper, must file a designation of the testimony on or before July 14, 2014. The designation shall be made using the [Deposition Designation Form](#) on [Judge Nuffer's web page](#). This requires that the deposition designations filed by DermaPen be resubmitted.[7] Any objection must be made on or before July 18, 2014, and shall use the same form. The parties must meet and confer in person to resolve any disputes. Any motion regarding this subject must be filed on or before July 25, 2014**.** A party intending to use recorded testimony is strongly encouraged to display the deposition text as the deposition is presented, and if read, to use a professional reader who has rehearsed the reading with the attorney.

---

[7] Exhibits A-C to Plaintiff's Federal Rule of Civil Procedure Rule 26(A)(3) Pretrial Disclosures, [docket no. 199](#), filed June 20, 2014.

**Responsive Pleading and Other Motions.** After meeting and conferring in person with opposing counsel, a motion to modify this order may be filed. Short form discovery motions are permitted.

A motion or pleading responsive to the counterclaim and third party amended complaint[8] shall be filed on or before noon July 3, 2014. Any response to such a motion shall be filed on or before July 10, 2014, and any reply shall be filed on or before July 14, 2014.

**Jury Instructions, Special Verdict and Voir Dire Questions.** Considering the standard general jury instructions and standard voir dire questions which are [posted on the court's website](posted on the court's website) the parties must serve their proposed jury instructions, special verdict and voir dire questions on each other on or before July 15, 2014. The parties must then confer in order to agree on a single set of instructions, special verdict and voir dire questions to the extent possible. Agreed and disputed materials shall be filed with the court on or before July 22, 2014. Each instruction must be labeled and numbered at the top center of the page to identify the party submitting the instruction (e.g., "Joint Instruction No. 1" or "Plaintiff's Instruction No. 1"). Include citation to the authority that forms the basis for the instruction. A copy of the proposed instructions, special verdict and voir dire questions must be emailed to [dj.nuffer@utd.uscourts.gov](mailto:dj.nuffer@utd.uscourts.gov) as a Microsoft Word document. Each party must file its objections to jury instructions, the special verdict and voir dire questions proposed by the other party on or before 2:00 p.m. M.D.T. July 28, 2014. Objections must recite the proposal in its entirety and specifically highlight the objectionable language contained therein; contain both a concise argument why the proposed language is improper and citation to relevant legal authority; and an alternative instruction. A copy of the

---

[8] [Docket no. 139](Docket no. 139), filed May 2, 2014.

proposed alternative instruction must be emailed to dj.nuffer@utd.uscourts.gov as a Microsoft Word document.

**Objections to 26(a)(3) Disclosures:** Objections to the previously submitted 26(a(3) disclosures shall be filed on or before July 3, 2014.

**Final Pretrial** is set Thursday July 31, 2014 at 9:00 a.m. The parties shall file the agreed form of a pretrial order on or before Tuesday July 29, 2014. It must be emailed to dj.nuffer@utd.uscourts.gov as a Microsoft Word document.

**Other Deadlines:** Other than as modified in this order, the deadlines previously established by the court remain in effect.

Dated June 23, 2014.

                      **BY THE COURT:**

                      _____
                      David Nuffer
                      United States District Judge