IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>　　Defendants. | **MEMORANDUM DECISION AND ORDER RE: CHOICE OF LAW FOR AUGUST 2014 PROCEEDINGS**<br><br><br><br><br>Case No.: 2:13-cv-00729-DN<br><br>District Judge David Nuffer |

The parties dispute whether Utah or United Kingdom law applies to decide the parties' claims arising under the Agreement between Derma Pen, LLC ("Derma Pen") and 4EverYoung Limited ("4EverYoung"). They also dispute whether Utah is the proper venue for determining the value of Derma Pen's trademark and domain name. The parties submitted briefs on these issues at the court's direction[1] and argued the issues on June 25, 2014.[2] This order determines that in the August 2014 trial on Derma Pen's 22nd and 24th causes of action and 4EverYoung's 1st cause of action (limited to Derma Pen's obligations under the Agreement to tender the trademark and domain name for purchase), Utah law will govern.

---

[1] Supplemental Memorandum Regarding Valuation and Choice-of-Law Provisions in the Agreement, docket no. 115, filed April 28, 2014.

[2] Plaintiff's Supplemental Brief Regarding Application of the Sales Distribution Agreement's Valuation and Choice-of-Law Provisions, docket no. 151, filed May 12, 2014.

## BACKGROUND

4EverYoung is a company organized under the laws of the United Kingdom.[3] Derma Pen is a company organized under the laws of the State of Utah.[4] Derma Pen and 4EverYoung signed a sales distribution agreement ("Agreement") on August 2, 2011. Under the Agreement 4EverYoung supplied products to Derma Pen. The agreement was allegedly terminated as of August 1, 2013.[5]

The Agreement provided that on termination Derma Pen "agrees to offer the Derma Pen [sic] Trademark in the US for sale to 4EVER YOUNG and 4EVER YOUNG has the first right of refusal for such trademark."[6] A similar provision applies to the www.dermapen.com domain name.[7]

### The Original Complaint

On August 1, 2013, Derma Pen filed a 65 page 21 count complaint against 4EverYoung and related entities for rescission due to fraudulent inducement, breach of contract, unfair competition, trademark infringement and declaratory judgment among other causes of action. Derma Pen's original complaint[8] alleged that "[t]his is an action for rescission and fraudulent inducement, or, in the alternative, *breach of contract under Utah law*. . ."[9] The prayer for relief

---

[3] First Amended Complaint ¶ 1 at 2, docket no. 118, filed May 1, 2014 (unredacted version filed under seal as docket no. 136, May 2, 2014); Answer to First Amended Complaint, Counterclaim, Third-Party Amended Complaint, and Demand for Jury Trial ("Answer and Counterclaim") ¶ 1 at 2, docket no. 139, filed May 2, 2014.

[4] First Amended Complaint ¶ 2 at 2; Answer and Counterclaim ¶ 2 at 2.

[5] First Amended Complaint ¶ 97 at 22.

[6] Sales Distribution Agreement ("Agreement") §12.2, docket no. 25, filed under seal October 10, 2013.

[7] *Id.* §14.6.

[8] Complaint, docket no. 2, filed August 1, 2013.

[9] *Id.* ¶ 7 at 3 (emphasis added).

asked (twice) for "all relief to which [Derma Pen is] entitled under 15 U.S.C. § 1051 *et seq.*, 17 U.S.C. § 101 *et seq.*, and Utah statutory and common law . . . ."[10]

Most of the claims in the complaint are federal or Utah statutory or tort claims dependent at least somewhat on the effect of the Agreement. But three causes of action relate directly to the Agreement. After the first cause of action which sought rescission of the Agreement for fraudulent inducement, the second cause of action alleged an alternative breach of contract claim. The twenty-first cause of action sought a declaratory judgment that "4EverYoung is not entitled to a right of first refusal and Derma Pen has no obligation to sell and/or assign its right to the DERMAPEN® Mark to 4EverYoung upon termination of the Agreement."

