# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCOPE AND DATES OF AUGUST 2014 JURY TRIAL |
| 4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>DERMA PEN, LLC,<br><br>    Counterclaim Defendant. | Case No.: 2:13-CV-00729-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

This matter came before the court on Plaintiff's Motion to Modify June 24, 2014 Order (Doc. 207) (and Related Scheduling and Discovery Orders) and for Expedited Oral Argument (the "Motion to Modify").[1] Following full and expedited briefing requested by Plaintiff and Counterclaim Defendant Derma Pen, LLC ("Plaintiff" or "Derma Pen"), oral argument was held on July 11, 2014. At the July 11, 2014 hearing, Derma Pen was represented by J. Mark Gibb, Peter H. Donaldson (by telephone), and Z. Ryan Pahnke of DURHAM JONES & PINEGAR, P.C. and

---

[1] Docket no. 227, filed July 1, 2014.

Samuel F. Miller (by telephone) of BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C. Defendants and Counterclaim Plaintiffs 4EverYoung Limited ("4EverYoung") and Equipmed International Pty. Limited ("Equipmed") and Defendants Biosoft Pty. Limited ("Biosoft") and Stene Marshall ("Marshall") (collectively, "Defendants") were represented by Christine T. Greenwood and Christopher M. Von Maack of MAGLEBY & GREENWOOD, P.C.

## Background

Derma Pen and 4EverYoung signed the August 2, 2011 Sales Distribution Agreement (the "Agreement" or "SDA"),[2] which underlies the issues of trademark, trade name, and copyright, business torts and statutory claims raised in this case.

Derma Pen initiated this action on August 1, 2013;[3] filed a motion temporary restraining order and preliminary injunction on October 9, 2013;[4] and filed a motion for expedited discovery on October 9, 2013.[5] The court granted Derma Pen's motion for expedited discovery, limited to issues regarding that motion.[6] Derma Pen utilized that authorized discovery.

Following discovery, full briefing, and hearing, the court denied Derma Pen's motion for preliminary injunctive relief and ruled as follows:

> Derma Pen has not established a substantial likelihood of success on the merits. Derma Pen terminated the Agreement. While the parties do not dispute that there is no automatic transfer of the United States Dermapen trademark or the Domain Name rights

---

[2] Agreement, docket no. 25, lodged (under seal) October 10, 2013.

[3] Complaint, docket no. 2, filed August 1, 2013.

[4] Plaintiff Derma Pen, LLC's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law, docket no. 11, filed October 9, 2013.

[5] Combined Motion for Expedited Discovery and Memorandum of Law in Support Thereof, docket no. 12, filed October 19, 2013.

[6] Order Granting Plaintiff Derma Pen, LLC's Motion for Expedited Discovery, docket no. 26, filed October 10, 2013.

> upon termination of the Agreement, 4EverYoung has the right to purchase those rights and has made attempts to do so, to which Derma Pen has been non-responsive. Derma Pen's rights in the trademark are waning and will be extinguished once 4EverYoung completes the purchase of the Domain Name and the United States trademark rights to Dermapen.
>
> Additionally, for purposes of the narrow issue of trademark infringement, Section 12.1 of the Agreement does not clearly and unequivocally restrict Defendants from using the Dermapen trademark in the United States during the term of the Agreement, and it certainly does not restrict Defendants from using the Dermapen trademark after termination of the Agreement. This case is not a case based simply on trademark rights under United States law. Rather, it is a contract case in which the Agreement between the parties governs the rights and obligations of the parties related to the Dermapen trademark in the United States. Derma Pen's purported trademark rights must be analyzed in the context of the Agreement; the Agreement cannot be ignored for purposes of Derma Pen's Motion.[7]

Derma Pen has appealed the court's denial of its injunction motion,[8] and that appeal remains pending.[9] Derma Pen also sought an injunction pending appeal from this court and the United States Court of Appeals for the Tenth Circuit,[10] but both requests were denied.[11]

On November 20, 2013, the Court issued its Memorandum Decision and Order Partially Staying Case "until a court in the United Kingdom resolves the disputes between the parties related to the Sales Distribution Agreement, including the dispute surrounding the trademark

---

[7] Memorandum Decision and Order Denying Plaintiff Derma Pen, LLC's Motion for Temporary Restraining Order and Preliminary Injunction at 4-5, docket no. 70, filed October 29, 2013.

[8] Notice of Appeal, docket no. 71, filed October 30, 2013.

[9] 10th Circuit Court of Appeals Case No. 13-4157.

[10] Plaintiff Derma Pen LLC's Motion for Injunction Pending Appeal, docket no. 74, filed October 31, 2013; Appellant's Combined Motion for Injunction Pending Appeal and Expedited Appeal, Briefing, and Review, document no. 01019154917, filed November 8, 2013 in 10th Circuit Court of Appeals Case No. 13-4157.

[11] Docket Text Order, docket no. 88, filed November 19, 2013; Order, document no. 01019166908, filed December 4, 2013 in 10th Circuit Court of Appeals Case No. 13-4157.

rights to the DermaPen mark in the United States . . . . [A]ll of Derma Pen's causes of action in this case either directly or indirectly relate to Defendants' alleged wrongful use of the DermaPen and contains an unambiguous choice of law and venue provision requiring that disputes related to the Agreement be resolved in London, United Kingdom in accordance with the laws of the United Kingdom.[12]

On March 13, 2014, Defendants moved to lift the stay.[13] On April 17, 2014, the Court granted Defendants' Motion to Lift the Stay, noting in its Minute Entry: "Plaintiff waives venue (17.7 provision), however not as to choice of law, valuation provisions, and Utah law."[14]

Derma Pen's First Amended Complaint contains twenty-four causes of action, including a claim to rescind the Agreement for fraudulent inducement.[15] 4EverYoung's First Amended Counterclaim contains seven causes of action, including a claim for specific performance of certain post-termination obligations under the Agreement that would allow 4EverYoung to purchase the "Dermapen" trademark in the United States (the "Trademark") and dermapen.com domain name (the "Domain Name").[16] The number of claims make the case complex.

In recent motions,[17] the parties sought preliminary relief which would be nearly case terminating. But two threshold issues are fundamental to many other issues:

---

[12] Memorandum Decision and Order Partially Staying Case at 1-2, docket no. 89, filed November 20, 2013.

[13] Defendants' Motion to Lift Stay, Memorandum in Support, and Request for Scheduling Conference, docket no. 103, March 13, 2014.

[14] Docket no. 10, filed April 17, 2014.

[15] Docket no. 118, filed May 1, 2014.

[16] Docket no. 215, filed June 26, 2014.

[17] Defendants' Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Memorandum, docket no. 141, filed May 2, 2014; Derma Pen's Second Motion for Preliminary Injunction for Trademark Infringement and Incorporated Memorandum of Law, docket no. 148, filed May 7, 2014; Derma Pen's Motion for
(continued...)

      1.      The rights of the parties would be substantially different if Derma Pen's claim to rescind the Agreement is successful.
      2.      If the Agreement is valid, 4EverYoung's claim for specific performance of the contractual process for sale of the Trademark would affect other claims by defining who holds the trademark rights.

On May 15, 2014, in consideration of the complexity of the case and the threshold nature of those equitable issues, for convenience, to avoid prejudice, and to expedite and economize,[18] the court *sua sponte* issued an order[19] bifurcating proceedings and set a bifurcated bench trial for June 25, 2014 on Derma Pen's claim for rescission of the Agreement, and for July 1, 2014 on 4EverYoung's claim for specific performance of the Agreement's provisions regarding transfer the Trademark and Domain Name from Derma Pen to 4EverYoung.[20] By the same order, the parties were permitted to engage in additional expedited discovery on the bifurcated claims and defenses, including initial disclosures, depositions, requests for production of documents, interrogatories, and requests for admission.[21]

On May 16, 2014, Derma Pen sought limited reconsideration of the court's May 15, 2014 order, but did not did not object to the timing, scope, or procedure ordered by the Court.[22] Derma Pen then proceeded to utilize the authorized discovery, which it had requested.[23]

---

(...continued)
Preliminary Injunction for False Advertising and Related Claims and Incorporated Memorandum of Law, docket no. 149, filed May 7, 2014.

[18] Fed. R. Civ. P. 42(b).

[19] Memorandum Decision and Order Re: Expedited Schedule on Rescission Claims and Trademark Rights and Staying All Other Issues in the Case, docket no. 155, filed May 15, 2014.

[20] Memorandum Decision and Order Re: Expedited Schedule on Rescission Claims and Trademark Rights and Staying All Other Issues in the Case, docket no. 155, filed May 15, 2014; Memorandum Decision and Order Outlining Issues For July 1, 2014 Proceedings (If Necessary), docket no. 178, filed June 2, 2014.

[21] Memorandum Decision and Order Re: Expedited Schedule on Rescission Claims and Trademark Rights and Staying All Other Issues in the Case at 3, docket no. 155, filed May 15, 2014.

[22] Plaintiff's Limited Motion for Reconsideration of Single Issue in Memorandum Decision and Order (Doc. 155), docket no. 156, filed May 16, 2014.

On June 17, 2014, after the parties had completed the permitted fact discovery on the bifurcated issues, after the parties had exchanged pretrial disclosures, and after the parties had exchanged trial exhibit and witness lists, Derma Pen conferred with 4EverYoung and then submitted an e-mail request to the court, in which it raised for the first time the issue of whether it was entitled to a jury trial on "certain elements of its claim for fraudulent inducement." [24]

After receipt of Derma Pen's e-mail, the court requested and the parties submitted letter memoranda on the jury trial issue.[25] On June 23, 2014, the parties participated in a final pretrial conference. Derma Pen argued that, among other things, a bench trial was improper because it had not elected rescission as its remedy for 4EverYoung and Marshall's alleged fraudulent inducement as pled in Derma Pen's 22nd cause of action. Derma Pen also seeks damages in that claim and argued that bifurcating its claim seeking equitable relief would violate its right to a jury trial. Derma Pen also argued that its 22nd cause of action was factually intertwined with its other causes of action.

Based upon the parties' arguments and the possibility that findings of a jury should be made on legal aspects of the Derma Pen cause of action for fraudulent inducement and the 4EverYoung cause of action for breach of contract to tender the Trademark and Domain Name

---

(...continued)
[23] Plaintiff's Motion for Briefing and Expedited Discovery Schedule and Consolidation of Hearing Regarding Defendants' Motion for Temporary Restraining Order and Preliminary Injunction and Plaintiff's Forthcoming Motions for Preliminary Injunction, docket no. 145, filed May 5, 2014.

[24] E-Mail, June 17, 2014 from M. Gibb, docket no. 227-5, filed July 1, 2014.

[25] Letter, June 19, 2014 from Derma Pen, docket no. 205, lodged June 24, 2014; Letter, June 20, 2014, from 4EverYoung, docket no. 206, lodged June 24, 2014.

for purchase (which contain the important threshold equitable claims), the bench trials scheduled for June 25, 2014 and July 1, 2014 were vacated.[26]

Jury trial was for August 11-14 and 18-21, 2014 on the legal issues related to following three claims or portions of those claims: (1) Derma Pen's 22nd cause of action for fraudulent inducement; (2) 4EverYoung's 1st cause of action (limited to Derma Pen's obligations under the Agreement to tender the Trademark and Domain Name for purchase); and (3) Derma Pen's 24th cause of action for a declaration that Derma Pen has no obligation to tender the Trademark.[27] In that order, the court also authorized limited additional discovery, including expert discovery on product quality issues raised by Derma Pen in its briefing, and depositions of witnesses (three per side) who may not be compelled to appear at trial.[28] The allocation of work between the jury and judge was described:

> The jury shall determine liability for any legal claims under each of these causes of action. The court will only determine equitable issues and relief after considering the jury's relevant findings on the legal issues and any applicable election of remedies. The jury will not otherwise be advisory on equitable issues. Any amount of damages arising under these claims, along with other issues and claims remaining in the case, will be determined in a later proceeding. Confining this trial to the liability issues on the legal claims defers expensive damages discovery and the need for expert damages testimony at the trial.[29]

---

[26] Docket Text Order, docket no. 203, filed June 23, 2014; Memorandum Decision and Order Re: Jury Trial on Derma Pen, LLC's 22nd and 24th Causes of Action and Part of Defendants' 1st Counterclaim Cause of Action, docket no. 207, filed June 24, 2014.

[27] Memorandum Decision and Order Re: Jury Trial on derma Pen, LLC's 22nd and 24th Causes of Action and Part of Defendants' 1st Counterclaim Cause of Action at 2-3, docket no. 207, filed June 24, 2014.

[28] *Id.* at 5, docket no. 207, filed June 24, 2014.

[29] *Id.* at 3, docket no. 207, filed June 24, 2014.

On July 1, 2014, Derma Pen filed the Motion to Modify, seeking to vacate the August 2014 jury trial setting, expand the scope of the issues to be tried to include all claims and defenses in the case, and obtain additional discovery on all claims and defenses.[30] On July 1, 2014, the court ordered expedited briefing[31] and set a hearing for July 11, 2014[32] regarding Derma Pen's Motion to Modify. On July 7, 2014, Defendants' filed their opposition.[33] On July 9, 2014, Derma Pen filed its reply.[34] Following the July 11, 2014 hearing, the court orally denied Derma Pen's Motion to Modify and directed 4EverYoung to draft this order.[35] Derma Pen moved for a stay and the court directed filing of a written motion to stay, which is pending.[36]

## Discussion

**Motion to Modify.** The court's concern throughout this case has been "the just, speedy, and inexpensive determination" of this action.[37] To that end, the court set a bifurcated trial on causes of action which are fundamental to the outcome of the rest of the case, and the parties' rights in the trademark and domain name. Then, the plan was modified to add related claims and

---

[30] Docket no. 227, filed July 1, 2014

[31] Docket Text Order, docket no. 228, filed July 1, 2014.

[32] Notice of Hearing on Motion, docket no. 229, filed July 1, 2014.

[33] Defendants' Opposition to Plaintiff's Motion to Modify June 24, 2014 Order (Doc. 207) (and Related Scheduling and Discovery Orders) and for Expedited Oral Argument, docket no. 254, filed July 7, 2014.

[34] Reply Memorandum in Support of Motion to Modify June 24, 2014 Order (Doc. 207) (and Related Scheduling and Discovery Orders) and for Expedited Oral Argument, docket no. 260, filed July 9, 2014.

[35] Minute Order, docket no. 264, filed July 11, 2014.

[36] Motion for Stay Pending Appeal of the Court's Scheduling and Discovery Orders, docket no. 268, filed July 14, 2014.

[37] Fed. R. Civ. P. 1.

preserve the right to jury findings on the causes of action which are bifurcated.[38] Case and jury management issues favor the bifurcated trial rather than lengthy injunction hearings followed by a full trial on all claims and issues in the case. Such a full trial would require two phases, first to determine the existence of the contract and any purchase rights, and then to determine the causes of action that depend on those rights. If two phases were not used, the jury would hear a massive amount of evidence and would then receive a complex conditional verdict form. This would be wasteful and possibly incomprehensible.

Derma Pen argues that all of its claims and defenses are so entwined that they must be tried in a single jury trial and cannot be bifurcated. This is not correct. The parties' conduct and statements post-contract formation are relevant to the fraudulent inducement claim insofar as they tend to prove an element of fraudulent inducement, but Derma Pen should not expect to present evidence on its entire complaint in an effort to create a general implication that some 4EverYoung is a bad actor. By way of illustration, the following timeline provides guidance regarding the events that may be relevant to the parties' claims and defenses at issue in August:

---

[38] Memorandum Decision and Order Re: Expedited Schedule on Rescission Claims and Trademark Rights and Staying All Other Issues in the Case, docket no. 155, filed May 15, 2014; Memorandum Decision and Order Outlining Issues For July 1, 2014 Proceedings (If Necessary), docket no. 178, filed June 2, 2014; Memorandum Decision and Order Re: Jury Trial on Derma Pen, LLC's 22nd and 24th Causes of Action and Part of Defendants' 1st Counterclaim Cause of Action, docket no. 207, filed June 24, 2014.



Fraudulent inducement pertains to representations made before the contract was signed. Specific performance of the post termination provisions in sections 12.2 and 14.6 pertains to actions after the contract was terminated. Derma Pen seems unable to conceive of a trial limited to the causes of action which arise before and after the parties' contractual performance. True, some facts related to these claims occurred in the contract performance period, but these are far fewer than the facts needed to try the dozens of other claims in the case. A jury trial as to all factual issues underlying the claims and defenses in the causes of action to be tried in August can be completed without prejudice to the claims which may remain in the case after the validity of the contract and eventual ownership of the trademark are determined.

Derma Pen claims that its unclean hands defense to the specific performance claim must necessarily embrace every fact underlying all its other claims. However, the *1-800 Contacts* and *Worthington* cases provide the guidance as to what evidence is relevant to this defense.[39] The inequitable conduct must be related to the cause of action in question. Thus, the conduct of 4EverYoung, particularly post-termination, related to Sections 12.2 and 14.6 of the Agreement

---

[39] *See Worthington v. Anderson*, 386 F.3d 1314, 1320 (10th Cir. 2004); *see also 1-800 Contacts, Inc. v. Memorial Eye, P.A.*, No. 2:08-CV-983 TS, 2010 WL 5149269, at *2 (D. Utah Dec. 13, 2010).

(which relate to the purchase of the Trademark and Domain Name) is likely relevant.  However, 4EverYoung's general pre-formation and pre-termination conduct is probably not relevant.

Derma Pen's Seventh Amendment rights are not compromised but are in fact affirmed by the June 24, 2014 order.[40]  The right to a jury trial on underlying findings has been preserved, including because a jury's findings on the legal issues in these causes of action will precede the court's ruling on the equitable issues in these causes of action.[41]  Review of the parties' summaries of claims and defenses[42] shows that the parties and court will be able to structure the instructions and the proceeding so that the Seventh Amendment rights of the parties are preserved.

Derma Pen raised the issues of inconvenience and accommodation of schedules.  However, any inconvenience is shared by the other parties, counsel, and court, and does not justify the relief requested by Derma Pen.  The preliminary injunction hearings would be equally inconvenient and less productive than trial on these claims.

4EverYoung raised several other arguments in opposition to Derma Pen's Motion to Modify:  that Derma Pen's arguments in support of modification have been waived; that these issues have already been ruled on by the court; that Derma Pen's motives for modification of the current jury trial setting are suspect; and that the court should not defer consideration and ruling

---

[40] Memorandum Decision and Order Re: Jury Trial on Derma Pen, LLC's 22nd and 24th Causes of Action and Part of Defendants' 1st Counterclaim Cause of Action, docket no. 207, filed June 24, 2014.

[41] *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170-71 (9th Cir. 1989).

[42] Defendants' Summary of Claims and Defenses for August 2014 Trial, docket no. 261, filed July 10, 2014; Plaintiff's Summary of Claims and Defenses for August 2014 Trial and Objections to Defendants' Summary of Claims and Defenses, docket no. 262, filed July 10, 2014.

on Defendants' motion for temporary restraining order.[43] While there is likely merit to those arguments, it is unnecessary to reach them in this ruling.

**Dispositive Motions.** By agreement of the parties at the hearing, the deadline for the parties' responses to the previously-filed dispositive motions is modified from July 14, 2014 at noon to July 16, 2014 by 5:00 p.m. and the deadline for the parties' replies in support of the previously-filed dispositive motions is modified from July 18, 2014 to July 22, 2014 by 5:00 p.m.

**Motions in Limine.** Motions in limine will be due Monday, July 28, 2014, at 2:00 p.m. Responses will be due July 31, 2014, at 2:00 p.m. In accordance with the court's standard practice, a separate motion must be filed for each preliminary ruling sought. Each motion must specifically identify the relief sought, and must be accompanied by a memorandum of law and a proposed order. No memorandum in support of, or in opposition to, a motion may be longer than three (3) pages in length.

### ORDER

For the reasons set forth above Derma Pen's Motion to Modify is DENIED.

DATED this 18th day of July, 2014.

BY THE COURT

_/s/ David Nuffer_
Judge David Nuffer
United States District Judge

---

[43] Defendants' Opposition to Plaintiff's Motion to Modify June 24, 2014 Order (Doc. 207) (and Related Scheduling and Discovery Orders) and for Expedited Oral Argument at 7, 12-19, docket no. 254, filed July 7, 2014.