IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC, <br><br> Plaintiff, <br> v. <br><br> 4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO STAY** <br><br> Case No. 2:13-cv-00729-DN-EJF <br><br> District Judge David Nuffer |

Derma Pen, LLC (Derma Pen) has moved[1] to stay the court's order[2] denying its motion to modify the schedule related to a trial set in August of three causes of action in this case. The effect of staying such an order would be to leave the existing schedule in place, so it is unclear what effect a stay would have. But, the motion for stay is DENIED.

## DISCUSSION

Stay of an order pending appeal requires a showing of "(1) a strong likelihood of success on the merits; (2) a threat of irreparable injury absent a stay; (3) no danger of substantial injury to the other parties if the stay is granted; and (4) issuance of a stay is not contrary to the public interest."[3]

---

[1] Motion for Stay Pending Appeal of the Court's Scheduling and Discovery Orders, docket no. 268, filed July 14, 2014.

[2] Memorandum Decision and Order Denying Motion to Modify Scope and Dates of August 2014 Trial, docket no. 287, filed July 18, 2014.

[3] *U.S. v. Various Tracts of Land in Muskogee and Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996).

**Likelihood of Success**

The issues presented by DermaPen have been carefully examined after full briefing and a lengthy hearing and rejected. The decision to proceed with this trial of some issues was made after the parties each presented motions for preliminary injunctions in this complex case with threshold issues that will help clarify all others. The decision to proceed with a jury trial on two issues was made only after a prior process carefully examining the need for jury trial of relevant legal issues. The court has been well advised, and the decision about case management and scheduling is not likely to be disturbed. Beyond the significant procedural hurdles pointed out by 4EverYoung,[4]

**Balance of Injury to the Parties**

Both parties moved for preliminary injunctions and seem anxious to receive immediate relief alleging irreparable harm will result from delay. But Derma Pen seeks to try the entire case rather than the preliminary issues of contract validity and rights in the trademark and domain name that are the center of the other disputes. For reasons thoroughly considered, there will be no harm but great benefit to both parties by finding out what their rights are. Delay of the trial now set in August and expansion to include all the claims in the case and full discovery on these claims will cost the parties time and expense that may well be avoided. At the very least, the parties future efforts will be focused after they know if they had a valid agreement and whether 4EverYoung has any rights to purchase the trademark and domain name. No harm will accrue to any party by denial of a stay. Harm will accrue from modification of the schedule. But a stay will not accomplish that modification but merely leave an unresolved motion on the docket, with the current schedule unaffected.

---

[4] Opposition to Plaintiff's Motion for Stay Pending Appeal of the Court's Scheduling and Discovery Orders at 2-4, docket no. 280, filed July 16, 2014.

**Public Interest**

The public has an interest in the just, speedy and inexpensive resolution of this dispute.[5] Other cases await the court's attention. The eight days allocated to this trial will likely be unused by trials if this trial were continued. True, other motions may be resolved, but this opportunity to simplify the issues in a large and complex case, and give a jury eight days rather than eight weeks of work is in the public interest.

Each of the parties is quick to point out the market confusion and "bad acts" of the other because their rights are unascertained. The August trial will do a great deal to reduce customer confusion.

**ORDER**

IT IS HEREBY ORDERED that the motion to stay is DENIED.

Signed July 18, 2014.

                BY THE COURT

                _____
                District Judge David Nuffer

---

[5] Fed. R. Civ. P. 1.