IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>    Defendants. | **ORDER REGARDING AUGUST 2014 TRIAL** |
| 4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,<br><br>    Counterclaim Plaintiffs,<br><br>v.<br><br>DERMA PEN, LLC,<br><br>    Counterclaim Defendant. | Case No.: 2:13-CV-00729-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Trial is set August 11-21, 2014 on threshold claims:[1]

- Derma Pen's 22nd cause of action for fraudulent inducement;

- Defendants' 1st cause of action (limited to Derma Pen's obligations under the Agreement to tender the trademark and domain name for purchase); and

- DermaPen's 24th cause of action for a declaration that DermaPen has no obligation to tender the trademark.

---

[1] Memorandum Decision and Order Re: Jury Trial on Derma Pen, LLC's 22nd and 24th Causes of Action and Part of Defendants' 1st Counterclaim Cause of Action, docket no. 207, filed June 24, 2012.

At the pretrial held Tuesday August 5, 2014, the sequence and timing of trial was discussed. Following the input received, and after consideration of the various alternatives presented by counsel and the court,

**IT IS HEREBY ORDERED:**

**GENERAL SCHEDULE:** Trial will begin Monday August 11, 2014 at 9:00 a.m. and every day thereafter at 8:30 a.m. Counsel should appear at 8:00 a.m. every day of trial. The jury can expect to be excused about 2:00 or 2:30 p.m. daily. On some days, after the jury is excused, counsel and the court may remain for issues not involving the jury.

**SEQUENCE OF TRIAL:** Trial of a part of 4EverYoung's Breach of Contract claim will begin Monday, August 11th. In this segment of trial, 4EverYoung will proceed first, as plaintiff. This trial will only include 4EverYoung's claim that Derma Pen failed to fulfill its obligations under Sections 12.2 and 14.6 of the Sales Distribution Agreement, seeking damages and specific performance, which are not mutually exclusive. The jury will decide whether there has been a breach of contract, whether a material breach or failure of a pre-condition excuses Derma Pen's performance, and any other legal issues. The court may determine to take evidence of equitable defenses and evidence related to Derma Pen's Declaratory Judgment claim outside the presence of the jury. Evidence in this phase of the trial will be related to performance (or non-performance) of Sections 12.2 and 14.6.

Trial of liability on Derma Pen's Fraudulent Inducement claim will begin after the jury has returned its verdict on 4EverYoung's Breach of Contract Claim.

The sequence of proof will:

- ensure that only relevant evidence is considered by the jury in each phase of the trial;
- reduce confusion for the jury by the unitary presentation of very different claims;

- focus breach of contract proof into the post-termination phase of the parties' contractual relation, and fraudulent inducement proof into the pre-formation phase (for representations and reliance) and performance phase (for discovery of falsity); and

- provide efficiency and economy in proof because it will be easier for counsel to focus witness questioning and exhibit introductions, and easier for the court to determine objections to evidence if only one claim is tried at a time.

The procedure is less convenient for witnesses who may be called two times, but many witnesses are interested parties who would be present for most of the case, and some witnesses' testimony is presented by deposition.

**STATEMENT OF THE CASE:** Counsel should review the statement of the case to be read in jury selection and the separate statement to be read to the jury at the start of the breach of contract trial segment and suggest any changes by 3:00 p.m. Friday August 8, 2014.

**EXHIBITS:** At periodic points in the trial, the current exhibit list will be delivered to counsel so that they may verify the record of admitted exhibits. When the jury enters deliberation, a thumbdrive with all exhibits needs to be provided to the jury to view exhibits on a large screen monitor in the jury room. The computer used to show the exhibits has Acrobat Reader and no network connections of any kind. At that time, the jury should also receive a printed exhibit list which is redacted to remove reference to exhibits not admitted. Counsel should confer and may allocate the responsibility so that one party prepares the list and the other prepares the thumbdrive.

Signed August 6, 2014.

                                                    BY THE COURT

                                        _____
                                        District Judge David Nuffer

# STATEMENT OF THE CASE
### (to be read in jury selection)

This is a civil case brought by Derma Pen, LLC, which is the plaintiff and the counterclaim defendant, against 4EverYoung Limited and Stene Marshall, who are defendants. 4EverYoung is the counterclaim plaintiff. Derma Pen claims that in 2011 4EverYoung and Stene Marshall fraudulently induced Derma Pen to enter into a contract named the "Sales Distribution Agreement." 4EverYoung and Mr. Marshall deny liability and have asserted various defenses to Derma Pen's claim.

4EverYoung claims that Derma Pen has breached the Sales Distribution Agreement by not selling the DERMAPEN trademark and www.dermapen.com domain name to 4EverYoung. Derma Pen denies liability and has asserted various defenses to 4EverYoung's claim.

Derma Pen is a Delaware limited liability company, with its principal office in Utah. 4EverYoung is a private limited liability company organized under United Kingdom law, with its principal place of business in London, England. Stene Marshall is an Australian citizen who controls 4EverYoung.

# STATEMENT OF THE CASE
## (to be read at start of breach of contract trial phase)

In this part of the trial, you will consider and decide whether, as 4EverYoung claims, Derma Pen has breached the Sales Distribution Agreement entered into in 2011 and terminated in 2013. You will examine specific provisions of that agreement and hear evidence regarding the DERMAPEN trademark and www.dermapen.com domain name.

4EverYoung claims Derma Pen was obligated to sell the DERMAPEN trademark and www.dermapen.com domain name after the Sales Distribution Agreement terminated in 2013 and that Derma Pen breached the agreement provisions. Derma Pen denies liability and has asserted various defenses to 4EverYoung's claim.

Later phases of this and other trials will resolve other issues, but this claim of breach of contract and defenses to that claim are for your consideration in this phase of this trial.