IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING 324 DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED CUSTOMER CONFUSION AND ALLEGEDLY FALSE OR DISPARAGING STATEMENTS TO CUSTOMERS** |
| 4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,<br><br>　　　　Counterclaim Plaintiffs,<br><br>v.<br><br>DERMA PEN, LLC,<br><br>　　　　Counterclaim Defendant. | Case No.: 2:13-CV-00729-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

　　　　4EverYoung LTD ("4EverYoung") moved in limine to prohibit Plaintiff Derma Pen, LLC ("Derma Pen") from introducing evidence of alleged customer confusion and evidence of allegedly false and disparaging statements made by 4EverYoung and its representatives to their own customers and to prospective customers of Derma Pen, "including without limitation documentary evidence, deposition testimony, and trial testimony."[1]

---

[1] Defendants' Motion In Limine to Exclude Evidence of Alleged Customer Confusion and Allegedly False or Disparaging Statements to Customers and Memorandum in Support (Motion), docket no. 324, filed July 28, 2014.

Derma Pen resists, relying on the statement in a prior order that "the conduct of 4EverYoung, particularly post-termination, related to Sections 12.2 and 14.6 of the Agreement (which relate to the purchase of the Trademark and Domain Name) is likely relevant."[2] Derma Pen fails to note the sentence immediately following that one in the order: "However, 4EverYoung's **general** pre-formation and pre-termination conduct is probably not relevant."[3]

### The Conduct is Not Relevant to Sections 12.2 and 14.6

Derma Pen claims[4] that evidence of alleged customer confusion and allegedly false and disparaging statements made by 4EverYoung and its representatives to their own customers and to Derma Pen's prospective customers after termination of the contract is not the general conduct referenced in the second sentence of the prior order, but is conduct related to purchase of the Trademark and Domain Name under Sections 12.2 and 14.6 of the Agreement. Derma Pen argues:

> To be entitled to specific performance, 4EY must demonstrate that it has unconditionally tendered its obligations under 12.2 and 14.6 before demanding specific performance from Derma Pen. Defendants are not entitled to take the law in their own hands by using the Trademark rather than applying to a court of competent jurisdiction for remedy. Defendants' use of the Trademark without performing 4EY's obligation to purchase demonstrates that 4EY and unclean hands and is not entitled to specific performance. The resultant consumer confusion further is relevant and admissible under Rule 401 because it is evidence that makes 4EY's improper self-help and failure to unconditionally tender performance (a fact of consequence to the determination of 4EY's request for specific performance) more probable because it shows that 4EY is using "DERMAPEN" as a trademark in the United States without performing its obligation to purchase.[5]

---

[2] Memorandum Decision and Order Denying Plaintiff's Motion to Modify Scope and Dates of August 2014 Jury Trial at 10-11, docket no. 287 filed July 18, 2014

[3] *Id.* at 11 (emphasis added)..

[4] Plaintiff's Response in Opposition to Defendants' Motion in Limine to Exclude Evidence of Alleged Customer Confusion and Allegedly False or Disparaging Statements to Customers [Doc. 324] (Opposition) at 1, docket no. 350, filed July 31, 2014.

[5] *Id.* at 1-2.

This argument appears to be that competing in the market place is evidence of an intent inconsistent with the desire to purchase the Trademark and Domain Name. This is incorrect. And if it were somehow tangentially relevant, it should be excluded under Fed. R. Evid. 403.

Also, Derma Pen claims the evidence will be relevant on the valuation of the Trademark and Domain Name.

> The crux of Sections 12.2 and 14.6 is to determine a fair value of the Trademark and Domain Name prior to purchase. Defendants' comments to customers devalue the DERMAPEN brand in the United States, thus impeding Derma Pen's ability to obtain a fair valuation under Sections 12.2 and 14.6.[6]

Valuation, however, is not an issue at the August 2014 trial, and in any event this evidence of post-termination conduct cannot affect a valuation as of the date of termination.[7]

### Post Termination Customer Confusion is Not Relevant to the Fraudulent Inducement Claim

Derma Pen claims that "[e]vidence of customer confusion caused by Defendants' use of the Trademark and false or disparaging statements . . . is relevant to Derma Pen's fraudulent inducement claim because it is based, in part, upon Marshall and 4EY's brand exclusivity misrepresentations."[8] Even the later elaborations of this argument do nothing to clarify it, or the alleged connection of the post-termination customer confusion to pre-contractual representations. Customer confusion is not relevant to the fraudulent inducement claim.

---

[6] *Id.* at 3.

[7] The date of valuation is clearly the date the contract terminated.

[8] Opposition at 3.

**ORDER**

For the reasons set forth above 4EverYoung's motion[9] is GRANTED.

Dated August 6, 2014.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[9] Defendants' Motion In Limine to Exclude Evidence of Alleged Customer Confusion and Allegedly False or Disparaging Statements to Customers and Memorandum in Support (Motion), docket no. 324, filed July 28, 2014.