IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DERMA PEN, LLC,**<br><br>     Plaintiff,<br><br>v.<br><br>**4EVERYOUNG LTD., DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY. LTD. d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,**<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER** |
| **4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,**<br><br>     Counterclaim Plaintiffs,<br><br>v.<br><br>**DERMA PEN, LLC,**<br><br>     Counterclaim Defendant. | Case No.:  2:13-CV-00729-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Based upon Defendants' Motion for Temporary Restraining Order and Preliminary Injunction;[1] the December 23, 2014 telephonic conference; the prior orders, pleadings and papers on file; and for good cause shown, the Court hereby FINDS and ORDERS as follows:

Derma Pen, LLC ("Derma Pen") and 4EverYoung LTD ("4EverYoung") have disputes about the aftermath of a Distribution Agreement[2] they entered into in 2011, which terminated in

---

[1] Docket No. 141, dated May 2, 2014.

2013. 4EverYoung claims it has the right to purchase a trademark and domain name controlled by DermaPen. A two week jury trial on the most significant issues was set to begin August 11, 2014.

This litigation was interrupted by Derma Pen's bankruptcy filing on August 8, 2014.[3] The bankruptcy case was dismissed December 19, 2014, because it was not filed in good faith, on the finding that "the totality of the facts and circumstances of this case support a determination that Derma Pen's bankruptcy petition was filed as a litigation tactic, rather than as a good faith attempt to reorganize or preserve value for creditors."[4]  The bankruptcy court cited an email sent from an affiliate of Derma Pen based on a conversation with Derma Pen's chief executive officer, Jeremy Jones. The email stated that the Derma Pen "partners" were transferring Derma Pen assets, including the trademark.

> As a strategy in fighting this legal battle, the partners of Derma Pen, LLC formed a new company, Medmetics, LLC, and have transferred most of the assets of Derma Pen, LLC to this new entity, including the ownership of the trademark. But it has been their intention for some time to abandon the Derma Pen trademark and develop a new, uncontested trademark.[5]

The bankruptcy court concluded that "Derma Pen's petition is an attempt to disrupt the litigation process."[6] The bankruptcy filing did accomplish that result.

Today, in a telephone conference to discuss the impact of the bankruptcy dismissal, Derma Pen's bankruptcy counsel stated that a Confession of Judgment was filed in Utah State

---
(...continued)
[2] Sales Distribution Agreement [Sales Distribution Agreement], docket no. 25, filed October 10, 2013.

[3] *See In Re DermaPen, LLC,* Bankr., case No. 14-11894 (KJC), docket nos. 273 and 274, filed December 19, 2014.

[4] Memorandum at 17, docket no. 273, filed December 19, 2014, *In Re DermaPen, LLC,* Bankr., case No. 14-11894 (KJC).

[5] *Id.* at 2.

[6] *Id.* at 18.

Court yesterday, which was intended to result in surrender of the trademark and domain name, subjects of this action, to Michael Anderer ("Anderer"), a principal in and allegedly a secured creditor of Derma Pen. The Confession of Judgment[7] for nearly $800,000 recites that Anderer holds an Amendment to Security Promissory Note and Security Agreement dated August 7, 2014. In today's telephone conference, Derma Pen's counsel in this litigation stated that they were unaware of the Confession of Judgment or intended surrender. The surrender of Derma Pen's trademark and domain name to Anderer would interfere with the ability of this court to grant relief to 4EverYoung by alienating those assets.

1. On behalf of Derma Pen, Chad Milton signed the Distribution Agreement on July 28, 2011.[8]

2. On August 1 or 2, 2011, Marshall executed the Distribution Agreement on behalf of 4EverYoung.[9]

3. Section 11.1 of the Distribution Agreement[10] provides as follows:

11.0 Term and Termination
11.1 Term.
> The term of this Agreement shall be a two (2) year contract from the Effective Date of this Agreement. It will renew automatically in one (1) year intervals, except when notice of termination is provided by either party before 60 days of the next renewal date.

4. On May 30, 2013, Derma Pen sent notice, specifically invoking Section 11.1 of the Distribution Agreement:[11]

---

[7] *See* Confession of Judgment, filed December 22, 2014, *Michael E Anderer vs. Derma Pen LLC*, case number 140908635, Third District Court, State of Utah.

[8] Memorandum Decision and Order Granting 4EverYoung's 238 Motion for Partial Summary Judgment on Rescission [Rescission Summary Judgment] at 4, docket no. 397, filed August 4, 2014.

[9] *Id.* at 5.

[10] Sales Distribution Agreement § 11.

3

> Mr. Marshall,
> By this writing and pursuant to Section 11.1 of the Sales Distribution Agreement between Derma Pen LLC and 4Ever Young Limited, Derma Pen LLC hereby exercises its right to terminate the same Sales Distribution Agreement with such termination becoming effective immediately upon the expiration of the current term on August 1, 2013.

5.  The Distribution Agreement has been terminated. Derma Pen terminated it.[12]

6.  Part of 4EverYoung's claim for breach of contract[13] seeks specific performance and damages under Distribution Agreement Sections 12.2 and 14.6. These clauses provide 4EverYoung with certain rights to purchase the Derma Pen US trademark and the dermapen.com domain name after the Distribution Agreement terminated.

> As part of acknowledging the Distributors ownership of the Derma Pen Trademark in the US, The Distributor hereby acknowledges that should this distribution agreement be terminated in accordance with Section 11, the Distributor agrees to offer the Dermapen Trademark in the US for sale to 4EVER YOUNG and 4EVER YOUNG has the first right of refusal for such trademark. The Distributor and 4EVER YOUNG further agree that the value of the Dermapen US Trademark will be determined by independent auditors of which one will be appointed by both parties.
>
> Should a satisfactory agreement on the price of the Dermapen US Trademark not be obtained within 30 days from the appointment of each independent auditor, both the Distributor and 4EVER YOUNG agree that the value will be determined by the courts of the land that is governing this contract and their decision will be final and binding upon both parties.[14]
>
> As part of acknowledging the Distributors ownership of the DermaPen.com domain, The Distributor hereby acknowledges that should this distribution agreement be terminated in accordance with Section 11, the Distributor agrees to offer the Dermapen.com domain for sale to 4EVER YOUNG and 4EVER YOUNG has the first right of refusal for such domain. The Distributor and

---

(...continued)
[11] Rescission Summary Judgment at 6.

[12] *Id.* at 11.

[13] First Amended Counterclaim and Demand for Jury Trial, First Cause of Action ¶¶ 59-65 at 29-30, docket no. 215, filed June 26, 2014.

[14] Distribution Agreement § 12.2.

>4EVER YOUNG further agree that the value of the Dermapen.com domain will be determined by independent auditors of which one will be appointed by both parties.
>
>Should a satisfactory agreement on the price of the Dermapen.com domain not be obtained within 30 days from the appointment of each independent auditor, both the Distributor and 4EVER YOUNG agree that the value will be determined by the courts of the land that is governing this contract and their decision will be final and binding upon both parties.[15]

7. Derma Pen has consistently resisted 4EverYoung's exercise of its rights under Sections 12.2 and 14.6 of the Distribution Agreement.

8. The bankruptcy dismissal declares that the bankruptcy filing was a bad faith attempt to prevent adjudication in this case.

9. The Confession of Judgment is also an attempt to evade this adjudication process by placing the trademark beyond the reach of the court.

10. Derma Pen's counsel have filed motions to withdraw and claim they have been instructed not to take further action on behalf of Derma Pen, making further hearing before issuance of this order impossible in a time to prevent further attempts to transfer the properties that are the subject of this litigation.

11. Transfer of the domain name and trademark would interfere with the ability of this court, in the event that relief is found to be appropriate, to require Derma Pen to offer to sell the trademark and domain name to 4EverYoung in accordance with the Distribution Agreement,

---

[15] Distribution Agreement § 14.6.

**IT IS HEREBY ORDERED:**

1.      Defendants' Motion[16] for Temporary Restraining Order and Preliminary Injunction is GRANTED IN PART and RULING IS RESERVED on the balance of relief sought.

2.      Derma Pen, its officers, agents, servants, employees, and attorneys, and those acting in concert, with them (collectively, the "Enjoined Parties") shall not transfer the trademark and domain name.

3.      This temporary restraining order will remain in effect until the conclusion of the hearing on the Preliminary Injunction as to this relief, which is set to begin Tuesday January 6, 2015 at 9:00 a.m. Derma Pen's failure to appear through counsel at this hearing will result in entry of a preliminary injunction.

4.      This order shall dissolve unless Defendants post security in the amount of $10,000 on or before December 29, 2014. The court is not open for business until that time.

DATED this 23rd day of December, 2014.

BY THE COURT

_David Nuffer_ (signature)
David Nuffer
United States District Judge

---

[16] Docket No. 141, dated May 2, 2014.