IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DERMA PEN, LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**4EVERYOUNG LTD., DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY. LTD. d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,**<br><br>　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING 4EVERYOUNG'S 241 MOTION FOR PARTIAL SUMMARY JUDGMENT ON SPECIFIC PERFORMANCE AND GRANTING IN PART DEFENDANTS' 141 MOTION FOR PRELIMINARY INJUNCTION** |
| **4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,**<br><br>　　Counterclaim Plaintiffs,<br><br>v.<br><br>**DERMA PEN, LLC,**<br><br>　　Counterclaim Defendant. | Case No.: 2:13-CV-00729-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

　　This matter came before the Court for a preliminary injunction hearing on January 6, 2015. Plaintiff and Counterclaim Defendant Derma Pen, LLC ("Plaintiff" or "Derma Pen") was represented by Russell S. Walker and Reid W. Lambert of Woodbury & Kesler, P.C. Defendants and Counterclaim Plaintiffs 4EverYoung Limited ("4EverYoung") and Equipmed International Pty. Limited ("Equipmed") and Defendants Biosoft (Aust) ("Biosoft") and Stene Marshall ("Mr. Marshall") (collectively,

"4EverYoung") were represented by Christine T. Greenwood and Christopher M. Von Maack of Magleby & Greenwood, P.C.

## RELEVANT BACKGROUND

The following background is by no means exhaustive, but is relevant to the matters ruled upon at the January 6, 2015 hearing.

### Bifurcation and Stay

On May 2, 2014, 4EverYoung filed a motion for temporary restraining order and preliminary injunction ("Defendants' Injunction Motion"),[1] seeking, among other things, an order requiring Derma Pen to specifically perform on its post-termination obligations under the Sales Distribution Agreement, including its obligation to offer to 4EverYoung for purchase the Dermapen trademark in the United States (the "Trademark") and the www.dermapen.com domain name (the "Domain Name").[2]

On May 15, 2014, the Court bifurcated certain threshold claims related to Derma Pen's claim for rescission of the Sales Distribution Agreement and 4EverYoung's claim for specific performance of that agreement, and stayed the remaining claims and issues in the case.[3]

---

[1] Docket no. 141, filed May 2, 2014.

[2] *See id.* at v.

[3] Memorandum Decision and Order Re: Expedited Schedule on Rescission Claims and Trademark Rights and Staying All Other Issues in the Case, docket no. 155, filed May 15, 2014; *see also* Memorandum Decision and Order Re: Jury Trial on Derma Pen, LLC's 22nd and 24th Causes of Action and Part of Defendants' 1st Counterclaim Cause of Action, docket no. 207, filed June 26, 2014.

Between July 3 and 7, 2014, 4EverYoung filed motions for partial summary judgment on those threshold claims.[4] Prior to the January 6, 2015 hearing, 4EverYoung's motions for partial summary judgment, save 4EverYoung's motion for partial summary judgment on specific performance, were ruled upon.[5]

On the business day before the two-week jury trial scheduled to begin August 11, 2014, Derma Pen filed chapter 11 bankruptcy in Delaware.[6] Following the dismissal of Derma Pen's bankruptcy,[7] the Court set the jury trial on the remaining threshold issues for February 2–13, 2015.[8]

---

[4] *See* Defendants' Motion for Partial Summary Judgment on Rescission and Memorandum in Support, docket no. 238, filed July 3, 2014; 4EverYoung's Motion for Partial Summary Judgment on Plaintiff's Defenses to Specific Performance and Memorandum in Support, docket no. 240, filed July 3, 2014; Defendants' Motion for Partial Summary Judgment on Specific Performance and Memorandum in Support, docket no. 241, dated July 3, 2014; Defendants' Motion for Partial Summary Judgment on Fraudulent Inducement and Memorandum in Support, docket no. 244, filed under seal July 7, 2014.

[5] Memorandum Decision and Order Granting 4EverYoung's 238 Motion for Partial Summary Judgment on Rescission, docket no. 397, filed August 4, 2014; Memorandum Decision and Order Granting in Part and Denying in Part 4EverYoung's 244 Motion for Partial Summary Judgment on Fraudulent Inducement, docket no. 400, filed under seal August 4, 2014; Memorandum Decision and Order Granting 4EverYoung's 240 Motion for Partial Summary Judgment Directed Against Derma Pen LLC's Defenses to Specific Performance (the "Specific Performance Defenses Order"), docket no. 465, filed December 30, 2014.

[6] *See In Re DermaPen, LLC*, Case No. 14-11894 (KJC) (U.S.B.C. Del.); *see also* Notice of Filing of Bankruptcy and Automatic Stay Under 11 U.S.C. § 362, docket no. 422, filed August 8, 2014.

[7] *See* Notice of Dismissal of Bankruptcy Case and Request for Pretrial Conference, docket no. 448, filed December 19, 2014.

[8] Notice of Pretrial Status Conference and Trial, docket no. 452, filed December 23, 2014.

## The Temporary Restraining Order

As previously stated by the Court,

> [On December 23, 2014], in a telephone conference to discuss the impact of the bankruptcy dismissal, Derma Pen's bankruptcy counsel stated that a Confession of Judgment was filed in Utah State Court [on December 22, 2014], which was intended to result in surrender of the trademark and domain name, subjects of this action, to Michael Anderer ("Anderer"), a principal in and allegedly a secured creditor of Derma Pen.  The Confession of Judgment for nearly $800,000 recites that Anderer holds an Amendment to Security Promissory Note and Security Agreement dated August 7, 2014.  In [the December 23, 2014] telephone conference, Derma Pen's counsel in this litigation stated that they were unaware of the Confession of Judgment or intended surrender.  The surrender of Derma Pen's trademark and domain name to Anderer would interfere with the ability of this court to grant relief to 4EverYoung by alienating those assets.[9]

On December 23, 2014, the Court entered the Temporary Restraining Order,[10] ordering that "Derma Pen, its officers, agents, servants, employees, and attorneys, and those acting in concert, with them (collectively, the 'Enjoined Parties') shall not transfer the trademark and domain name."[11]  The Temporary Restraining Order includes language similar to that under Rule 65(d)(2)(c) of the Federal Rules of Civil Procedure,

---

[9] Memorandum Decision and Order Granting in Part Defendants' Motion for Temporary Restraining Order (the "Temporary Restraining Order") at 2-3 (internal footnote omitted), docket no. 451, dated December 23, 2014.

[10] *See generally id.*

[11] *Id.* at 6 ¶ 2.

reciting that the temporary restraining order binds "persons who are in active concert or in participation with" Derma Pen, which includes Anderer.[12]

The Court required 4EverYoung to post security of $10,000 related to the issuance of the Temporary Restraining Order.[13] 4EverYoung timely posted that security.[14] The Temporary Restraining Order also set a preliminary injunction hearing for January 6, 2015.[15]

### Withdrawal of Counsel for Derma Pen

On December 23, 2014, the pending motions to withdraw filed by Derma Pen's counsel were granted.[16] In granting those motions to withdraw, Derma Pen was required to appear through counsel "[o]n or before January 5, 2015, at 3:00 p.m." and was warned that its failure "to file a Notice of Substitution of Counsel or Notice of

---

[12] Fed. R. Civ. P. 65(d)(2). Derma Pen's counsel objected to this reference to Anderer. The reference was purposely retained.

[13] *See id.* at 6 ¶ 4.

[14] *See* Notice of Security Bond, docket no. 462, entered December 29, 2014; *see also* Notice of Posting of Security for Temporary Restraining Order, docket no. 463, filed December 29, 2014.

[15] *See* Temporary Restraining Order at 6 ¶ 3.

[16] Order on Motion for Withdrawal of Counsel (Nicholas L. Vescovo), docket no. 453, filed December 23, 2014; Order on Motion for Withdrawal of Counsel (Maia T. Woodhouse), docket no. 454, filed December 23, 2014; Order on Motion for Withdrawal of Counsel (Samuel F. Miller), docket no. 455, filed December 23, 2014; Order Granting Motion to Withdraw as Counsel (Peter Donaldson), docket no. 456, filed December 23, 2014; Order Granting Motion to Withdraw as Counsel (Ryan Pahnke), docket no. 457, filed December 23, 2014; Order Granting Motion to Withdraw as Counsel (Mark Gibb), docket no. 458, filed December 23, 2014 (collectively, the "Withdrawal Orders").

Appearance as set forth above, may . . . subject [it] to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[17]

On January 5, 2015, at 4:38 p.m. Russell S. Walker and Reid W. Lambert of Woodbury & Kesler filed a Notice of Limited Appearance.[18]  According to that notice, "[t]he scope of Woodbury & Kesler's appearance is limited to [the January 6, 2015] hearing.  Derma Pen, LLC remains responsible for all matters not specifically described in this notice."[19]

On January 7, 2015, an Order to Show Cause and Warning made it clear to Derma Pen that "it has failed to comply with the Orders and with the local rules of this Court.  Derma Pen's default and an order striking claims may be entered if this failure is not immediately cured."[20]  As of the date of this order, Derma Pen is not represented by counsel generally in this action.

### January 6, 2014 Hearing

Following the parties' argument and proffer of evidence during the January 6, 2015 hearing, the Court ruled from the bench,

---

[17] *See id.*

[18] Docket no. 467, filed January 5, 2015 ("Notice of Limited Appearance").

[19] *See id.* at 1-2.

[20] Docket no. 470 at 3, filed January 7, 2015.

- granting 4EverYoung's remaining outstanding motion for partial summary judgment on specific performance which established the likelihood of success issue on the motion for preliminary injunction;[21]

- confirming findings in the Temporary Restraining Order and granting in part 4EverYoung's request for a preliminary injunction;[22]

- making the restraints set forth in the Temporary Restraining Order[23] permanent in aid of an eventual full performance of Derma Pen's obligations under Sections 12.2 and 14.6 of the Sales Distribution Agreement;

- establishing procedures for implementation of 4EverYoung's specific performance remedy;

- inviting briefing on whether Anderer is subject to the specific performance remedy;

- vacating the trial set to begin February 2, 2015;

- deferring trial of any remaining threshold issues until the balance of the issues are tried;

- setting an evidentiary hearing to determine the value of the Trademark and Domain Name; and

- lifting any remaining stays.

## DISCUSSION

### Summary Judgment on Specific Performance

Summary judgment is granted on 4EverYoung's specific performance claim as there remain no genuine issues as to any material fact regarding Derma Pen's

---

[21] Defendants' Motion for Partial Summary Judgment on Specific Performance and Memorandum in Support, docket no. 241, filed July 3, 2014.

[22] Defendants' Injunction Motion.

[23] Docket no. 451, filed December 23, 2014.

obligation, pursuant to Sections 12.2 and 14.5 of the Sales Distribution Agreement,[24] to offer the Trademark and Domain Name. As discussed in the Specific Performance Defenses Order,[25] it is clear from the undisputed facts that Derma Pen terminated[26] the Sales Distribution Agreement. The language of Sections 12.2 and 14.6 of that Sale Distribution Agreement makes it clear that Derma Pen had the obligation to offer the Trademark and Domain Name to 4EverYoung for purchase and each party was required to appoint an independent auditor.[27] The record is clear that Derma Pen did not make an offer and did not timely appoint an auditor to value the Trademark and Domain Name. Sections 12.2 and 14.6 also contain the implied obligation that Derma Pen cooperate with the auditor appointed by 4EverYoung.[28] That, on the undisputed facts, was not done. In fact, Derma Pen repudiated the process by filing this suit and including a claim for a declaration that it had no obligations under Sections 12.2 and 14.6.[29]

---

[24] *See* Sales Distribution Agreement, docket no. 25, filed October 10, 2013.

[25] Docket no. 465, filed December 30, 2014.

[26] *See* Trial Exhibit ("TE") 16.

[27] *See id.* § 12.2.

[28] *See id.*

[29] *See* Complaint at 59 ¶ 331, docket no. 2, filed August 1, 2013; *see id.* at 64 Prayer for Relief ¶ Q.

### Vacatur of February 2015 Trial

Because summary judgment has been granted on the specific performance issues, the jury and bench trial set to begin February 2, 2015 is vacated. Adjudication of the remaining aspects of (a) Derma Pen's fraudulent inducement claim (*i.e.*, liability premised upon Mr. Marshall's alleged representations regarding the scope of the patent protection for the Dermapen device), and (b) 4EverYoung's breach of contract claims, which had been set for trial beginning February 2, 2015, and any damages flowing therefrom (which had already been deferred to later trial with the many other claims of the parties) will be deferred until the balance of the issues are tried.

### Specific Performance Process

Specific performance of Sections 12.2 and 14.6 is not a single event, but a process, due to the stages of activity outlined in each section. The Specific Performance Defenses Order outlined, in construing the sections, the process to follow.[30] The specific performance process in its various phases will be supervised by this Court. First of all, it appears that at this point both of the parties have a valuation which they claim will apply to the process. Those valuations should be exchanged within a reasonable time. Because the Sales Distribution Agreement does not specify a time, that reasonable time will be seven days from January 6, 2015, which is January 13, 2015.

---

[30] Specific Performance Defenses Order at 5–12.

Second, there must be time for an agreement on the valuation. This time extends 30 days from appointment of the auditors, and that time has long past. A reasonable time for any agreement will extend to January 27, 2015, two weeks after the exchange of reports.

If no agreement on price is reached, valuation must occur. The Sales Distribution Agreement states "that the value will be determined by the courts of the land that is governing this contract."[31] Section 17.7 (Governing Law) of the Sales Distribution Agreement contemplates the United Kingdom as the land governing that contract.[32] These provisions have been at issue many times in the case.

As trial on important issues approached in August 2014 an order declaring choice of law for the proceeding stated that Utah law will govern the breach of contract claims and fraudulent inducement claims.[33] Thus, Utah is "the land that is governing [the Sales Distribution Agreement]," and this Court is the "court[] of the land that is governing this contract."[34] For that reason, valuation is proper here under Section 17.7.

---

[31] Sales Distribution Agreement §§ 12.2, 14.6.

[32] *Id.* § 17.7 ("This Agreement shall be construed in accordance with the laws of the United Kingdom. This Venue Agreement shall be enforced in London, United Kingdom.").

[33] Memorandum Decision and Order Re: Choice of Law for August 2014 Proceedings at 7, docket no. 213, filed June 26, 2014.

[34] Sales Distribution Agreement §§ 12.2, 14.6.

The case was initially stayed to allow proceedings in the United Kingdom.[35] At that time, 4EverYoung argued that venue in the United Kingdom was proper.[36] Derma Pen resisted these arguments: "The District of Utah is the proper venue for Derma Pen's claims."[37] "The choice of law clause in the agreement does not apply here."[38]

After 4EverYoung's efforts to litigate in the United Kingdom revealed how challenging and expensive that would be,[39] 4EverYoung sought relief from the stay, abdicating its prior insistence on litigation in London. "Defendants hereby waive, knowingly and voluntarily, their rights under the forum selection and choice of law provisions of the Agreement. . . ."[40] But Derma Pen then changed its position to contend that the United Kingdom was the proper forum.[41]

---

[35] Memorandum Decision and Order Partially Staying Case, docket no. 89, filed November 20, 2013.

[36] [4EverYoung's] Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction at 5, docket no. 48, filed October 19, 2013.

[37] Plaintiff Derma Pen, LLC's Reply in Support of Motion for Temporary Restraining Order and Preliminary Injunction at 18, docket no. 57, filed October 23, 2013.

[38] *Id.* at 20.

[39] Defendants' Motion to Lift Stay, Memorandum in Support, and Request for Scheduling Conference at 2, docket no. 103, filed March 13, 2014.

[40] *Id.* at 4.

[41] Plaintiff's Response to Defendants' Motion to Lift Stay at 12-13, docket no. 104, filed March 31, 2014.

The prior attempt to initiate proceedings in the United Kingdom was frustrated, and both parties waived venue for the contract issues so that this case could proceed.[42] Derma Pen limited its waiver to exclude the valuation provisions. But the frustration 4EverYoung confronted makes the United Kingdom valuation requirement seem impossible to perform. No good reason has been presented to require United Kingdom valuation, other than strict compliance with the letter of a contract which has already been modified as to all other venue requirements.

There are other reasons that the valuation should occur in this court. Derma Pen filed bankruptcy to stop this case. The bankruptcy court dismissed Derma Pen's filings with a declaration that Derma Pen was not acting in good faith:

> The bankruptcy filing is an improper attempt by the Debtor to re-start the contract and trademark battle with the Movants in a new court. Rather than filing to assuage operational difficulties and financial stress caused by the trademark dispute, Derma Pen's petition is an attempt to disrupt the litigation process. The Debtor has failed to meet its burden that its chapter 11 petition was filed in good faith.[43]

Derma Pen's change of heart on venue—from filing in this court, to repudiating this court—and bankruptcy filing, followed by transfer of the assets at issue evidences Derma Pen's determination to frustrate 4EverYoung's rights of purchase. Requiring valuation to occur in the United Kingdom, which has been shown to be so difficult and expensive that the parties decided to return to this

---

[42] Transcript of Proceedings April 17, 2014 at 24:4-25:3, docket no. 111, filed April 24, 2014.

[43] Memorandum, *In re Derma Pen, LLC,* at 18, Case No 14-11894 (KJC), (U.S.B.C. Del. December 19, 2014.*)*

venue, would aid Derma Pen's strategy. Derma Pen raised a textbook litany of defenses to the specific performance claim as well as unreasonable construction of the provisions of Sections 12.2 and 14.6. These were all rejected by the Specific Performance Defenses Order. Derma Pen's insistence on valuation in the United Kingdom, when it has repudiated the entire offer process and taken no steps toward that valuation, is merely obstructive.

Notwithstanding vacatur of the jury trial, the February 2–13, 2015 setting will be preserved as an evidentiary hearing as part of the further specific performance proceedings. At that hearing, valuation of the Trademark and Domain Name will be determined, and the court will consider the time in which 4EverYoung must declare its intention to proceed with the purchase, and make payment.

After the Court determines the valuation, if 4EverYoung exercises its rights to purchase the Trademark and Domain Name, 4EverYoung will pay the determined sum into court because there are many other issues to be resolved between the parties, and it would be improvident to disburse so significant of a sum when substantial monetary claims remain between the parties. Derma Pen claims to be insolvent and without assets.

If Derma Pen makes a filing, on or before January 20, 2014, continuing its objection to valuation occurring in this court, the Court will consider placing the valuation amount, if paid, under the control of the court, to be released to Derma Pen only after termination of the other claims in this case, and after completion of a United Kingdom

valuation action.  Transfer of the Trademark and Domain Name will likely not be delayed, since 4EverYoung will have made full performance.

### Derma Pen's Purported Transfer of the Subject Matter of this Action

Additional facts related to the Confession of Judgment[44] and Assignment[45] were established at the January 6, 2015 hearing.  Previously, the Court had what it would characterize as fairly anecdotal evidence that transfer steps had occurred.  It had the Confession of Judgment and an unauthenticated copy of the Assignment.  Derma Pan has now acknowledged that those transfer steps have actually occurred, and, in fact, the Assignment has been filed at the U.S. Patent and Trademark Office.

While the Court has no doubt about its ability to order Derma Pen to comply with its orders and directives, the parties shall submit briefs on or before January 20, 2015, regarding the Court's ability to order specific performance that would require Anderer to surrender or make conveyance of the Trademark and Domain Name.  The Court strongly advises 4EverYoung to bring Anderer into this case because of the concerns it has about granting comprehensive complete relief.

The transfer to Anderer also brings into doubt Derma Pen's entitlement to relief under its motion for temporary restraining order and preliminary injunction.[46]  For that

---

[44] Docket no. 460-1, lodged December 24, 2014.

[45] Docket no. 460-2, lodged December 24, 2014.

[46] Plaintiff Derma Pen, LLC's Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated memorandum of Law, docket no. 11, filed October 9, 2013.

reason, an Order to Show Cause was issued January 7, 2015.[47] The issues raised in that order may mean that Derma Pen brings Anderer into this case.

## Lifting of Stays

Any stays that are operative in this case are lifted. At the end of the hearing commencing on February 2, 2015, a status conference will be held to determine what further scheduling should be set, including trial on the remaining claims.

## Default of Withdrawal Orders

By reason of their limited appearances,[48] which is authorized by the rules of this Court, Woodbury & Kesler ceased to be counsel for Derma Pen at the conclusion of review of the draft order from the January 6, 2015 hearing. Derma Pen is presently without counsel and is in default of the Court's orders requiring Derma Pen to appear through counsel by January 5, 2015, at 3:00 p.m.[49]

---

[47] Order to Show Cause and Warning, docket no. 470, filed January 7, 2015.

[48] Notice of Limited Appearance.

[49] Withdrawal Orders.

## ORDER

Based upon Defendants' Injunction Motion,[50] the January 6, 2015 hearing, the pleadings and papers on file with the Court, and for good cause shown, IT IS HEREBY ORDERED:

1. 4EverYoung's Motion for Partial Summary Judgment on Specific Performance is GRANTED.[51]

2. Defendants' Injunction Motion[52] is GRANTED IN PART. A preliminary injunction is entered as follows:

    a. Derma Pen, its officers, agents, servants, employees, and attorneys, and those acting in concert, with them (collectively, the "Enjoined Parties") shall not transfer the trademark and domain name to anyone other than 4EverYoung;

    b. This preliminary injunction will remain in effect until otherwise ordered by the Court; and

    c. 4EverYoung is not required to post additional security for the issuance of this preliminary injunction.

3. Derma Pen and 4EverYoung shall exchange their valuations of the Trademark and Domain Name on or before January 13, 2015.

4. The jury and bench trial set to begin February 2, 2015 is VACATED.

---

[50] Docket no. 141.

[51] Defendants' Motion for Partial Summary Judgment on Specific Performance and Memorandum in Support, docket no. 241, dated July 3, 2014.

[52] *Id.*

16

5. The Court will hold an evidentiary hearing to determine the value of the Trademark and Domain Name, which hearing is set for February 2-13, 2015, beginning each day at 9:00 a.m.

6. On or before January 20, 2015, the parties shall submit briefs regarding the Court's ability to order specific performance that would require Anderer to surrender or make conveyance of the Trademark and Domain Name.

7. 4EverYoung is granted leave to file an amended pleading to, among other things, make Anderer a party to this action.

8. All existing stays of claims or issues in this case are lifted.

Dated January 12, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge