IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>4EVERYOUNG LIMITED d/b/a DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>　　　　　　　　　Defendants. | **ORDER NARROWING ISSUES ON MOTION TO VACATE**<br><br>Case No.:  2:13-CV-00729-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |
| 4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,<br><br>　　Counterclaim Plaintiffs,<br>v.<br><br>DERMA PEN, LLC,<br><br>　　Counterclaim Defendant. | |
| 4EVERYOUNG LTD.,<br><br>　　Third-Party Plaintiff,<br>v.<br><br>MICHAEL E. ANDERER, JEREMY JONES, MICHAEL J. MORGAN, CHAD MILTON, MEDMETICS, LLC, a Delaware limited liability company, and JONES DOES 1-25,<br><br>　　Counterclaim Defendant. | |

On Thursday, January 29, 2015, Plaintiff, Derma Pen, filed a motion to continue the valuation hearing[1] ("Motion") which was set for hearing the following Monday, February 2, 2015. The hearing has now been delayed to Friday, February 6, 2015. Some of the arguments Derma Pen presents as to why the valuation hearing should be postponed are without merit. Some of this is due to the recent appearance of Derma Pen's new counsel, after several other counsel handled the case previously, and his unfamiliarity with the case history. Response and reply to the Motion are due early next week. Because of the press of time, and the already great burden imposed on the parties due to the many pending issues in this case, this Order seeks to conserve time and resources by narrowing the issues to those that are relevant to the court's consideration of the present motion.

Several arguments Derma Pen raises are unavailing.

**Derma Pen contends that Sections 12.2 and 14.6 of the Sales Distribution Agreement contemplate an arbitration of the final sales price.**[2] The language of Sections 12.2 and 14.6 are clear and unambiguous, and neither section contemplates arbitration.[3]

**Derma Pen states that the Sale Distribution Agreement requires that the independent auditors *adjudicate* the final and binding sales price.**[4] This argument is unavailing. The clear language of the Sale Distribution Agreement indicates that an agreement must be obtained within 30 days from the appointment of the auditors. There is no mention of adjudication by the auditors.

---

[1] Due Process Objection to Scheduling of Valuation Hearing and Expedited Motion to Continue Valuation Hearing and Memorandum, docket no. 532, filed January 29, 2015.

[2] Motion at 13–15.

[3] *See* Memorandum Decision and Order Granting 4EverYoung's 240 Motion for Partial Summary Judgment Directed Against Derma Pen LLC's Defenses to Specific Performance at 5–12 ("MSJ on Derma Pen's Defenses"), docket no. 465, filed December 30, 2014 (providing a thorough and detailed construction of Sections 12.2 and 14.6).

[4] Motion at 15.

**Derma Pen attempts to make a distinction between the independent auditors during the non-judicial valuation phase and the expert witnesses for the judicial valuation phase.** No such distinction is stated in the Sales Distribution Agreement. The short time frames in Sections 12.2 and 14.6 of the Sales Distribution Agreement would not contemplate this separation. There is no reason for the court valuation to proceed with different valuators than those originally designated. Derma Pen's argument would defeat the intended efficient, quick process.

**Derma Pen argues that the temporary restraining order ("TRO") issued on December 24, 2014[5], restraining Derma Pen from transferring the Trademark and Domain Name, was *sua sponte and* violated Derma Pen's due process rights**.[6] The TRO was issued based on a long filed, fully briefed motion, and granted a small subset of the relief requested. Derma Pen's counsel was present during the telephone conference, and made no objection to the issuance of the TRO. Furthermore, 4EverYoung's counsel was ordered to prepare a proposed order for the TRO, which was circulated for review to Derma Pen's counsel, who remained in the case for that purpose, and no objections were made.

**Derma Pen also argues that its due process rights were violated because the court held "a spontaneous hearing on the 241 Motion for partial summary judgment** on the question of specific performance without giving Derma Pen advance notice and an adequate opportunity to prepare therefore and be heard thereon as to what specific performance would mean."[7] The issue of specific performance was fully briefed by the end of July, 2014. No hearing

---

[5] The TRO was issued on December 23, 2014. *See* docket nos. 450 and 451.

[6] Motion at 18–19.

[7] *Id.* at 20.

was required.[8] The companion motion on defenses to specific performance was decided December 30, 2014.[9] After that decision, nothing remained of the motion for partial summary judgment of specific performance. This was made clear in the brief discussion on January 6, 2014. The substance of the pending partial summary judgment motion was not discussed. Derma Pen's counsel engaged without objection in the discussion.

**Michael Anderer's lien interest, if any, will not affect the value of the two assets subject of the valuation hearing**. The existence of a lien does not affect the *value* of an asset—it affects the *net value* of the asset.

**There is no supported reason to delay the valuation hearing, or to allow appointment of a new auditor, creation of a new report, or deposition of 4EverYoung's Auditor.** Derma Pen requests, among other things, that the valuation hearing be continued to such a time that its counsel has a meaningful opportunity to prepare and be heard.[10] This is a single issue hearing and the valuation reports have been exchanged. No additional time is needed.

Derma Pen states that the court should "allow Derma Pen an adequate amount of time to retain [an] expert witness,"[11] "allow Derma Pen to conduct discovery before any hearing, in particular to take the deposition of 4E[ver]Y[oung]'s expert first,"[12] and "provide at least 30 days after . . . the independent auditors are retained to allow the parties to reach a mutually agreeable price before the Court steps in to determine the possible sales price[.]"[13]

---

[8] *See* DUCivR 7–1(f).

[9] *See* MSJ on Derma Pen's Defenses.

[10] Motion at 20, 26.

[11] *Id.* at 20.

[12] *Id.*

[13] *Id.*

Last year Derma Pen retained an auditor and received a draft valuation report. 4EverYoung's retained auditor also produced a report. Derma Pen says it did not pay for the final valuation report and cannot obtain services of the auditor. Derma Pen's own failure to pay the retained auditor does not create a due process violation. Derma Pen is now requesting the opportunity to retain a second auditor, and receive a new valuation report. This request is inconsistent with the terms of Sections 12.2 and 14.6 of the Sales Distribution Agreement. It would be prejudicial to 4EverYoung because Derma Pen now has access to 4EverYoung's valuation report.

Moreover, Derma Pen has made no effort to demonstrate that it has retained a new auditor ready to produce a new valuation report within a very short time frame.[14] Derma Pen has no property or means to retain an auditor. All of its assets are subject to an execution levy.

The February 2, 2015 date of the valuation hearing was announced on January 6, 2015.[15] The parties were given a week for exchange of reports and two weeks after the exchange of reports to agree on the value of the assets.[16] In light of the long conflict between the parties, further time for agreement would be futile. Derma Pen made no motion during that time, but waited until two business days before the scheduled hearing without a demonstration that delay would make a difference.

The request for a deposition of the valuator is denied without demonstration that Derma Pen would permit similar discovery to 4EverYoung.

---

[14] The parties had previously been given two weeks after the exchange of reports to agree on the value of the assets. *See* Memorandum decision and Order Granting 4EverYoung's 241 Motion for Partial Summary Judgment on Specific Performance and Granting in Part Defendants' 141 Motion for Preliminary Injunction at 10, docket no. 476, January 12, 2015.

[15] Docket no. 473.

[16] *See* Memorandum decision and Order Granting 4EverYoung's 241 Motion for Partial Summary Judgment on Specific Performance and Granting in Part Defendants' 141 Motion for Preliminary Injunction at 10, docket no. 476, January 12, 2015.

Derma Pen presents other arguments in its Motion that are not discussed in the present Order. 4EverYoung shall address the remaining arguments in its response.

Dated January 30, 2015.

BY THE COURT:

David Nuffer
United States District Judge