IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>    Plaintiff,<br>v.<br><br>4EVERYOUNG LIMITED d/b/a DERMAPENWORLD, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [560] EMERGENCY MOTION TO VACATE**<br><br>Case No.:  2:13-CV-00729-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |
| 4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,<br><br>    Counterclaim Plaintiffs,<br>v.<br><br>DERMA PEN, LLC,<br><br>    Counterclaim Defendant. | |

Derma Pen, LLC's Emergency Motion to Vacate Non Jury Valuation Hearing,[1] filed this afternoon, is DENIED. The valuation hearing is set today, February 6, 2015, at 9:00 a.m.[2] Notice of the hearing was first given January 6, 2015.[3] The valuation hearing is in furtherance of the summary judgment order granting specific performance of two sections of the Sales

---

[1] Docket no. 560, filed February 5, 2015. Several additional reasons for denying the Derma Pen motion are well stated in 4EverYoung's Opposition to Emergency Motion to Vacate Jury Valuation Hearing . . ., docket no. 564, filed February 5, 2015.

[2] Minute entry, docket no. 533, filed January 29, 2015.

[3] Minute entry, docket no. 473, filed January 6, 2015.

Distribution Agreement between the parties.[4] Those sections deal with sale to 4EverYoung LTD. of a trademark and domain name owned by Derma Pen, LLC ("Derma Pen").

Valuation of the trademark and domain name is part of the specific performance process and is unrelated to any other cause of action. Therefore, this circumstance is unlike that which resulted in jury trial setting of the breach of contract claim and fraudulent inducement claim earlier in this case. And this circumstance is different than that in D*airy Queen, Inc. v. Wood*,[5] where the Supreme Court concluded "that the district judge erred in refusing to grant petitioner's demand for a trial by jury on the factual issues related to the question of whether there has been a breach of contract" which were common with those [in] respondents' claim to equitable relief . . . ."[6] Derma Pen has not asserted that the valuation of the trademark and domain name is common to any other issue in this case.

Derma Pen cites *Fischer Imaging Corp. v. General Electric Co*.[7] which has the correct analytical framework. In *Fischer*,

> [t]h[e] dispute arose from a purchase agreement between Plaintiff Fischer Imaging Corporation ("Fischer") and Defendant General Electric Company ("GE") for the manufacture and purchase of medical imaging devices called Tilt C units. Fischer brought th[e] diversity action in federal district court, seeking a declaratory judgment to determine a reasonable price for the Tilt C units. GE filed a counterclaim seeking specific performance of the production requirements contained in the purchase agreement.[8]

---

[4] Minute entry, docket no. 473, filed January 6, 2015. *See also* Memorandum Decision and Order Granting 4EverYoung's 241 Motion for Partial Summary Judgment on Specific Performance . . . , docket no. 476, filed January 12, 2015.

[5] 369 U.S. 469 (1962).

[6] *Id.* at 480.

[7] 187 F.3d 1165 (10th Cir 1999).

[8] *Id.* at 1167 (citation omitted).

Because the initial term of the agreement had expired, the court had to determine the purchase price in the declaratory action.

> To resolve whether the right of trial by jury attaches to a particular cause of action, we apply a two-step analysis. First, we determine whether the cause of action was tried at law in 1791, or is analogous to such a cause of action. . . . Second, '[i]f the action in question belongs in the law category, we then ask whether the particular trial decision must fall to the jury in order to preserve the substance of the common law right as it existed in 1791.'[9]

Application of the *Fischer* analysis shows that Derma Pen has no right to jury determination of valuation. In 1791, "an action claiming a right to specific performance of a contract was tried to a judge."[10] "Specific performance is an equitable remedy. There is no jury in a case for an equitable remedy. Thus, [Derma Pen] is not entitled to a jury trial."[11]

Dated February 6, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[9] *Id.* at 1168 (citation and quotations omitted).

[10] *Burlington N. R. Co. v. Nebraska Pub. Power Dist.*, 931 F. Supp. 1470, 1481 (D. Neb. 1996).

[11] *Biscayne Cove Condo. Ass'n Inc. v. QBE Ins. Corp.*, No. 10-23728-CIV, 2013 WL 2646828, at *3 (S.D. Fla. June 12, 2013) (citations omitted).