IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>               Plaintiff,<br>v.<br><br>4EVERYOUNG LIMITED d/b/a DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [569]** *NUNC PRO TUNC* **MOTION**<br><br>Case No.:  2:13-CV-00729-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |
| 4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,<br><br>             Counterclaim Plaintiffs,<br>v.<br><br>DERMA PEN, LLC, MICHAEL E. ANDERER, JEREMY JONES, MICHAEL J. MORGAN, CHAD MILTON, MEDMETICS, LLC, a Delaware limited liability company, and JOHN DOES 1-25,<br><br>             Counterclaim Defendants. | |

       This order grants the Motion for Leave *Nunc Pro Tunc* to File Third Amended Complaint and Brief Regarding Propriety of Previous Filing of Third Amended Complaint ("*Nunc Pro Tunc* Motion").[1] The motion seeks to correct an erroneous designation of party status.

---

[1] Docket no. 569, filed February 6, 2015.

## BACKGROUND

### Motion to Amend Counterclaim and File Third Party Complaint

On January 12, 2015, Defendants and Counterclaim Plaintiffs 4EverYoung Ltd. ("4EverYoung") and Equipmed International Pty. Ltd. "(Equipmed") (collectively, "Counterclaim Plaintiffs") and Defendants Biosoft (Aust ) ("Biosoft") and Stene Marshall ("Marshall") (collectively, the "4EverYoung Parties") filed an *Ex Parte* Motion for Leave to Amend Counterclaim and for Leave to File Third-Party Complaint and Supporting Memorandum ("Motion for Leave to Amend").[2] The motion, filed pursuant to Rules 15(a)(2) and 14(a)(1) of the Federal Rules of Civil Procedure, sought leave to amend Counterclaim Plaintiffs' previously filed Counterclaim "to assert claims against Plaintiff and Counterclaim Defendant Derma Pen, LLC ("Derma Pen") for fraudulent transfer, unjust enrichment, and civil conspiracy."[3] Counterclaim Plaintiffs further sought "leave to file a Third-Party Complaint against related parties Michael E. Anderer ("Anderer"), Jeremy Jones ("Jones"), Michael J. Morgan ("Morgan"), Chad Milton ("Milton"), and MedMeditcs, LLC ("MedMetics") (collectively, "Third-Party Defendants")."[4]

Counterclaim Plaintiffs' Motion for Leave to Amend was taken under advisement and responses were ordered by January 20, 2015.[5] Derma Pen responded.[6] The motion was granted

---

[2] Docket no. 475, filed January 12, 2015.

[3] Motion for Leave to Amend at 2.

[4] *Id.*

[5] Docket Text Order, docket no. 477, filed January 13, 2015.

[6] Memorandum in Opposition to Ex Parte Motion for Leave to Amend Counterclaim . . . , docket no. 490, filed January 20, 2015.

on January 21, 2015.[7] That same day, Counterclaim Plaintiffs filed their Second Amended Counterclaim and Third-Party Complaint.[8]

### Third Amended Counterclaim

On February 3, 2015, without leave of court or consent, Counterclaim Plaintiffs filed a Third Amended Counterclaim and Demand for Jury Trial ("Third Amended Counterclaim").[9] The Third Amended Counterclaim reflects that Counterclaim Plaintiffs now plead against Anderer and the other Third-Party Defendants as *counterclaim defendants*, and not as third-party defendants.[10]

During a scheduled evidentiary hearing on February 4, 2015, the issue of Anderer's status and standing in the case was raised.[11] Simultaneous briefing on the issue was ordered.[12] On February 6, 2015, Anderer filed a Bench Memorandum on Status of Third Amended Counterclaim with Involuntary Counterclaim Defendants ("Bench Memo").[13]

### Motion for Leave *Nunc Pro Tunc*

Counterclaim Plaintiffs, on February 6, 2015, filed a Motion for Leave *Nunc Pro Tunc* to File Third Amended Complaint and Brief Regarding Propriety of Previous Filing of Third Amended Complaint ("*Nunc Pro Tunc* Motion").[14] Anderer, on February 8, 2015, filed a

---

[7] Docket text order 491.

[8] Docket no. 492 and docket no. 494, filed January 21, 2015. On January 21, 2015, the Counterclaim Plaintiffs' Emergency Motion for Alternative Service was granted, docket no. 504, and service on Anderer was effected by serving Anderer's counsel.

[9] Docket no. 547, filed February 2, 2015.

[10] *Id.* at 1–2.

[11] Minute Order docket no. 563, filed February 4, 2015.

[12] *Id.*

[13] Docket no. 568, field February 6, 2015.

[14] Docket no. 569, filed February 6, 2015.

response to the *Nunc Pro Tunc* Motion ("Anderer's Response").[15] Derma Pen was given the opportunity to file its response to the present issue by 4:00 p.m. on Tuesday, February 10, 2015. Derma Pen's response did not address the issue, but instead detailed its attorney's difficult situation in responding within such a short period of time.[16]

## SUMMARY OF POSITIONS

### *Anderer's Bench Memo*

Anderer argues that "[w]hile the Counterclaim Plaintiffs obtained leave to file the Second Amended Counterclaim and Third-Party Complaint, this does not give them leave to file the Third Amended Counterclaim."[17] Therefore, the Third Amended Counterclaim, according to Anderer, "has no legal effect because it was filed without leave or consent," as required by Rule 15.[18] He further contends that "the Third Amended Counterclaim is substantively different than the Second Amended Counterclaim and Third-Party Complaint."[19] "The Third Amended Counterclaim now asserts all ten causes of action against the putative Counterclaim Defendants; whereas the Second Amended Counterclaim and Third-Party Complaint asserted only seven of the ten causes of action against the putative Third-Party Defendants."[20] Anderer also argues that "Counterclaim Plaintiffs utterly failed to attempt to join . . . [him] under Rule 19 or Rule 20. Instead, Counterclaim Plaintiffs merely sought to amend their First Amended Counterclaim

---

[15] Docket no. 570, filed February 8, 2015.

[16] Objection to Court's Order Requiring Derma Pen to File its Opposition to Defendants' Motion for Leave Nunc Pro Tunc to file 3rd Amended Complaint by 4:00 p.m. at 3, docket no. 575, filed February 10, 2015. Derma Pen argued that it needs at least fourteen days to review the entire record and conduct the necessary research in order to properly present its argument of why the court "may not hear the supplemental claims being raised in the unauthorized amended third counterclaim." *Id.* at 3–4. For the reasons discussed below, there is no need for more time to dispose of the present issue.

[17] Bench Memo at 7.

[18] *Id.*.

[19] *Id.* at 8.

[20] *Id*.

under Rule 14 and Rule 15."[21] Anderer asserts that he has not been properly joined to this action, and "[a]t a minimum Counterclaim Plaintiffs must file a non-*ex parte*, non-emergency motion to join . . . [him] and specify whether they seek to join him under Rule 19, Rule 20, or some other applicable Rule."[22] After a proper motion is filed, Anderer contends that he "(along with any parties to this action or other non-parties sought to be joined through that motion) should then be given an opportunity to respond and be heard on that motion."[23] Specifically, "Anderer requests that the Court extend any deadlines for him to file an answer, response, or motion against the Third Amended Counterclaim and the Second Amended Counterclaim and Third-Party Complaint to twenty-one (21) days after this Court enters an order determining the legal effect, if any, of the Third Amended Counterclaim."[24]

### *The Nunc Pro Tunc Motion*

Several hours after Anderer filed his Bench Memo, Counterclaim Plaintiffs filed their *Nunc Pro Tunc* Motion, seeking to join Anderer and the other newly-added parties pursuant to F.R.C.P. Rule 19(a)(1)(A).[25] Counterclaim Plaintiffs argue that "[u]nder the expedited circumstances present in this case, and because there has been no delay or dilatory motive on the part of Counterclaim Plaintiffs, even if Counterclaim Plaintiffs should have sought leave prior to filing the Third Amended Counterclaim, leave should be granted now, *nunc pro tunc* to the actual filing date of February 23 [*sic*], 2015."[26] Counterclaim Plaintiffs contend that "*nunc pro

---

[21] *Id.* at 6.

[22] *Id.*

[23] *Id.* at 6–7.

[24] *Id.* at 9.

[25] Nunc Pro Tunc Motion at 9–10. Counterclaim Plaintiffs state that joinder is also warranted under F.R.C.P. Rule 19(b) and 20(b)(2)[*sic*].

[26] *Id.* at 6. Counterclaim Plaintiffs incorrectly state that the actual filing date was February *23*, 2015, but it was February *3,* 2015.

*tunc* leave to amend is warranted because there is no indication that Counterclaim Plaintiffs acted with bad faith or a dilatory motion."[27] "Further, there will be no prejudice to . . . counterclaim defendants, none of whom have yet been required to respond to the Third Amended counterclaim, and whose addition to this case is well warranted due to the newly-revealed evidence supporting claims of fraudulent transfer, alter ego, and related conduct. . . ."[28]

In support of their *nunc pro tunc* request, Counterclaim Plaintiffs cite to *Kuria v. Palisades Acquisition XVI, LLC*,[29] and *Lamoureux v. AnazaoHealth Corp.*.[30] In *Kuria*, the defendant moved to dismiss the second amended complaint because plaintiff Kuria failed to obtain either its consent or leave of court prior to amending the complaint. Kuria sought retroactive leave to file the second amended complaint on grounds that justice requires that leave be granted. The court granted Kuria's motion for leave to amend *nunc pro tunc* because there seemed to be no apparent bad faith, dilatory motive, undue prejudice to Defendant, or other sufficient cause to deny leave to amend. The court stated that "Kuria's second amended complaint changes none of the claims asserted, and it changes none of the legal theories under which plaintiff intends to proceed. Rather Kuria's amendments add additional factual information to support the allegations in the complaint. . . ."[31]

Similarly, in *Lamoureux*, defendant moved to strike plaintiffs' amended reply to defendant's amended counterclaim. Defendant argued that plaintiffs were required to seek leave of court before filing an amended pleading, which made substantive changes to their previous reply and added twelve new affirmative defenses. The court granted leave *nunc pro tunc* and

---

[27] *Id.* at 7.

[28] *Id.*

[29] 752 F. Supp. 2d 1293 (N.D. Ga. 2010).

[30] 250 F.R.D. 100, 103 (D. Conn. 2008).

[31] *Kuria*, 752 F.Supp.2d at 1298–99.

allowed plaintiffs' amended reply to the counterclaim, finding that the case was still in the pretrial stage; the amendments did not materially change the scope of litigation; and there was no showing by defendant of undue delay, bad faith or dilatory motive on the part of plaintiffs.

*Anderer's Response*

Anderer responded to Counterclaim Plaintiffs' *Nunc Pro Tunc* Motion, arguing that "[t]his extraordinary request seeks to rewrite history, which the Court cannot (and should not) do."[32] "If the Counterclaim Plaintiffs desire to amend their 'Second Amended Counterclaim, Third-Party Complaint, and Demand for Jury Trial' . . . and join Anderer as a counterclaim defendant, then they must comply with Rules 15, 19, and 20 and first seek leave of the Court to do so."[33] Anderer argues that "'[t]he only proper use of a *nunc pro tunc* order is to correct a mistake in the records; it cannot be used to rewrite history.' Further, the court's ability to grant *nunc pro tunc* relief 'does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose.'"[34] Anderer cites to several cases in support of his contention that *nunc pro tunc* relief is improper. The issues presented in Anderer's cited cases, however, are distinguishable from the present issue.[35]

---

[32] Anderer's Response at 1.

[33] *Id.*

[34] *Id.* at 2 (quoting *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) and *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000)).

[35] *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (declining to issue a mandate *nunc pro tunc*, which would retroactively bestow jurisdiction the district court); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("A lack of jurisdiction cannot be corrected by an order *nunc pro tunc*."); *Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 664 (7th Cir. 2012) (changing the records to show that the motion had been filed a day before its arrival is an improper use of the *nunc pro tunc* procedure); *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000) ("We decline to extend the circumstances in which a district court may exercise it jurisdiction and grant a motion to set aside a conviction retroactively under the FYCA to include those presented by this case."); *Fierro v. Reno*, 217 F.3d 1, 5 (1st Cir. 2000) (disregarding probate court's *nunc pro tunc* order to reclassify Plaintiff's 'legal custody' to be with his father in September 1, 1977); *Cairns v. Richardson*, 457 F.2d 1145, 1149 (10th Cir. 1972) (disregarding subsequent *nunc pro tunc* orders entered by state court purporting to destroy common-law marriage).

Anderer states that Counterclaim Plaintiffs' "expedited circumstances" excuse "is a self-serving fabrication."[36] "The Counterclaim Plaintiffs created these 'expedited circumstances' when they improperly included Anderer as a putative Third-Party Defendant in the Third-Party Complaint[,]"[37] and "they cannot now attempt to use this self-created emergency as an excuse for violating Rule 15."[38]

Anderer further notes that "Counterclaim Plaintiffs have no viable excuse for first improperly including Anderer as a putative Third-Party Defendant and then filing the Third Amended Counterclaim in violation of Rule 15."[39] "Counterclaim Plaintiffs knew that Anderer does not qualify as a Third-Party Defendant under Rule 14 as they already made this same mistake in connection with the third-party complaint filed by Equipmed USA against Derma Pen, which Equipmed USA subsequently dismissed without prejudice after Derma Penn argued that it was procedurally improper under Rule 14."[40] "[T]he language of Rule 15(a) is straightforward and unambiguous."[41] Anderer concludes that "the Counterclaim Plaintiffs knew about the requirements of the applicable Rules. They just decided to ignore them. Such actions do not justify *nunc pro tunc* relief."[42]

Anderer attempts to distinguish the cases cited by the Counterclaim Plaintiffs. Anderer argues that in the Counterclaim Plaintiffs' cited cases "the proposed amendments did not change the claims or legal theories asserted. The same cannot be said for the Counterclaim plaintiffs'

---

[36] Anderer's Response at 3.

[37] *Id*.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* at 4.

[42] *Id.*

proposed amendments."[43] Anderer contends that the legal theories and causes of action have been changed in the present case. He points out that "the Third Amended Counterclaim removes the putative Third-Party Defendants and adds them as putative Counterclaim Defendants."[44] And "[t]he Third Amended Counterclaim also asserts all ten causes of action against the putative Counterclaim Defendants. Conversely, the Second Amended Counterclaim and Third-Party Complaint asserts only seven of the ten causes of action against the putative Third-Party Defendants."[45]

Anderer argues that the *nunc pro tunc* relief is prejudicial to him. He "has been required to defend against these improper pleadings, and has incurred significant legal fees doing so."[46] And "he has been improperly enjoined from foreclosing his security interests on the strength of improperly filed pleadings that are of no legal effect."[47] If Counterclaim's motion is granted this would "presumably give legal effect to the Third Amended Counterclaim and require Anderer to respond" by February 17, 2015.[48]

Anderer states that "if the Court is inclined to grant such extraordinary relief, it should only do so upon the condition that the Counterclaim Plaintiff pay $50,000 to Anderer to compensate him for a portion of the legal fees he has incurred in mounting defenses to their improper pleadings."[49]

---

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.* at 5.

[47] *Id.*

[48] *Id.* at 6.

[49] Anderer's Response at 6.

## ANALYSIS

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure.[50] "Except when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'"[51] The "purpose of the [r]ule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,"[52] and courts should "freely give leave when justice so requires."[53] Given this purpose, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[54] Whether to grant leave to amend pursuant to Rule 15(a) is within this court's wide discretion.[55]

Counterclaim Plaintiffs did not obtain consent or court approval before filing their Third Amended Counterclaim. Moreover, Counterclaim Plaintiffs should have been aware of the terms of Rule 15(a), as they had previously filed a motion to amend pursuant to Rule 15. Regardless of the above failures, there is no compelling reason to disregard Counterclaim Plaintiffs' Third Amended Counterclaim. Nothing in the record suggests that Counterclaim Plaintiffs are litigating in bad faith, or that the Third Amended Counterclaim will cause undue delay. The financial prejudice that Anderer says he has experienced in defending against these improper pleadings does not outweigh the need to decide this case on its merits, rather than on technicalities. The

---

[50] *See* Fed. R. Civ. P. 15.

[51] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed.R.Civ.P. 15(a)(2)).

[52] *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted).

[53] Fed. R. Civ. P. 15(a)(2).

[54] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[55] *See Minter*, 451 F.3d at 1204 (citations omitted).

issues arising from foreclosing his security interest are not due to the improperly filed pleadings and are similarly raised in the properly denominated pleadings.

Removing the Third-Party designation and replacing it with a Counterclaim designation is not a substantive change. Nor is it a substantive change to assert all previously plead ten causes of action against all Counterclaim Defendants. The causes of action are not new as they were plead in the Second Amended Counterclaim and Third-Party Complaint (and are very similar to those raised in the First Amended Counterclaim)[56], and Anderer and the remaining Counterclaim Defendants, as principals in Derma Pen, were aware of these causes of action, and they have not shown how they would be prejudiced in defending the causes of action.

The cases cited by Counterclaim Plaintiffs, as well as others, acknowledge that *nunc pro tunc* relief is appropriate in circumstances such as this.[57] Even when *nunc pro tunc* relief is not specifically requested, courts have simply construed or modified the improper filing to reflect a properly filed pleading.[58]

---

[56] First Amended Counterclaim, docket no. 215, filed June 24, 2014.

[57] *See e.g., Sapiro v. Encompass Ins.,* 221 F.R.D. 513, 518 (N.D. Cal. 2004) ("However tardy and conclusory they may be, plaintiffs' new claims are not wholly specious, and plaintiffs inattention to procedural detail has not prejudiced defendants in any cognizable way. Encompass' motion to strike plaintiffs' amended complaint is denied accordingly. Leave to amend plaintiffs' complaint is granted *nunc pro tunc*."); *Hill v. Equifax Info. Servs., LLC*, No. 1:13-CV-153, 2013 WL 6241043, at *2 (M.D.N.C. Dec. 3, 2013) (granting leave to amend second amended complaint *nunc pro tunc*, since leave to amend and supplement should be freely granted); *Shariff v. Amanda Realty, Inc.*, 2013 WL 5522444, at *5 (E.D.N.Y. Sept. 30, 2013) (granting the plaintiff leave to file a second amended complaint *nunc pro tunc* because leave would have granted had it been sought).

[58] *See e.g., Nat'l Fire Ins. Co. of Hartford v. Nat'l Cable Television Cooperative, Inc.,* 2011 WL 1430331, at *2 (D.Kan. Apr. 14, 2011) ("Although [defendant] did not originally file its claims against [third-party defendant] as permissive counterclaims, it is in the interest of judicial economy to now treat them as such."); *Pa. Mfrs. Ass'n Ins. Co. v. Fed. Realty Inv. Trust,* 2000 WL 964771, at *2 (D. Md. June 6, 2000) (declining to strike third-party complaint, instead construing third-party complaint as the permissive joinder of insurer as a defendant to the counterclaim against plaintiff pursuant to Rule 13(h)); *KTS Props., LLC v. Skaaning,* 2010 WL 2900590, at *4 (D.Haw. July 23, 2010) ("The nomenclature of the claims must be subordinated to the substance."); *Armament Sys. & Procedures, Inc. v. Emissive Energy Corp.*, No. 06-C-833, 2007 WL 2572304, at *4 (E.D. Wis. Sept. 5, 2007) ("The court, therefore, shall construe Federal Realty's 'third-party complaint' as the permissive joinder of Zurich as a defendant to the counterclaim against PMA pursuant to Rule 13(h), and deny Zurich's motion to dismiss."); *Gunderman v. Sure Connect Cable Installation, Inc.*, 101 A.D.3d 1214, 1216, 956 N.Y.S.2d 211, 213 (2012) ("Although Sure Connect's third-party claims against Gunderman are actually counterclaims against an existing party, we will disregard this procedural irregularity and address the merits."); *Legion Ins. Co. v. Family Serv., Inc.*,

The effect of granting the *Nunc Pro Tunc* Motion is to treat Counterclaim Plaintiffs' Third Amended Complaint as filed earlier, in which case the deadline for responsive pleadings would be due shortly. The effect would be the same if the court simply construed the earlier filing as a properly filed pleading. In either scenario, Counterclaim Defendants' need for an extension of time to respond is apparent and such an extension is readily provided.

### Joinder

The remaining question is whether Anderer may be joined as a party to the counterclaims under either Rule 19 or Rule 20. Counterclaim Plaintiffs' *Nunc Pro Tunc* Motion seeks to join Anderer and the other newly-added parties pursuant to F.R.C.P. Rule 19(a)(1).[59] In relevant part, Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[60]

Anderer is named on all of the ten causes of action, either directly or through joint and several liability on the basis of the alter ego doctrine. He claims an interest as a lien holder in the Trademark and Domain Name which are the contested assets. He was involved in Derma Pen – 4EverYoung relations from 2011 through the end of 2014. Anderer is appropriately joined under Rule 19 as a necessary party to the counterclaim. His joinder also meets the standards of permissive joinder under Rule 20, which provides for the joinder of parties as defendants when

---

561 F. Supp. 2d 232, 236 (D.R.I. 2008) ("If a pleading states a claim upon which relief may be granted and puts the party against which it is asserted on notice of the claim, the fact that the pleading may be incorrectly labeled [third party claim instead of counterclaim] is not fatal to the claim.").

[59] *Nunc Pro Tunc* Motion at 9.

[60] F.R.C.P. 19(a)(1).

"there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."[61] Here, the Third Amended Counterclaim seeks relief for the alleged injuries caused by the "transaction, occurrence, or series of transactions or occurrences" arising under the Sales Distribution Agreement. And the acts alleged in the Third Amended Counterclaim indicate that there are a number of common questions of fact and law involving all these parties. Hence, Anderer is joined appropriately as counterclaim defendant under either Rule 20 or Rule 19.

---

[61] Fed.R.Civ.P. 20(a).

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED that Counterclaim Plaintiffs' *Nunc Pro Tunc* Motion[62] is GRANTED.

IT IS FURTHER ORDERED that Counterclaim Defendants shall respond to Counterclaim Plaintiffs' Third Amended Counterclaim within twenty-one (21) days from the date of this order.

IT IS FURTHER ORDERED that Anderer's request for attorney fees is DENIED because Anderer has not provided any authority justifying the imposition of sanctions, and there is no showing the Counterclaim Plaintiffs' earlier mis-denominated pleadings were filed for improper or vexatious purposes.

Dated February 16, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[62] Docket no. 569.