IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>4EVERYOUNG LTD., DERMAPENWORLD, BIOSOFT (AUST) PTY. LTD. d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY. LTD. d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>  Defendants. | MEMORANDUM DECISION AND ORDER HOLDING MICHAEL E. ANDERER IN CONTEMPT OF COURT FOR VIOLATING DECEMBER 23, 2014 TEMPORARY RESTRAINING ORDER AND JANUARY 6, 2015 PRELIMINARY INJUNCTION |
| 4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,<br><br>  Counterclaim Plaintiffs,<br><br>v.<br><br>DERMA PEN, LLC, MICHAEL E. ANDERER, JEREMY JONES, MICHAEL J. MORGAN, CHAD MILTON, MEDMETICS, LLC, a Delaware limited liability company, and JOHN DOES 1-25,<br><br>  Counterclaim Defendants. | Case No.:  2:13-CV-00729-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

This matter came before the Court on the Emergency Motion for Order to Show Cause Regarding Trademark and Domain Name Transfer Injunctions (the "First OSC Motion"),[1] filed by Defendants and Counterclaim Plaintiffs 4EverYoung Limited ("4EverYoung") and Equipmed International Pty. Limited ("Equipmed") and Defendants Biosoft (Aust.) Ltd. Pty. ("Biosoft") and Stene Marshall ("Marshall") (collectively "Defendants").  Following briefing,[2] hearings regarding the First OSC Motion were held on January 21,[3] January 29,[4] February 4,[5] February 9,[6] February 11,[7] February 12,[8] February 17,[9] February 19,[10] and March 25, 2015.[11]  At those

---

[1] Docket no. 481, filed January 15, 2015; *see also* Docket Text Order, docket no. 482, entered January 16, 2015.  The "Second OSC Motion" is the Motion for Order to Show Cause Regarding Preliminary Injunction [Docket No. 634] Against Michael E. Anderer, docket no. 639, filed February 27, 2015.  With respect to the Second OSC Motion, during the March 25, 2015 hearing, the Court found Anderer in contempt of the Memorandum Decision and Order Granting in Part 4EverYoung's Motion for Preliminary Injunction Against Michael E. Anderer; Denying Michael Anderer's Motion to Vacate, docket no. 630, entered February 25, 2015; and the Corrected Memorandum Decision and Order Granting in Part 4EverYoung's Motion for Preliminary Injunction Against Michael E. Anderer; Denying Michael Anderer's Motion to Vacate, docket no. 634, entered February 26, 2015 (collectively, with docket no. 630, the "February 2015 Preliminary Injunction").  *See* March 25, 2015 Hearing Transcript at 13:12-15:7, docket no. 716, filed March 25, 2015.  A separate contempt order addresses the issues presented in the Second OSC Motion.  *See* Memorandum Decision and Order Holding Michael E. Anderer in Contempt of Court for Violating February 2015 Preliminary Injunction, docket no. ___, entered April __, 2015.

[2] *See* Opposition to Emergency Motion for Order to Show Cause Re Trademark and Domain Name Transfer Injunctions ("Derma Pen Opposition"), docket no. 485, filed January 20, 2015; *see also* Supplemental Memorandum in Opposition to Motion for Order to Show Cause ("Anderer Opposition"), docket no. 527, filed January 28, 2015.

[3] *See* Minute Order, docket no. 495, entered January 21, 2015.

[4] *See* Minute Order, docket no. 533, entered January 29, 2015.

[5] *See* Minute Order, docket no. 563, entered February 4, 2015.

[6] *See* Minute Order, docket no. 573, entered February 9, 2015.

[7] *See* Minute Order, docket no. 579, entered February 11, 2015.

hearings, Plaintiff and Counterclaim Defendant Derma Pen, LLC ("Derma Pen") was represented by Douglas R. Short; Counterclaim Defendant Michael E. Anderer ("Anderer") was represented by David E. Leta and Michael A. Gehret of SNELL & WILMER LLP; and, Defendants were represented by Christine T. Greenwood and Christopher M. Von Maack of MAGLEBY & GREENWOOD, P.C.  At those hearings, testimony and evidence were admitted through multiple witnesses and by stipulation.[12]

## BACKGROUND

Substantial findings related to the issues addressed in this order were made in the February 2015 Preliminary Injunction.[13]  Those findings relate to the issues addressed in this order and are incorporated by reference into this order.

### The December 23, 2014 Temporary Restraining Order

On December 23, 2014, the Court entered its Memorandum Decision and Order Granting in Part Defendants' Motion for Temporary Restraining Order (the "December 23, 2014 Temporary Restraining Order"), ordering that "Derma Pen, its officers, agents, servants,

---

(...continued)

[8] *See* Minute Order, docket no. 583, entered February 12, 2015.

[9] *See* Minute Order, docket no. 591, entered February 17, 2015.

[10] *See* Minute Order, docket no. 595, entered February 19, 2015.

[11] *See* Minute Order, docket no. 712, entered March 25, 2015; *see also* March 25, 2015 Hearing Transcript at 15:8-20:5, docket no. 716.

[12] *See* February 2015 Preliminary Injunction at 2, docket nos. 630, 634.

[13] *See* Docket nos. 630, 634.

employees, and attorneys, and those acting in concert, with them (collectively, the 'Enjoined Parties') shall not transfer the trademark and domain name."[14]

The December 23, 2014 Temporary Restraining Order includes language similar to that under Rule 65(d)(2)(c) of the Federal Rules of Civil Procedure, reciting that the temporary restraining order binds "persons who are in active concert or in participation with" Derma Pen, which includes Anderer.[15]

On or before December 24, 2014, Anderer, through his counsel, received notice of the December 23, 2014 Temporary Restraining Order.[16] Anderer also likely learned of the December 23, 2014 Temporary Restraining Order during his holiday party in early January 2015, which was attended by "Derma Pen people[;] Derma Gen people[;]" Jeremy Jones ("Jones"), the former COO and CEO of Derma Pen; Michael J. Morgan ("Morgan"), the purportedly former CEO of Derma Pen; and at least one of Anderer's attorneys, among others.[17]

### The January 6, 2015 Preliminary Injunction

On January 6, 2015, the Court entered a preliminary injunction from the bench, which injunction was memorialized in the Memorandum Decision and Order Granting 4EverYoung's

---

[14] December 23, 2014 Temporary Restraining Order at 6 ¶ 2, docket no. 451, entered December 23, 2014.

[15] *See* Fed. R. Civ. P. 65(d)(2); *see also* February 2015 Preliminary Injunction at 36, docket nos. 630, 634.

[16] *See* E-Mail Von Maack to Scofield, dated December 24, 2014, docket no. 481 at 28; *see also* E-Mail Von Maack to Hon. Faust and Counsel, dated December 24, 2014, docket no. 481 at 30; Letter D. Scofield to Hon. Faust, dated January 8, 2015, docket no. 481 at 16; February 2015 Preliminary Injunction at 36, docket nos. 630, 634.

[17] *See* February 12, 2015 Preliminary Injunction Hearing Transcript at 198:5-199:4, docket no. 597; *see also* February 2015 Preliminary Injunction at 7, 8, 36, docket nos. 630, 634.

241 Motion for Partial Summary Judgment on Specific Performance and Granting in Part Defendants' 141 Motion for Preliminary Injunction (the "January 6, 2015 Preliminary Injunction").[18]

In the January 6, 2015 Preliminary Injunction, the Court explained that the December 23, 2014 Temporary Restraining Order included language similar to Rule 65(d)(2)(C), "reciting that the temporary restraining order binds 'persons who are in active concert or participation with' Derma Pen, which includes Anderer."[19]

On or before January 8, 2014, Anderer, through his counsel, received notice of the January 6, 2015 Preliminary Injunction.[20] Anderer also likely learned of the January 6, 2015 Preliminary Injunction during his holiday party in early January 2015, which was attended by "Derma Pen people, Derma Gen people," Jones, Morgan, and at least one of Anderer's attorneys, among others.[21]

---

[18] Docket no. 476, entered January 12, 2015; *see also* February 2015 Preliminary Injunction at 40, docket nos. 630, 634.

[19] January 6, 2015 Preliminary Injunction at 4-5, docket no. 476; *see also* February 2015 Preliminary Injunction at 40, docket nos. 630, 634.

[20] *See* E-Mail C. Von Maack to Hon. Faust and Counsel, dated January 8, 2015, docket no. 481 at 32; *see also* Letter D. Scofield to Hon. Faust, dated January 8, 2015, docket no. 481 at 17-18; E-Mail C. Von Maack to Hon. Faust and Counsel, dated January 12, 2015, docket no. 481 at 35; E-Mail C. Von Maack to Counsel, dated January 12, 2015, docket no. 481 at 38; E-Mail D. Scofield to C. Von Maack, dated January 12, 2015, docket no. 481 at 40; E-Mail T. Dance to C. Von Maack, dated January 12, 2015, docket no. 481 at 44.

[21] *See* February 12, 2015 Preliminary Injunction Hearing Transcript at 198:5-199:4, docket no. 597; *see also* February 2015 Preliminary Injunction at 40, docket nos. 630, 634.

### The January 9, 2015 UCC Filing

On January 9, 2015, Anderer (through counsel, Snell & Wilmer) filed a UCC Financing Statement in Delaware.[22] That UCC filing expressly covered the Trademark and Domain Name.[23]

### The Notice of UCC Sale

On January 9, 2015, Anderer (through counsel, Timothy J. Dance of Snell & Wilmer) issued a notice of public sale of Derma Pen and its assets, including the Trademark.[24] According to the Notice of Sale, the sale was to take place on January 22, 2015, at 8:00 a.m., at the Salt Lake City office of Snell & Wilmer.[25]

---

[22] *See* Delaware UCC Financing Statement, dated January 9, 2015, Preliminary Injunction Hearing Ex. 18; *see also* February 2015 Preliminary Injunction at 41, docket nos. 630, 634.

[23] *See* Delaware UCC Financing Statement, dated January 9, 2015, Preliminary Injunction Hearing Ex. 18, docket no. 496 at 1; *see also* February 2015 Preliminary Injunction at 41, docket nos. 630, 634.

[24] *See* Notice of Public Disposition of Collateral (the "Notice of Sale"), dated January 9, 2015, Preliminary Injunction Hearing Ex. 31, docket no. 489-3 at 2-5; *see also* February 2015 Preliminary Injunction at 41, docket nos. 630, 634.

[25] *See* Notice of Sale at 1, Preliminary Injunction Hearing Ex. 31, docket no. 489-3 at 2; *see also* February 2015 Preliminary Injunction at 41, docket nos. 630, 634.

**The Confession of Judgment**

On Friday, December 19, 2014 (*i.e.*, the same day that Derma Pen's bankruptcy case was dismissed as a bad-faith litigation tactic), Samuel Saunders ("Saunders"), as Anderer's attorney, verbally asked Jones to confess judgment on behalf of Derma Pen in favor of Anderer.[26]

On Monday, December 22, 2014, Anderer appeared at Derma Pen's office with a notary, and Derma Pen executed a Confession of Judgment in favor of Anderer without meeting or discussion.[27] Jones, on behalf of Derma Pen, executed the Confession of Judgment, acknowledging a liability of Derma Pen to Anderer in the amount of $791,012.18.[28] That same day, Anderer filed an action (the "Confession of Judgment Action") in the Third District Court, State of Utah, to levy on Derma Pen's secured assets.[29]

---

[26] *See* February 12, 2015 Preliminary Injunction Hearing Transcript at 202:3-206:19, 220:24-221:3, docket no. 597; *see also* February 2015 Preliminary Injunction at 31, docket nos. 630, 634.

[27] *See* Confession of Judgment, dated December 22, 2014, Preliminary Injunction Hearing Ex. 25; *see also* February 12, 2015 Preliminary Injunction Hearing Transcript at 199:17-202:2, docket no. 597; February 2015 Preliminary Injunction at 32, docket nos. 630, 634.

[28] *See* Confession of Judgment, dated December 22, 2014, Preliminary Injunction Hearing Ex. 25; *see also* February 12, 2015 Preliminary Injunction Hearing Transcript at 199:17-202:2, docket no. 597; February 2015 Preliminary Injunction at 32, docket nos. 630, 634.

[29] *See Anderer v. Derma Pen, LLC*, in the Third Judicial District Court, Salt Lake County, Utah, Case No. 140908635, Honorable Robert Faust; *see also* February 2015 Preliminary Injunction at 31, docket nos. 630, 634.

### The Writ of Execution

On January 12, 2015, Anderer (through counsel, David W. Scofield of Peters Scofield) filed an Application for Writ of Execution.[30] The Application for Writ of Execution sought to execute upon the Trademark and Domain Name.[31]

On January 13, 2015, the State Court issued Anderer's proposed Writ of Execution in the Confession of Judgment Action.[32]

On January 14, 2015, Anderer (through the Salt Lake County Constable) served upon Derma Pen the Writ of Execution.[33]

On January 18, 2015, Anderer caused a return of service for the Writ of Execution to be filed with the State Court.[34]

### The Praecipe

On January 13, 2015, Anderer (through counsel, David W. Scofield of Peters Scofield) executed a Praecipe directing the Sheriff or any constable "to levy upon, attach and hold" Derma Pen's assets, including the Trademark and Domain Name.[35]

---

[30] *See* Application for Writ of Execution, dated January 12, 2015, Preliminary Injunction Hearing Ex. 32, docket no. 496 at 10-19; *see also* February 2015 Preliminary Injunction at 41, docket nos. 630, 634.

[31] *See* Application for Writ of Execution at 10, Preliminary Injunction Hearing Ex. 32, docket no. 496 at 19; *see also* February 2015 Preliminary Injunction at 41, docket nos. 630, 634.

[32] *See* Writ of Execution, dated January 13, 2015, Preliminary Injunction Hearing Ex. 33, docket no. 496 at 5-6; *see also* February 2015 Preliminary Injunction at 41, docket nos. 630, 634.

[33] *See* Proof of Service, dated January 14, 2015, Preliminary Injunction Hearing Ex. 142; *see also* February 2015 Preliminary Injunction at 42, docket nos. 630, 634.

[34] *See* Confession of Judgment Action Docket, Preliminary Injunction Hearing Ex. 26.

On January 14, 2015, Anderer (through the Salt Lake County Constable) served upon Derma Pen the Praecipe.[36]

### The Keeper's Receipt

On January 14, 2015, Derma Pen executed a Keeper's Receipt.[37]

### The Notice of Constable Sale

On or about January 16, 2015, Anderer (through the Salt Lake County Constable) issued a Notice of Constable Sale.[38]  According to that notice, the Trademark and Domain Name were to be sold on January 30, 2015 at 2:00 p.m. at the Derma Pen offices at 3216 South Highland Drive, Suite 200, Salt Lake City, Utah 84106.[39]

### The First OSC Motion

On January 15, 2015, Defendants filed the First OSC Motion, seeking to hold Anderer in contempt of Court.[40]

_____
(...continued)
[35] *See* Praecipe, dated January 13, 2015, Preliminary Injunction Hearing Ex. 139; *see also* February 2015 Preliminary Injunction at 41, docket nos. 630, 634.

[36] *See* Proof of Service, dated January 14, 2015, Preliminary Injunction Hearing Ex. 142; *see also* February 2015 Preliminary Injunction at 42, docket nos. 630, 634.

[37] *See* Keeper's Receipt, dated January 14, 2015, Preliminary Injunction Hearing Ex. 140; *see also* February 2015 Preliminary Injunction at 42, docket nos. 630, 634.

[38] *See* Notice of Constable Sale, dated January 16, 2015, Preliminary Injunction Hearing Ex. 141; *see also* February 2015 Preliminary Injunction at 42, docket nos. 630, 634.

[39] *See* Notice of Constable Sale, dated January 16, 2015, Preliminary Injunction Hearing Ex. 141; *see also* February 2015 Preliminary Injunction at 42, docket nos. 630, 634.

[40] *See* First OSC Motion, docket no. 481.

On January 21, 2015, Anderer expressed in open court his intent to go forward with the sale of the Trademark and Domain Name, notwithstanding the December 23, 2014 Temporary Restraining Order and January 6, 2015 Preliminary Injunction.[41]

After briefing and multiple days of hearings, the Court ruled from the bench on March 25, 2015 and held Anderer in contempt of Court.[42]

## DISCUSSION

### The Valid Orders

On December 23, 2014, the Court granted Defendant's motion for temporary restraining order.[43] The language of that temporary restraining order is clear.

On January 12, 2015, the Court issued a written order, following a hearing January 6, 2015, granting Defendants' motion for preliminary injunction.[44]

### Anderer's Knowledge of the Orders

It is clear that Anderer had notice of the December 24, 2014 Temporary Restraining Order on December 24, 2014. Counsel for 4EverYoung sent a copy of the temporary restraining order to David W. Scofield, Anderer's counsel in the Confession of Judgment Action.[45]

---

[41] *See* January 21, 2015 Hearing Transcript at 25:3-12, docket no. 509, filed January 22, 2015.

[42] *See* March 25, 2015 Hearing Transcript at 15:8-20:5, docket no. 716.

[43] *See* December 23, 2014 Temporary Restraining Order, docket no. 451.

[44] *See* January 6, 2015 Preliminary Injunction, docket no. 476.

[45] *See* E-Mail Von Maack to Scofield, dated December 24, 2014, docket no. 481 at 28; *see also* E-Mail Von Maack to Hon. Faust and Counsel, dated December 24, 2014, docket no. 481 at 30; Letter D. Scofield to Hon. Faust, dated January 8, 2015, docket no. 481 at 16; February 2015 Preliminary Injunction at 36, docket nos. 630, 634.

On January 8, 2015, counsel for 4EverYoung notified Anderer's counsel of the Court's January 6, 2015 Preliminary Injunction.[46]  On January 12, 2015, counsel for 4EverYoung provided Anderer notice of the Court's memorialized preliminary injunction order.[47]

**Anderer's Disobedience**

Certain actions were taken by Anderer or his agents following the January 6, 2015 Preliminary Injunction.  Those actions include preparing and filing the Delaware UCC Financing Statement,[48] preparing and issuing the Notice of Sale,[49] preparing and filing the Application for Writ of Execution,[50] preparing and filing the Praecipe,[51] and preparing and issuing the Keeper's Receipt.[52]

---

[46] *See* E-Mail C. Von Maack to Hon. Faust and Counsel, dated January 8, 2015, docket no. 481 at 32; *see also* Letter D. Scofield to Hon. Faust, dated January 8, 2015, docket no. 481 at 17-18.

[47] *See* E-Mail C. Von Maack to Hon. Faust and Counsel, dated January 12, 2015, docket no. 481 at 35; *see also* E-Mail C. Von Maack to Counsel, dated January 12, 2015, docket no. 481 at 38; E-Mail D. Scofield to C. Von Maack, dated January 12, 2015, docket no. 481 at 40; E-Mail T. Dance to C. Von Maack, dated January 12, 2015, docket no. 481 at 44.

[48] *See* Delaware UCC Financing Statement, dated January 9, 2015, Preliminary Injunction Hearing Ex. 18.

[49] *See* Notice of Sale, dated January 9, 2015, Preliminary Injunction Hearing Ex. 31, docket no. 489-3 at 2-5.

[50] *See* Application for Writ of Execution, dated January 12, 2015, Preliminary Injunction Hearing Ex. 32, docket no. 496 at 10-19.

[51] *See* Praecipe, dated January 13, 2015, Preliminary Injunction Hearing Ex. 139.

[52] *See* Keeper's Receipt, dated January 14, 2015, Preliminary Injunction Hearing Ex. 140.

In furtherance of Anderer's actions in the Confession of Judgment Action, the State Court issued the Writ of Execution,[53] which Anderer served on January 14, 2015.[54] On January 16, 2015, Anderer issued the Notice of Constable Sale,[55] which was filed in the Confession of Judgment Action on January 18, 2015.[56] Also on January 18, 2015, Anderer filed the return of service for the Writ of Execution.[57]

On January 21, 2015, Anderer stated in open court his intent to go forward with the sale of the Trademark and Domain Name, notwithstanding the December 23, 2014 Temporary Restraining Order and January 6, 2015 Preliminary Injunction.[58] That statement, in itself, is not a violation, but it reflects Anderer's intentions and attitude.

### Anderer and Derma Pen Acted in Concert

The facts show that Anderer and Derma Pen were acting in concert. Anderer, since the inception of Derma Pen, has been an investor, part owner, and director at many times.[59] He has been the only person to provide funds to Derma Pen.[60] He was consulted on major decisions for Derma Pen and, in fact, the testimony was that, except for one major decision, the officers of

---

[53] *See* Writ of Execution, dated January 13, 2015, Preliminary Injunction Hearing Ex. 33, docket no. 496 at 5-6.

[54] *See* Proof of Service, dated January 14, 2015, Preliminary Injunction Hearing Ex. 142.

[55] *See* Notice of Constable Sale, dated January 16, 2015, Preliminary Injunction Hearing Ex. 141.

[56] *See* Confession of Judgment Action Docket, Preliminary Injunction Hearing Ex. 26.

[57] *See id.*, Preliminary Injunction Hearing Ex. 26.

[58] *See* January 21, 2015 Hearing Transcript at 25:3-12, docket no. 509.

[59] *See* February 2015 Preliminary Injunction at 5-6, 12-14, 27-30, docket nos. 630, 634.

[60] *See id.* at 30, docket nos. 630, 634.

Derma Pen could not recall any instance in which a decision had been made contrary to Anderer's direction. Anderer was aware of the Sales Distribution Agreement, was aware of the obligations under the Sales Distribution Agreement, expressed that the Sales Distribution Agreement was a highly contested issue in this lawsuit, was aware of this lawsuit, and was aware of and involved in it and in the bankruptcy case where this dispute between these parties has been excessively litigated.[61] Anderer funded the bankruptcy litigation entirely.[62] The litigation in bankruptcy was found to be a bad-faith attempt by Derma Pen, and the bankruptcy was dismissed for that reason.[63] The Bankruptcy Judge specifically found that the bankruptcy was a litigation strategy to avoid the results of this litigation.[64] The security interest was taken by Anderer with the intention to give him the ability to have another mechanism to prevent 4EverYoung from purchasing Trademark and Domain Name.[65] Anderer has had this knowledge, these strategies, and these purposes at all relevant times and effectuated them through Derma Pen even after his resignation.[66]

    Anderer, through his attorneys, demanded immediate payment in full from Derma Pen, immediately after the bankruptcy stay was lifted.[67] Anderer, directly, proposed documents to be executed, to which documents the nominal officers of Derma Pen acquiesced.[68]

---

[61] *See id.* at 10, docket nos. 630, 634.

[62] *See id.* at 24-28, docket nos. 630, 634.

[63] *See id.* at 30-31, docket nos. 630, 634.

[64] *See id.*, docket nos. 630, 634.

[65] *See id.* at 12-14, 24-30, docket nos. 630, 634.

[66] *See id.* at 18-20, 22-23, docket nos. 630, 634.

[67] *See id.* at 31, docket nos. 630, 634.

Anderer continued to associate with and have contact with, directly and through counsel, the Derma Pen principals.[69] He made statements that are in the record and referenced in the February 2015 Preliminary Injunction regarding his intentions before his resignation, which he effected after his resignation, to make sure that he would do whatever possible to bar 4EverYoung from purchasing the Trademark and Domain Name.[70]

Throughout the litigation over the last two months, the concurrent and largely consistent arguments of Anderer's counsel and Derma Pen's counsel reflect a joint and collective effort. The Dermagen transfer further reflects Anderer's determination to effect the overall strategy, exercised through Derma Pen and on his own, to ensure that 4EverYoung has every barrier possible to its purchase of the Trademark and Domain Name if that is eventually what 4EverYoung is entitled to.

The Court finds by clear and convincing evidence that Anderer has, at all times, been in effective control of Derma Pen, even after his resignation from nominal offices; that his common design and plan with his entity, Derma Pen, was to keep 4EverYoung from having access to the Trademark and Domain name; and that all of the actions that are described above created an effective strategy for him to exercise his goal.  Clearly Anderer was acting in concert with Derma Pen.  Clearly Anderer was acting for the goal of doing exactly what the December 24, 2014 Temporary Restraining Order and January 6, 2015 Preliminary Injunction prohibited.

---

(...continued)
[68] *See id.* at 31-33, docket nos. 630, 634.

[69] *See id.* at 6-8, 22, 31-32, 36, 40, docket nos. 630, 634.

[70] *See id.* at 18-20, docket nos. 630, 634.

**ORDER**

Based upon the First OSC Motion, the many days of hearings, the evidence admitted at those hearings, the pleadings and papers on file with the Court, and for good cause shown,

IT IS HEREBY ORDERED:

1. Anderer is in contempt of Court for violations of the December 23, 2014 Temporary Restraining Order and January 6, 2015 Preliminary Injunction.

2. Anderer shall compensate defendants for their costs and expenses, including reasonable attorney's fees incurred with respect to the First OSC Motion. 4EverYoung shall file its motion for attorney fees on or before April 3, 2015. Other parties may respond to that motion on or before April 10, 2015. Thereafter, the Court will rule.

3. The Court reserves ruling until a later time on any other appropriate sanctions against Anderer, including reasonable attorney fees incurred with respect to 4EverYoung's Motion for Temporary Restraining Order and Preliminary Injunction against Michael E. Anderer ("Motion for Preliminary Injunction")[71] and Michael E. Anderer's Motion to Vacate TRO and Memorandum in Opposition to Motion for Preliminary Injunction Against Michael E. Anderer ("Motion to Vacate").[72]

Dated April 15, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[71] Docket no. 504, filed January 21, 2015.

[72] Docket no. 529, filed January 28, 2015.