IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**4EVERYOUNG LTD., DERMAPENWORLD, BIOSOFT (AUST) PTY. LTD. d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY. LTD. d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,**<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER HOLDING MICHAEL E. ANDERER IN CONTEMPT OF COURT FOR VIOLATING FEBRUARY 2015 PRELIMINARY INJUNCTION** |
| **4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,**<br><br>       **Counterclaim Plaintiffs,**<br><br>**v.**<br><br>**DERMA PEN, LLC, MICHAEL E. ANDERER, JEREMY JONES, MICHAEL J. MORGAN, CHAD MILTON, MEDMETICS, LLC, a Delaware limited liability company, and JOHN DOES 1-25,**<br><br>       **Counterclaim Defendants.** | **Case No.:  2:13-CV-00729-DN-EJF**<br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Evelyn J. Furse** |

This matter came before the Court on the Motion for Order to Show Cause Regarding Preliminary Injunction [Docket No. 634] Against Michael E. Anderer (the "Second OSC Motion"),[1] filed by Defendants and Counterclaim Plaintiffs 4EverYoung Limited ("4EverYoung") and Equipmed International Pty. Limited ("Equipmed") and Defendants Biosoft (Aust.) Ltd. Pty. ("Biosoft") and Stene Marshall ("Marshall") (collectively "Defendants").  In opposition, Defendant Michael E. Anderer filed his Memorandum in Opposition to Counterclaim Plaintiffs' Motion for Order to Show Cause Regarding Preliminary Injunction [Docket No. 634] Against Michael E. Anderer, or, In the Alternative, Motion to Amend the Preliminary Injunction, Dckt. No. 684.  Following briefing, a hearing was held on March 25, 2015.[2]  At that hearing, Plaintiff and Counterclaim Defendant Derma Pen, LLC ("Derma Pen") was represented by Douglas R. Short; Counterclaim Defendant Michael E. Anderer ("Anderer"), who was present, was represented by David E. Leta and Michael A. Gehret of SNELL & WILMER LLP; and Defendants were represented by Christine T. Greenwood and Christopher M. Von Maack of MAGLEBY & GREENWOOD, P.C.[3]

---

[1] Docket no. 639, filed February 27, 2015.  The "First OSC Motion" is the Emergency Motion for Order to Show Cause Regarding Trademark and Domain Name Transfer Injunctions, docket no. 481, filed January 15, 2015.  With respect to the First OSC Motion, during the March 25, 2015 hearing, the Court found Anderer in contempt of the Memorandum Decision and Order Granting in Part Defendants' Motion for Temporary Restraining Order (the "December 23, 2014 Temporary Restraining Order"), docket no. 451, entered December 23, 2014; and the Memorandum Decision and Order Granting 4EverYoung's 241 Motion for Partial Summary Judgment on Specific Performance and Granting in Part Defendants' 141 Motion for Preliminary Injunction (the "January 6, 2015 Preliminary Injunction"), docket no. 476, entered January 12, 2015.  See March 25, 2015 Hearing Transcript at 15:8-20:5, docket no. 716, filed March 25, 2015.  A separate contempt order addresses the issues presented in the First OSC Motion.  See Memorandum Decision and Order Holding Michael E. Anderer in Contempt of Court for Violating December 23, 2014 Temporary Restraining Order and January 6, 2015 Preliminary Injunction, docket no. ___, entered April __, 2015.

[2] See Minute Order, docket no. 712, entered March 25, 2015; see also March 25, 2015 Hearing Transcript, docket no. 716.

[3] See Minute Order, docket no. 712; see also March 25, 2015 Hearing Transcript at 3:9-4:2, docket no. 716.

## BACKGROUND

On February 25, 2015, the Court entered its Memorandum Decision and Order Granting in Part 4EverYoung's Motion for Preliminary Injunction Against Michael E. Anderer; Denying Michael Anderer's Motion to Vacate,[4] which preliminary injunction enjoined Anderer from transferring the Dermapen trademark in the United States (the "Trademark")[5] or www.dermapen.com domain name (the "Domain Name") as follows:

> (a)     Anderer, his agents, servants, employees, and attorneys, and those acting in concert with them (collectively, the "Enjoined Parties") shall not transfer the Trademark or Domain Name or any interest therein of any kind or any obligation secured thereby except in connection with a foreclosure based on the Debtor In Possession Financing.[6]

On February 26, 2015, at approximately 3:00 p.m. (*i.e.*, about 90 minutes after the conclusion of the February 26, 2015 telephone conference with the Court[7]), Anderer conducted a sale of Derma Pen's personal property and, at that sale, Anderer, individually, purchased some of Derma Pen's personal property, including the Trademark and Domain Name, for a credit bid of $50,000.[8]

---

[4] Docket no. 630, entered February 25, 2015.  That preliminary injunction order was corrected on February 26, 2015, but the corrections have no impact on the issues involved in this contempt order.  *See* Corrected Memorandum Decision and Order Granting in Part 4EverYoung's Motion for Preliminary Injunction Against Michael E. Anderer; Denying Michael Anderer's Motion to Vacate, docket no. 634, filed February 26, 2015.  Docket numbers 630 and 634 orders are collectively referred to as the "February 2015 Preliminary Injunction."

[5] *See* USPTO trademark registration number 4096295.

[6] February 2015 Preliminary Injunction at 64, docket nos. 630, 634.

[7] *See* Minute Order, docket no. 633, entered February 26, 2015.

[8] *See* Report of Public Foreclosure Sale of Collateral Pursuant to Court's Preliminary Injunction, docket no. 635, filed February 27, 2015.

Following that sale, and also on February 26, 2015, Anderer transferred the Trademark and Domain Name to an entity called Dermagen International, LLC ("Dermagen"), an Anguillan limited liability company[9] over which Anderer claims a minority ownership, but no control.[10]

On February 27, 2015, Dermagen sent a cease and desist letter to 4EverYoung's United States affiliate, Dermapenworld, LLC ("Dermapenworld"), asserting that Dermagen was the owner of the Trademark, demanding that Dermapenworld cease its use of the Trademark, and demanding that Dermapenworld not participate in an upcoming trade show in Miami Beach, Florida, on March 1 and 2, 2015.[11]

On February 27, 2015, after receiving Dermagen's cease and desist letter, Defendants filed the Second OSC Motion, which motion sought to hold Anderer in contempt of court, avoid the transfer to Dermagen, and an award of Defendants' costs and expenses, including attorney fees, incurred with respect to the contempt issue.[12]

Anderer opposed the Second OSC Motion, arguing that he did not violate the February 2015 Preliminary Injunction because Anderer was free to transfer the Trademark and Domain Name following the February 26, 2015 foreclosure sale; Dermagen could have acquired the Trademark and Domain Name at the February 26, 2015 foreclosure sale and thereby achieved the same result without violating the preliminary injunction; the transfer to Dermagen was

---

[9] *See* Trademark Assignment Agreement, docket no. 697-1, filed March 18, 2015; *see also* Memorandum in Opposition to Counterclaim Plaintiffs' Motion for Order to Show Cause Regarding Preliminary Injunction [Docket No. 634] Against Michael E. Anderer, or in the Alternative, Motion to Amend the Preliminary Injunction ("Anderer's Opposition") at 4 ("At the [February 26, 2015] sale, Anderer purchased Derma Pen's Assets, including the Trademark and [Domain Name] for a credit bid of $50,000 against the DIP Debt. Anderer, as the legitimate purchaser of the Trademark and [Domain Name], then transferred his ownership interest in these assets to Dermagen International, LLC ('Dermagen').''), docket no. 684, filed March 13, 2015.

[10] *See* March 25, 2015 Hearing Transcript at 10:13-11:13, docket no. 716.

[11] *See* Letter Sam Saunders to Joel Marshall, dated February 27, 2015, docket no. 639-1, filed February 27, 2015.

[12] *See* Second OSC Motion at 6, docket no. 639.

necessary to protect the Trademark and Domain Name; any violation of the preliminary

injunction was unintentional; and the preliminary injunction should be amended to permit his

transfer to Dermagen.[13]

A hearing was held on March 25, 2015, during which hearing the Court ruled from the

bench and found Anderer in contempt of Court for violating the February 2015 Preliminary

Injunction, among other Court orders.[14]

**DISCUSSION**

The relevant facts are not in dispute here.  The dispute regards the interpretation of the

February 2015 Preliminary Injunction.  The interpretation offered by Anderer defeats the

language of the February 2015 Preliminary Injunction. Anderer states that, after the foreclosure

sale, he was free, in spite of the preliminary injunction, to do whatever he wanted with the

Trademark and Domain Name.  That is not what the February 2015 Preliminary Injunction

states.  Therefore, the facts are not in dispute.  Here, it is not just a state of clear and convincing

evidence, it is undisputed evidence.

Anderer violated this Court's February 2015 Preliminary Injunction by transferring the

Trademark and Domain Name to Dermagen following the February 26, 2015 foreclosure sale.

The February 2015 Preliminary Injunction only allowed a transfer in connection with a

foreclosure of the DIP Lien.[15]  Anderer's subsequent transfer to Dermagen was prohibited by the

February 2015 Preliminary Injunction.  Another entity could have purchased at the foreclosure

sale, but that is not what happened.  If 4EverYoung, Dermagen, or a stranger had purchased the

---

[13] *See* Anderer Opposition, docket no. 684.

[14] *See* Minute Order, docket no. 712; *see also* March 25, 2015 Hearing Transcript at 13:12-15:7, docket no. 716.

[15] February 2015 Preliminary Injunction at 64, docket nos. 630, 634.

Trademark and Domain Name, Anderer would not have been further restrained.  But Anderer bought those assets, and he is restrained.  Transferring the Trademark and Domain Name to Dermagen were separate transactions, not part of or in connection with the foreclosure sale.

Anderer's arguments about form over substance, getting to the same result, and justification by business reasons, given the facts that are established here, do not establish any justification for his violation of the February 2015 Preliminary Injunction.

## ORDER

Based upon the Second OSC Motion, the March 25, 2015 hearing, the pleadings and papers on file with the Court, and for good cause shown,

IT IS HEREBY ORDERED:

1.      For his violations of the February 2015 Preliminary Injunction and for his contempt of this Court's orders contained in that preliminary injunction, Anderer, commencing March 30, 2015, will pay a fine of $5,000 per day until he has purged himself of his contempt by remediating the transfer to Dermagen; that is, by restoring the Trademark and Domain Name to himself.[16]

2.      Anderer will also compensate Defendants for the costs and expenses, including reasonable attorney fees, incurred with respect to the Second OSC Motion and the March 25, 2015 hearing.  Defendants shall file their motion for attorney fees on or before April 3, 2015. Other parties may respond to that motion on or before April 10, 2015.  Thereafter, the Court will rule on the amount of Defendants' costs and expenses to be paid by Anderer.

---

[16] Subsequent to the hearing on March 25, 2015, the Court entered its Order Granting Emergency Motion for Approval of Alternative Remediation Relating to Contempt Ruling, Docket no. 729, which approved a transfer of the Trademark and Domain Name to Derma Pen IP Holdings, LLC, on certain conditions, and, thereafter, Anderer filed his Notice and Report of Compliance with such order, Docket no. 732.

3.      The Court reserves jurisdiction to impose further sanctions in connection with

Anderer's contempt.  This is not conclusive of the remedy regarding the Second OSC Motion.

4.      Further, Anderer's Motion to Amend the Preliminary Injunction[17] is hereby

denied.

Dated April 15, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

[17] Docket no. 684.

7