IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTE d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENN WORLD,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING COUNTERCLAIM DEFENDANT DERMA PEN IP HOLDINGS, LLC'S MOTION FOR A MORE DEFINITE STATEMENT (ECF NO. 799)<br><br>Case No. 2:13-cv-00729-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |
| 4EVERYOUNG LIMITED and EQUIPMED INTERNATIONAL PTY LTD.,<br><br>　　　　Counterclaim Plaintiffs,<br><br>v.<br><br>DERMA PEN, LLC, MICHAEL E. ANDERER, JEREMY JONES, MICHAEL J. MORGAN, CHAD MILTON, MEDMETICS, LLC, a Delaware limited liability company, DERMAGEN INTERNATIONAL LLC, DERMA PEN IP HOLDINGS, and JOHN DOES 1-25,<br><br>　　　　Counterclaim Defendants. | |

　　　　On May 4, 2015, Counterclaim Defendant Derma Pen IP Holdings, LLC ("DPIPH") moved this Court for an order requiring Counterclaim Plaintiffs 4EverYoung, Ltd. ("4EverYoung") and Equipmed International Pty Ltd. ("Equipmed") to file a more definite statement of the Fourth Amended Counterclaim under Rule 12(e).  (ECF No. 799.)

1

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Such a motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."  *Id.*  DPIPH argues the Fourth Amended Counterclaim is so vague and ambiguous that DPIPH cannot reasonably respond.  (Mot. of Countercl. Def. DPIPH for a More Definite Statement ("Mot.") 1, ECF No. 799.)  DPIPH points out that the Fourth Amended Counterclaim does not presently reference it, by name or otherwise, and argues that the document states no theory of liability against DPIPH or any factual allegations on which 4EeverYoung and Equipmed may seek relief against it.  (*Id.* at 2–3; *see generally* Fourth Am. Countercl., ECF No. 711.)

On June 3, 2015, 4EverYoung and Equipmed opposed DPIPH's Motion.  (ECF No. 813.)  4EverYoung and Equipmed contend the Court's March 30, 2015 Order substituting DPIPH for Counterclaim Defendant Dermagen International LLC ("DGI") obviates the need to clarify the Fourth Amended Counterclaim.  (*See* Opp'n to Countercl. Def. DPIPH's Mot. for a More Definite Statement ("Opp'n") 2, ECF No. 813 ("The Court's order substituting DPIPH for DGI was sufficient to establish the definiteness DPIPH seeks.").)  The Court's March 30, 2015 Order required DPIPH to own the Derma Pen trademark and domain name solely and exclusively.  (*See* Order Granting Emergency Motion for Approval of Alternative Remediation Relating to Contempt Ruling ("Order") 3, ECF No. 729.)  The Order states, in relevant part:

> 3.      On or before 4:30 p.m., Tuesday, March 31, 2015, DPIPH shall enter its appearance, through counsel, in this action and shall he substituted for DGI in the Fourth Amended Counterclaim filed by Defendants, as if DPIPH originally had been named in such counterclaim in lieu of DGI.  DGI shall remain a party until further order of the Court dismissing DGI.
> 4.      . . . DPIPH and Anderer agree that in this litigation obligations or liabilities of either of them shall be enforceable against the other of them.

(*Id.* at 3–4.)  4EverYoung and Equipmed maintain that no ambiguity or vagueness exists in the Counterclaim because DPIPH "stepp[ed] into the shoes of DGI."  (Opp'n 5, ECF No. 813.)

On June 16, 2015, the Court stayed the case pending settlement discussions, (ECF No. 820), and, on July 14, 2015, extended the stay until the parties reached impasse, (ECF No. 825).  Case proceedings resumed in earnest with a status conference on April 14, 2016, during which Judge Nuffer lifted the stay.  (ECF No. 871.)  DPIPH filed a reply in support of its Motion for More Definite Statement later that day.  (Reply Mem. in Further Support of Countercl. Def. DPHIH's Mot. for a More Definite Statement ("Reply"), ECF No. 872.)  In the Reply, DPIPH asserts that it has no relationship with DGI beyond the Court's Order to enter into agreements with DGI.  (*Id.* at 2.)  DPIPH emphasizes that the Court's Order "simply joins DPIPH as a party subject to the Court's jurisdiction for the purpose of maintaining control over the trademark and domain name" but does not impose or transfer liability for claims based on DGI's conduct.  (*Id.* at 5, 2.)  DPIPH notes that DGI remains a party in this case, so the allegations in the Fourth Amended Complaint continue to apply to DGI as pled.  (*Id.*)

Having considered the parties' briefing, the Court agrees with DPIPH that 4EverYoung and Equipmed should clarify the Fourth Amended Counterclaim to allow DPIPH to respond appropriately.  The Court observes the Fourth Amended Counterclaim lacks any explanation of how DPIPH enters the case and lacks specificity as to the theories of liability 4EverYoung and Equipmed assert against DPIPH.  Furthermore, a mere substitution of the name DPIPH for DGI renders the Counterclaim inaccurate, as DPIPH did not exist at the time of many of the alleged actions by DGI.

For clarity's sake, the Court GRANTS DPIPH's Motion for a More Definite Statement, (ECF No. 799).  DPIPH has the right to know the claims against it.  Pursuant to Rule 12(e), the

Court ORDERS Counterclaim Plaintiffs 4EverYoung and Equipmed to issue a more definite statement of any claims against Defendant DPIPH in the Fourth Amended Counterclaim within fourteen (14) days from the date of this Order.

DATED this 24th day of May, 2016.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge