IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-CV-00729-DN<br><br>District Judge David Nuffer |

The defendants have not complied with court orders. After repeated warnings, all counterclaims[1] made by 4EverYoung Limited and Equipmed International Pty Ltd. (referred to collectively as "4EverYoung") are STRICKEN and DISMISSED; Derma Pen's Answer[2] to those Counterclaims is STRICKEN; the preliminary injunction[3] based on those counterclaims is VACATED;  and all parties with claims against those defendants should file motions seeking default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

## BACKGROUND

4EverYoung asserts 11 counterclaims against Derma Pen, LLC, Michael E. Anderer, Jeremy Jones, MedMetics, LLC, and Dermagen International LLC (collectively referred to as

---

[1] Fourth Amended Counterclaim and Demand for Jury Trial (Counterclaims), docket no. 711, filed March 23, 2015.

[2] Michael Anderer's Answer to Fourth Amended Counterclaim, docket nos. 754 and 755, respectively filed April 12 and 13, 2015.

[3] Corrected Memorandum Decision and Order Granting in Part 4EverYoung's Motion for Preliminary Injunction Against Michael E. Anderer; Denying Michael Anderer's Motion to Vacate (Preliminary Injunction), docket no. 634, entered February 26, 2015.

"Derma Pen").[4]  4EverYoung is not, however, currently represented by counsel, violating multiple court orders.[5] After counsel withdrew due to 4EverYoung's failure "to pay Counsel fully for services rendered,"[6] 4EverYoung was ordered to file a notice of appearance of new counsel by June 21, 2016.[7] On June 24, 2016, 4EverYoung was granted an extension to make an appearance of counsel by June 27, 2016.[8] On June 27, an appearance was entered,[9] but in less than three weeks, on July 14, 2016, newly appearing counsel withdrew, stating that 4EverYoung "failed to timely provide a retainer as required by the engagement letter."[10] The following day, 4EverYoung was ordered to show cause "why [its] claims should not be stricken and why default judgment should not be entered against" it by August 1, 2016.[11] To date, no appearance has been made for 4EverYoung nor has it shown cause for why its claims should not be stricken and why default judgment should not be entered against it.

## DISCUSSION

"No corporation, association, partnership or other artificial entity may appear pro se but must be represented by an attorney who is admitted to practice in this court."[12] "An unrepresented party who fails to appear within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, may be subject to sanction pursuant to Federal

---

[4] Docket no. 711; claims against Michael J. Morgan and Chad Milton were voluntarily dismissed. *See* docket no. 861, filed March 18, 2016.

[5] Order Granting Motion for Leave to Withdraw as Counsel, docket no. 893, entered May 31, 2016; Docket Text Order, docket no. 900, entered June 24, 2016; Order to Show Cause, docket no. 909, entered July 14, 2016.

[6] Motion to Withdraw as Attorney and Memorandum in Support at 3, docket no. 890, filed May 26, 2016.

[7] Order Granting Motion for Leave to Withdraw as Counsel, docket no. 893, entered May 31, 2016.

[8] Docket Text Order, docket no. 900, entered June 24, 2016.

[9] Notice of Appearance of Counsel, docket no. 901, filed June 27, 2016.

[10] Motion to Withdraw as Attorney at 3, Docket no. 906, filed July 13, 2016.

[11] Order to Show Cause, docket no. 909, entered July 14, 2016.

[12] DUCivR 83-1.3(c).

Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[13] To determine whether sanctioning a party is appropriate, courts consider the following factors:

> (1) the degree of actual prejudice to the [compliant party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; . . . and (5) the efficacy of lesser sanctions.[14]

Here, 4EverYoung's failure to make an appearance long exceeds 21 days. And Marshall's suggestion in an email lodged August 2, 2016, that he "represent[s] . . . 4 Everyounf [sic] Limited" has no effect:[15] He is not licensed to practice law in this district nor any other district.

The judicial system has a "strong predisposition to resolve cases on their merits."[16] But when the aggravating factors outweigh that consideration, dismissal is an appropriate sanction.[17] Though striking and dismissing with prejudice 4EverYoung's counterclaims represents one of the most severe sanctions, it is justified after weighing the factors listed above.

### A.  4EverYoung's inaction prejudices Derma Pen.

According to *Ehrenhaus*, a party's actions prejudice the opposing party when they result in delay, significant attorneys' fees, or prolong the effect of "stigmatizing allegations."[18]

In this case, 4EverYoung has done little to prosecute its counterclaims. Its failure to respond to both Derma pen's motions and this court's orders, has, among other things, delayed discovery. In an effort to spur 4EverYoung into action, Derma Pen has filed numerous motions

---

[13] DUCivR 83-1.4(c)(5).

[14] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations and internal quotation marks omitted).

[15] August 2 Letter to Judge Nuffer from Stene Marshall, docket no. 915, lodged August 2, 2016.

[16] *Ehrenhaus*, 965 F.2d at 921 (quoting *Mead v. Grubbs*, 841 F2d 1512, 1521 n.7 (10th Cir. 1988)).

[17] *Id.*

[18] *Id.*

and requests.[19] This, of course, comes at a significant cost. And finally, 4EverYoung's allegations against Derma Pen have a stigmatizing effect.[20] The longer these claims take to resolve, the longer that effect taints Derma Pen's reputation. 4EverYoung received extraordinary relief in a preliminary injunction[21] based on these claims and cannot be permitted to benefit from the court when disregarding the court.

**B.  4EverYoung's failure to appear undermines the judicial process.**

Failure to have representation stymies the judicial process in at least two ways: First, unrepresented parties do not respond to court orders; and second, unrepresented parties do not respond to the opposing party's motions.

The most recent failures to respond to court orders typify 4EverYoung's disregard for this court and the consequences for failing to comply with its orders. On July 14, 2016, 4EverYoung was ordered to show cause why its counterclaims should not be stricken and why default judgment should not be issued against it.[22] Aside from one ill-conceived and improperly executed attempt by Stene Marshall, a non-attorney, to represent 4EverYoung,[23] it has not responded to this court order.

---

[19] Motion to Strike Pleadings, Dissolve Preliminary Injunction, and Dismiss Counterclaim Due to Failure to Appear or Appoint Counsel, docket no. 898, filed June 24, 2016; Renewed Motion to Strike Pleadings, Dissolve Preliminary Injunction, and Dismiss Counterclaim Due to Failure to Appear or Appoint Counsel, docket no. 910, filed July 29, 2016; Plaintiff/Counterclaim Defendant Derma Pen, LLC's Notice of Joinder in Counterclaim Defendants Renewed Motion to Strike Pleadings, Dissolve Preliminary Injunction, and Dismiss Counterclaim Due to Failure to Appear or Appoint Counsel, docket no. 912, August 1, 2016; Request for Court to Take Immediate Action to Enforce the Orders Memorialized Via Docket Nos. 893 and 909, docket no. 921, filed August 10, 2016; Request for Court to Take Immediate Action to Enforce the Orders Memorialized Via Docket Nos. 893 and 909, docket no. 922, filed August 11, 2016; Request to Submit for Decision re Docket no. 910, docket no. 926, August 19, 2016.

[20] *See, e.g.*, Counterclaims at 58 (Second Cause of Action for Breach of Covenant of Good Faith and Fair Dealing); 59 (Third Cause of Action for Common Law and Statutory Fraudulent Transfer); and 63 (Fourth Cause of Action for Unjust Enrichment).

[21] Preliminary Injunction, docket no. 634, entered February 26, 2015.

[22] Order to Show Cause, docket no. 909, entered July 14, 2016.

[23] August 2 Letter to Judge Nuffer from Stene Marshall, docket no. 915, lodged August 2, 2016.

Secondly, 4EverYoung has not responded to Derma Pen's motion for judgment on the pleadings, a dispositive motion.[24] Derma Pen filed the motion for judgment on the pleadings May 20, 2016. According to local rules, "A memorandum opposing motions filed pursuant to Fed. R. Civ. P. . . . 12(c) [Motion for Judgment on the Pleadings] . . . *must* be filed within twenty-eight (28) days after service of the motion or within such time as allowed by the court."[25] "Failure to respond timely to a motion may result in the court's granting the motion without further notice."[26] The appropriate time for 4EverYoung to respond to the motion would have been June 17, 2016. Two months have passed since that date and still no response is on record.

Failing to respond to court orders and failing to respond to motions by an opposing party are two of the surest ways to interfere with the judicial process.

### C. 4EverYoung caused the delay.

According to *Ehrenhaus*, one way of demonstrating that parties are culpable is when they, not their counsel, cause the delay.[27]

Here, 4 EverYoung has not paid its bills.[28] This is not a failure of counsel; this is a failure of 4EverYoung to properly finance representation. Therefore, 4EverYoung is culpable for creating this delay, and is consequently subject to sanctions.

---

[24] Counterclaim Defendants' 12(c) Motion for Judgment on the Pleadings and Memorandum in Support Thereof, docket no. 886, filed May 20, 2016.

[25] DUCivR 7.1(b)(3) (emphasis added).

[26] DUCivR 7.1(d).

[27] 965 F.2d at 921.

[28] *See* Motion to Withdraw as Attorney and Memorandum in Support, Docket no. 890, filed May 26, 2016 ("Defendants and Counterclaim Plaintiffs have failed to pay Counsel fully for services rendered"); Motion to Withdraw as Attorney, Docket no. 906, filed July 13, 2016 ("Despite Counsel's reasonable attempts to obtain a retainer, Clients have failed to timely provide a retainer as required by the engagement letter.").

### D.  4EverYoung was warned that severe sanctions would result from a failure to appear.

4EverYoung knew that sanctions, including striking and dismissing its counterclaims, were imminent. It was warned in the May 31, 2016, order: "Failure to timely file a notice of appearance of new counsel may subject the 4EverYoung Parties Defendants to sanctions pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[29] It was again warned in the June 24, 2016, order: "If no appearance of counsel is made by Monday, June 27, 2016, an order to show cause regarding dismissal will issue accordingly."[30] And finally, in the July 14, 2016, order, 4EverYoung was required to "show cause why [its] claims should not be stricken and why default judgment should not be entered against [it]."[31]

These three warnings individually, and certainly when taken together, are sufficient "notice that failure to comply with the court's order would subject" 4EverYoung to sanctions.[32]

### E.  A lesser sanction than striking and dismissing 4EverYoung's counterclaims will not resolve the issue.

A lesser sanction will not do. Rule 16(f)(1) of the Federal Rules of Civil Procedure states that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)." Those include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in party;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

---

[29] Order Granting Motion for Leave to Withdraw as Counsel, docket no. 893, entered May 31, 2016.

[30] Docket Text Order, docket no. 900, entered June 24, 2016.

[31] Order to Show Cause, docket no. 909, entered July 14, 2016.

[32] *Ehrenhaus*, 965 F.2d at 921.

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[33]

Though Derma Pen claims that because 4EverYoung is not represented by counsel, sanctions (ii) and (iv) are inapplicable, the court need not consider whether that assertion is true. As demonstrated above, 4EverYoung has been warned repeatedly that failure to comply with court orders would result in striking and dismissing their counterclaims, but have not complied. A lesser sanction is unlikely to bring about any result.

## ORDER

The 4EveryYoung Counterclaims[34] are STRICKEN and DISMISSED; Derma Pen's Answer[35] to those Counterclaims is STRICKEN; and the Preliminary Injunction based on those counterclaims[36] is VACATED. Therefore, Derma Pen's Renewed Motion to Strike Pleadings, Dissolve Preliminary Injunction, and Dismiss Counterclaim Due to Failure to Appear or Appoint Counsel[37] is GRANTED IN FULL.[38]

The following motions filed by Derma Pen are now MOOT:

1. Counterclaim Defendants' 12(b)(6) Motion to Dismiss and Memorandum in Support Thereof;[39]

---

[33] Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).

[34] Fourth Amended Counterclaim and Demand for Jury Trial (Counterclaims), docket no. 711, filed March 23, 2015.

[35] Michael Anderer's Answer to Fourth Amended Counterclaim, docket nos. 754 and 755, respectively filed April 12 and 13, 2015.

[36] Corrected Memorandum Decision and Order Granting in Part 4EverYoung's Motion for Preliminary Injunction Against Michael E. Anderer; Denying Michael Anderer's Motion to Vacate, docket no. 634, entered February 26, 2015.

[37] Docket no. 910, filed July 29, 2016.

[38] Necessarily, Plaintiff/Counterclaim Defendant Derma Pen, LLC's Notice of Joinder in Counterclaim Defendants Renewed Motion to Strike Pleadings, Dissolve Preliminary Injunction, and Dismiss Counterclaim Due to Failure to Appear or Appoint Counsel, docket no. 912, filed August 1, 2016, is also GRANTED IN FULL.

[39] Docket no. 790, filed April 27, 2015.

2. Counterclaim Defendants' 12(c) Motion for Judgment on the Pleadings and Memorandum in Support Thereof;[40]

3. Request for Court to Take Immediate Action to Enforce the Orders Memorialized Via Docket Nos. 893 and 909.[41]

Dated August 29, 2016.

BY THE COURT:

David Nuffer
United States District Judge

---

[40] Docket no. 886, filed May 20, 2016.

[41] Docket nos. 921 and 922, respectively filed August 10 and 11, 2016. Though not labeled as motions, the court treats them as such.