IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER**<br>• **DENYING [1023] MOTION TO STRIKE; and**<br>• **DENYING [1033] MOTION TO STRIKE**<br><br>Case No. 2:13-cv-00729-DN<br><br>District Judge David Nuffer |

Defendant Stene Marshall filed two motions: Motion to Strike in Part Plaintiff's Proposed Findings of Fact and Conclusions of Law (Motion to Strike Findings and Conclusions)[1] and Motion to Strike in Part Plaintiff's Proposed Final Judgment (Motion to Strike Final Judgment).[2] Derma Pen, LLC opposes both motions.[3] Marshall submitted reply memoranda.[4] Derma Pen objected to Marshall's Reply Supporting Motion to Strike Findings and Conclusions on numerous grounds.[5]

For the reasons stated below, both motions are DENIED.

---

[1] Docket no. 1023, filed March 31, 2017.

[2] Docket no. 1033, filed April 27, 2017.

[3] Opposition to "Motion to Strike in Part Plaintiff's Proposed Findings of Fact and Conclusions of Law" (Opposition to Motion to Strike Findings and Conclusions), docket no. 1026, filed April 6, 2017; Opposition to Motion to Strike in Part Proposed Final Judgment (Opposition to Motion to Strike Final Judgment), docket 1036, filed May 2, 2017.

[4] Reply to Opposition to Motion to Strike in Part Plaintiff's Proposed Findings of Fact and Conclusions of Law (Reply Supporting Motion to Strike Findings and Conclusions), docket no. 1030, filed April 25, 2017; Reply to Opposition to Motion to Strike in Part Proposed Final Judgment (Reply Supporting Motion to Strike Judgment), docket no. 1039, filed May 4, 2017.

[5] Objection to Docket No. 1030, docket no. 1037, filed May 2, 2017.

**DISCUSSION**

Marshall is proceeding pro se.[6] Therefore, his papers will be construed liberally and held to a less stringent standard than work drafted by lawyers.[7] However, Marshall's pro se status does not relieve him from complying with the rules, and the court will not act as his advocate.[8]

**1. The Motion to Strike Findings and Conclusions is denied.**

Among other reasons,[9] Marshall's Motion to Strike Findings and Conclusions must be denied because it does not comport with the local rules and because a certificate of his default has been entered.

**a. The Motion to Strike Findings and Conclusions does not conform with local rules.**

DUCivR 7-1(a)(1)(B) states that a memorandum in support of a motion must include "[o]ne or more additional sections including a recitation of relevant facts, supporting authority, and argument." And DUCivR 7-1(c) states:

> If any memorandum in support of or opposition to a motion cites documents, interrogatory answers, deposition testimony, or other discovery materials, relevant portions of those materials must be attached to or submitted with the memorandum when it is filed with the court and served on the other parties.

Marshall does not cite any supporting authority (legal or factual) in the Motion to Strike Findings and Conclusions. In the Reply Supporting Motion to Strike Findings and Conclusions,

---

[6] Notice of Appearance, docket no. 1022, March 31, 2017. There are allegations that Marshall's papers are being ghostwritten. Objection to Docket No. 1030 at 2 n.5. This is a serious allegation. If true, the attorneys involved may be subject to sanctions. *See Duran v. Carris*, 238 F.3d 1268 (10th Cir. 2001).

[7] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

[8] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (noting that the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants" (quotations and citations omitted)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

[9] Opposition to 1023 at 2–7.

Marshall adds what are at times cryptic references to documentary evidence,[10] but fails to attach any document. This does not suffice. A court cannot be required to hunt through a docket containing more than a thousand entries with many voluminous filings. The movant is obligated to marshal evidence.

Therefore, the Motion to Strike Findings and Conclusions is insufficient and merits denial.

### b. The procedural posture prevents argument contesting liability.

"The defaulting party cannot contest the fact of his liability unless the entry of default is vacated under Rule 55(c)."[11]

The clerk entered a certificate of default judgment against all defendants.[12] None of the defendants sought to set aside the entry of default under Federal Rule of Civil Procedure 55(c). Yet in this Motion to Strike Findings and Conclusions Marshall contests liability.[13] Therefore, the Motion to Strike Findings and Conclusions is improper and merits denial.

### 2. The Motion to Strike Final Judgment is denied.

The Motion to Strike Final Judgment is denied because Marshall cannot—as a non-attorney—represent the corporate parties and because Marshall's objections are untimely. Because these are determinative, it is not necessary to address other potential bases for dismissal.[14]

---

[10] *See, e.g.*, Reply Supporting Motion to Strike Findings and Conclusions at 4 n.7 ("Email from Chad Milton to Mike Morgan"); *id.* at 7 n.25 ("Email of Erik Feldsted to Mr. Morgan et al dated 9.7.12"); *id.* at 8 n.26 ("Deposition of Jeremy Jones in Chapter 11 proceedings in Delaware p164, lines 6-9").

[11] *VLM Food Trading Intern., Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

[12] Default Certificate as to All Defendants, docket no. 1002, entered January 31, 2017.

[13] *See, e.g.*, Motion to Strike Findings and Conclusions at 5 ("The Defendants have never misrepresented to the market the true source of the product or the status of the Plaintiff or the court proceedings nor sought to mislead or [sic] intentionally or otherwise deceive the market.").

[14] Opposition to Motion to Strike Final Judgment at 2–8.

### a. Marshall is not an attorney and corporations cannot be represented pro se.

Since January 20, 2017,[15] none of the corporate defendants has been represented in this case.

DUCivR 83-1.3(c) states that "[n]o corporation, association, partnership or other artificial entity may appear pro se but must be represented by an attorney who is admitted to practice in this court."

Therefore, Marshall cannot make any objections on behalf of the corporate defendants.

### b. Marshall objected too late to the proposed judgment.

Derma Pen correctly points out that even though Marshall styles this as a motion to strike, it is actually an objection to the proposed judgment. *Bryce v. Episcopal Church in the Diocese of Colorado*[16] states the "crucial element is the substance of the motion, not [how] it is labeled."[17] It does not matter whether Marshall objected to the proposed final judgment in whole or in part.[18] The Notice of Final Judgment[19] is not a pleading to be stricken. Therefore, Marshall's Motion to Strike Final Judgment will be construed as an objection.

DUCivR 54-1(b) states that the right to object to a proposed judgment is waived "if no objections are filed within seven (7) days of service."

---

[15] Order Granting Motion for Leave to Withdraw as Counsel, docket no. 998, entered January 20, 2017.

[16] 289 F.3d 648 (10th Cir. 2002).

[17] *Id.* at 654.

[18] Reply Supporting Motion to Strike Judgment at 2 (arguing that to be an objection it must attack the judgment as a whole).

[19] Docket no. 1016, filed March 17, 2017.

Derma Pen "served the proposed final judgment on March 17, 2017."[20] The latest Marshall had to object was March 27.[21] Marshall did not file these objections until April 27, 2017.

Therefore, Marshall's objections were made too late to be considered.

**ORDER**

IT IS HEREBY ORDERED that Marshall's Motion to Strike in Part Plaintiff's Proposed Findings of Fact and Conclusions of Law[22] is DENIED.

IT IS FURTHER HEREBY ORDERED that Marshall's Motion to Strike in Part Plaintiff's Proposed Final Judgment[23] is DENIED.

Signed May 8, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[20] Opposition to Motion to Strike Judgment at 2.

[21] Including the three-day mailing rule.

[22] Docket no. 1023, filed March 31, 2017.

[23] Docket no. 1033, filed April 27, 2017.