## Agreement Provisions Regarding Venue and Governing Law

The complaint did not attach the Agreement. In response to court order[11] Derma Pen filed a copy of the Agreement.[12] The Agreement, which was drafted by 4EverYoung but fully negotiated by the parties, contains a "Governing Law" provision that states:

> 17.7. **Governing Law.** This Agreement shall be construed and enforced in accordance with the laws of the United Kingdom. This Venue Agreement shall be enforced in London, United Kingdom.[13]

There are two other related provisions of the Agreement at issue. Sections 12.2 and 14.6 state that if the parties are unable to reach agreement on the respective values of the trademark and domain name, "the value will be determined by the courts of the land that is governing this contract and their decision will be final and binding upon both parties."[14]

---

[10] Complaint Prayer for Relief ¶ B at 60 and ¶ H at 62.

[11] Docket text order, docket no. 19, filed October 9, 2013.

[12] Docket no. 25, filed under seal October 10, 2013.

[13] *Id.*

[14] *Id.*

## Early Venue Dispute

In response to Derma Pen's motion for a temporary restraining order,[15] 4EverYoung argued that venue in the United Kingdom was proper.[16] Derma Pen resisted these arguments, disregarding its contract-based claims for breach and declaratory relief. "The District of Utah is the proper venue for Derma Pen's claims."[17] "The choice of law clause in the agreement does not apply here."[18] But because Derma Pen's causes of action depended on determination of the parties' contractual rights, if any, this action was stayed pending the outcome of proceedings in the United Kingdom.[19]

After 4EverYoung's efforts to litigate in the United Kingdom revealed how challenging and expensive that would be, 4EverYoung sought relief from the stay, abdicating its insistence on litigation in London and arguing that Utah law should apply. "Defendants hereby waive, knowingly and voluntarily, their rights under the forum selection and choice of law provisions of the Agreement. . . ."[20] But Derma Pen contended that the United Kingdom was the proper forum for contract issues in this case and that the court should not accept 4EverYoung's invitation to rewrite the Agreement.[21]

---

[15] Plaintiff Derma Pen, LLC's Motion For Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law, docket no. 11, filed October 9, 2013.

[16] [4EverYoung's] Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction at 5, docket no. 48, filed October 19, 2013.

[17] Plaintiff Derma Pen, LLC's Reply in Support of Motion for Temporary Restraining Order and Preliminary Injunction at 18, docket no. 57, filed October 23, 2013.

[18] *Id.* at 20.

[19] Memorandum Decision and Order Partially Staying Case, docket no. 89, filed November 20, 2013.

[20] Defendants' Motion To Lift Stay, Memorandum In Support, and Request for Scheduling Conference at 4, docket no. 103, filed March 13, 2014.

[21] Plaintiff's Response to Defendants' Motion to Lift Stay at 12-13, docket no. 104, filed March 31, 2014.

At a hearing held April 17, 2014, the parties agreed that the venue provision under section 17.7 of the Agreement was waived and that the action could proceed in this court.[22] Derma Pen was careful, in spite of 4EverYoung's desire to also waive the governing law provision and valuation venue provision,[23] to confine its waiver to 17.7.[24] No ruling was made on governing law or venue valuation.[25]

## Amended Complaint

Derma Pen has since filed its First Amended Complaint, in which it asserts 24 causes of action which again include its claims for rescission, breach of contract, and declaratory relief. Derma Pen's First Amended Complaint does not allege that its breach of contract claim arises under Utah law. But it still claims relief under Utah statutory and common law,[26] without mentioning the law of the United Kingdom. 4EverYoung and its related entities filed counterclaims and third party claims asserting seven causes of action against Derma Pen. One of those claim is for breach of contract.[27]

## Procedural Status

For reasons described in greater detail in the Memorandum Decision and Order Re: Expedited Schedule on Rescission Claims and Trademark Rights and Staying All Other Issues in the Case,[28] liability and equitable relief issues in Derma Pen's 22nd and 24th causes of action and part of 4EverYoung's 1st cause of action have been bifurcated and are scheduled for jury trial in

---

[22] Transcript of Proceedings April 17, 2014 at 26:9-13, docket no. 111, filed April 24, 2014.

[23] *Id.* at 19:17-24.

[24] *Id.* at 24:6-16

[25] *Id.* at 24:18-25:2.

[26] Amended Complaint Prayer for Relief ¶ X at 155 and ¶ Q at 153.

[27] Answer and Counterclaim, First Cause of Action at 85-86.

[28] Docket no. 155, filed May 15, 2014.

August 2014.[29] For this upcoming trial, the parties need to know whether whether United Kingdom or Utah law should govern the causes of action arising under the Agreement.

## DISCUSSION

Derma Pen originally invoked Utah law in its complaint related to its allegations arising from the Agreement. Nowhere in its complaint or amended complaint did Derma Pen cite to or rely on the law of the United Kingdom. Derma Pen, the plaintiff, chose to bring this action in this court and expressly invoked Utah and federal law for all of its claims without pleading or respecting the choice of law provision in the Agreement. When 4EverYoung insisted on its contractual right to litigate in London, the case was stayed, over Derma Pen's strenuous objections. Derma Pen made its election regarding applicable law at filing of the complaint and cannot revoke it. Derma Pen's express invocation of Utah law and its failure to attach the Agreement to its complaint constitutes a waiver of UK law to the contract claims.[30]

Derma Pen has also failed to show that there is any meaningful difference between Utah law and the law of the United Kingdom regarding its 24th cause of action and 4EverYoung's 1st cause of action. Absent this showing, it makes little sense to apply United Kingdom law to the parties' contractual dispute.

Derma Pen's reversal of position appears to be driven by concern that the choice of law decision on the three contract related claims will impact the decision on venue for valuation under sections 12.2 and 14.6 of the contract. Derma Pen has a rescission claim that might vitiate

---

[29] Memorandum Decision and Order re: Jury Trial on Derma Pen, LLC's 22nd and 24th Causes of Action and Part of Defendants' 1st Counterclaim Cause of Action, docket no. 207, filed June 24, 2014.

[30] *Cf. Grecon Dimter, Inc. v. Horner Flooring Co., Inc.*, No. 04-1178, 114 Fed.Appx. 64 (4th Cir. 2004) (unpublished) (holding that a party's implicit reliance on North Carolina law in its complaint was insufficient to waive the choice of law provision in a contract when the party attached to its complaint the contracts containing the choice of law provision); *see also Viscofan USA, Inc. v. Flint Group*, No. 08-cv-2066, 2009 WL 1285529, (C.D. Ill. May 7, 2009) (unpublished) (holding that Defendant waived right to invoke forum selection clause when it failed to raise it in its answer).

the provisions. Whether 4EverYoung is entitled to specific performance of sections 12.2 and 14.6 will be determined in August, by this court relying in party on jury findings. There may be unfulfilled steps in the processes contemplated under sections 12.2 and 14.6 that might be ordered to be performed. The meaning of "the courts of the land that is governing this contract" and other issues regarding the clause must be decided. Only after all those hurdles would a judicial valuation be relevant.

Even if valuation is found to be proper only in the United Kingdom, specific performance of the obligation to transfer the trademark and domain name is an issue for this court under the venue stipulation. But specific performance would likely not be ordered by this court unless 4EverYoung posted court-determined security sufficient to cover any anticipated valuation. The bond amount would be sufficient to pay any valuation that would occur in the United Kingdom.

For purposes of the August 2014 trial, Utah law will govern Derma Pen's 22nd and 24th causes of action and 4EverYoung's 1st cause of action (limited to Derma Pen's obligations under the Agreement to tender the trademark and domain name for purchase).

Dated June 26, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge