IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING**<br>• **[946] MOTION TO VACATE CONTEMPT ORDERS**<br>• **[1014] MOTION FOR RELEASE OF $130,00.00 BOND**<br>• **[1024] MOTION TO INTERVENE**<br><br>Case No. 2:13-cv-00729-DN<br><br>District Judge David Nuffer |

On May 9, 2017, Findings of Fact and Conclusions of Law; Order Granting [938, 943, 952, 944, 945, 1015, and 1017] Motions, Finding Moot [651 and 706] Motions; and Final Judgment Awarding Damages, Injunctive Relief, and Attorney's Fees and Costs (Findings of Fact and Conclusions of Law) was entered under seal.[1] This left the following motions unresolved:

- Motion and Supporting Memorandum to Vacate Contempt Orders (Motion to Vacate Contempt Orders).[2] In this motion, Third Party Defendant Michael Anderer moves to vacate certain contempt orders. Defendants oppose this motion.[3] Anderer replies in support of the motion.[4]

---

[1] Docket no. 1046, entered under seal May 9, 2017.

[2] Docket no. 946, filed October 21, 2016.

[3] Defendants' Opposition to Motion and Supporting Memorandum to Vacate Contempt Orders (Opposition to Motion to Vacate Contempt Orders), docket no. 975, filed December 8, 2016.

[4] Reply memorandum Supporting Docket No. 946, docket no. 982, filed December 22, 2016.

- Motion for Release of $130,000.00 [sic] Bond.[5] In this motion, Anderer moves for release of the $140,000.00 bond defendants posted as security for the preliminary injunction. This motion was unopposed by the defendants.
- Motion to Invervene [sic] and Enforce Attorney's Lien and Judgment (Motion to Intervene).[6] In this motion, third-party Magleby Cataxinos & Greenwood (MCG) moves for leave to intervene in this action and to enforce an attorney's lien and judgment. Anderer and Derma Pen, LLC (collectively "Derma Pen") oppose the motion.[7] MCG replies in support of the motion.[8]

For the reasons stated below, all three motions are DENIED.

**Table of Contents**

Background ........................................................................................................................... 3
Discussion ............................................................................................................................. 5
   1.   The $140,000 held as injunction bonds will not be released to Anderer as further sanctions to Defendants or because the injunctions were wrongfully entered. ...... 5
      a.   Further sanctions are not warranted. .......................................................... 5
      b.   Derma Pen and Anderer were not wrongfully enjoined. ............................ 6
   2.   The contempt orders will not be vacated. ............................................................... 9
   3.   MCG may not intervene at this time. .................................................................... 10
Order ................................................................................................................................... 12

---

[5] Docket no. 1014, filed March 17, 2017. In his motion, Anderer miscalculated the total amount held in the court's registry as injunction bond. There is currently $140,000.00 held in the court's registry as injunction bond.

[6] Docket no. 1024, filed April 5, 2017.

[7] Opposition to Motion to Intervene and Enforce Attorney's Lien and Judgment (Opposition to Motion to Intervene), docket no. 1027, filed April 19, 2017.

[8] Reply in Support of Magleby Cataxinos & Greenwood's Motion to Intervene and Enforce Attorney's Lien and Judgment, docket no. 1034, filed April 28, 2017.

# BACKGROUND[9]

Defendants were granted a temporary restraining order that prevented Derma Pen and any of its affiliates from transferring the trademark and domain name.[10] As security for this restraining order, defendants had to "post security in the amount of $10,000."[11] Later 4EverYoung was granted a temporary restraining order that forbade "Michael E. Anderer, his agents, servants, employees, and attorneys, and those acting in concert with them" from transferring or selling the "trademark and domain name to anyone other than 4EverYoung."[12] 4EverYoung was required to file "an additional bond in the amount of $10,000" as security.[13] And finally, Defendants were granted a preliminary injunction that similarly prevented any sale or transfer of the intellectual property.[14] As security for this injunction, 4EverYoung was required to "post $120,000 additional security."[15]

Anderer was later found to be in civil contempt of the TRO Against Derma Pen for his conduct performed on Derma Pen's behalf.[16] Anderer was ordered to pay Defendants' related attorneys' fees of $39,149.00.[17] Instead of being required to "immediately pay funds to"

---

[9] For a more detailed discussion of the facts in this case, *see* Findings of Fact and Conclusions of Law at 3–37.

[10] In Memorandum Decision and Order Granting in Part Defendants' Motion for Temporary Restraining Order (TRO Against Derma Pen) at 6, docket no. 451, entered December 23, 2014.*Id.* at 6.

[11] *Id.*

[12] In Order Granting 4EverYoung's Motion for Temporary Restraining Order Against Michael E. Anderer (TRO Against Michael E. Anderer) at 10–11, docket no. 505, filed January 21, 2015.

[13] *Id.* at 11.

[14] Corrected* Memorandum Decision and Order Granting in Part 4EverYoung's Motion for Preliminary Injunction Against Michael E. Anderer; Denying Michael Anderer's Motion to Vacate (Preliminary Injunction Against Michael E. Anderer) at 63–64, docket no. 634, entered February 26, 2015.

[15] *Id.*

[16] Memorandum Decision and Order Holding Michael E. Anderer in Contempt of Court for Violating December 23, 2014 Temporary Restraining Order and January 6, 2015 Preliminary Injunction, docket no. 762, entered April 15, 2015.

[17] Order at 8, docket no. 896, entered June 20, 2016.

Defendants, Anderer was allowed to "post a cash bond in the amount of the attorneys' fees award of $39,149.00"[18]

Anderer was also found to be in civil contempt of the Preliminary Injunction Against Michael E. Anderer.[19] In connection with this finding, Anderer was ordered to pay Defendants' related attorneys' fees of $10,988.38.[20] Instead of being required to "immediately pay funds to" Defendants, Anderer was allowed to "post a cash bond in the amount of the attorneys' fees award of $10,988.38."[21]

All told, $190,137.38 is currently held in the court's registry.[22]

Defendants stopped paying their attorneys.[23] After many warnings, all Defendants' counterclaims, some of which were against Anderer, were stricken and dismissed (Sanction Order),[24] and the Preliminary Injunction Against Michael E. Anderer was vacated.[25]

---

[18] *Id.* at 7–8.

[19] Memorandum Decision and Order Holding Michael E. Anderer in Contempt of Court for Violating February 2015 Preliminary Injunction, docket no. 763, entered April 15, 2015.

[20] Order at 7, docket no. 897, filed June 20, 2016.

[21] *Id.*

[22]

| Amount | Date Posted | Purpose |
|---|---|---|
| $10,000.00 | December 29, 2014 | Injunction Bond |
| $10,000.00 | January 22, 2015 | Injunction Bond |
| $120,000.00 | March 6, 2015 | Injunction Bond |
| $50,137.38 | July 1, 2016 | Contempt Bond |

[23] Findings of Fact and Conclusions of Law at 24–30, ¶¶ 86–110.

[24] Memorandum Decision and Order (Sanction Order) at 7, docket no. 928, filed August 29, 2016.

[25] *Id.*

Eventually, a certificate of default was entered against Defendants.[26] And default judgment was recently entered with detailed findings of fact and conclusions of law.[27]

## DISCUSSION

**1. The $140,000 held as injunction bonds will not be released to Anderer as further sanctions to Defendants or because the injunctions were wrongfully entered.**

Anderer argues that the $140,000.00 in injunction bonds should be released to him (a) because it would further sanction Defendants for failing to defend[28] or (b) because the TROs and preliminary injunctions were wrongfully entered.[29]

### a. Further sanctions are not warranted.

Anderer argues that because Defendants "fail[ed] to appear or appoint counsel"[30] and because the defendants "acted in bad faith, vexatiously and wantonly throughout the course of the litigation,"[31] they should be further sanctioned under Federal Rule of Civil Procedure 16(f)(1).

Rule 16(f)(1) states that "[o]n motion or on its own, the court may issue any just orders ... if a party or its attorney . . . (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order."

---

[26] Default Certificate as to All Defendants, docket no. 1002, filed January 31, 2017.

[27] *See* Findings of Fact and Conclusions of Law.

[28] Motion to Vacate Contempt orders at 4–5; Motion for Release of $130,000.00 Bond at 2.

[29] Motion to Vacate Contempt Orders at 5–8.

[30] *Id.* at 4–5.

[31] Motion for Release of $130,000.00 at 2.

Based on Rule 16(f)(1), Defendants counterclaims were stricken and dismissed;[32] the preliminary injunction based on those claims was vacated;[33] rights created or confirmed by any of the earlier decisions on motions for summary judgment were nullified and made void;[34] and Defendants Answer was stricken.[35]

Rule 16(f)(1) has done enough. These sanctions entered under Rule 16(f)(1) were previously determined to be the appropriate means for redressing Defendants' failure to appear or appoint counsel. Anderer fails to establish a sufficient basis for reconsideration of the prior determination as to the proper sanction for Defendants' conduct. And Anderer fails to establish additional conduct on the part of Defendants to warrant further sanctions. Therefore, further sanctions are not warranted.[36]

**b. Derma Pen and Anderer were not wrongfully enjoined.**

Anderer's argument that the injunctions were wrongfully entered relies on a series of inferences: "4EverYoung's failure to appear or appoint counsel supports an inference that 4EverYoung never intended to prosecute its claim for specific performance to final resolution, never intended to purchase the Trademark or Domain name, and did not have the requisite funds to do so in any event."[37] In short, Anderer argues that these inferences demonstrate that "at the time of issuance of the" injunctions, Defendants were not "likely to succeed on the merits."[38]

---

[32] Sanction Order at 7.

[33] *Id.*

[34] Findings of Fact and Conclusions of Law at 45–46.

[35] *Id.* at 38.

[36] And further, awarding Anderer the $140,000.00 as sanction to defendants may create issues of priority with those who already have liens against defendants because the basis for awarding the bond money would not be tethered to the purpose of the bond or a finding that the injunction was wrongfully entered.

[37] Motion to Vacate Contempt Orders at 7.

[38] *Id.* at 6.

Federal Rule of Civil Procedure 65(c) states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "To prevail in an action to recover on an injunction bond, the [movant] must prove that the injunction was wrongful and that he did have the right to engage in the enterprises enjoined."[39] "A Party has been wrongfully enjoined under Fed.R.Civ.P. 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act."[40] "[W]hether a party has been wrongfully enjoined or restrained is not always coextensive with a final adjudication on the merits."[41] "[W]here there is a finding that a defendant has been wrongfully enjoined, there is a presumption of recovery and the district court's discretion to deny damages is limited."[42]

To date, there has been no order or finding that Derma Pen and Anderer were wrongfully enjoined. The Sanction Order, which vacated the preliminary injunction against Anderer, did not vacate the preliminary injunction on the merits and it did not vacate the preliminary injunction nunc pro tunc. It was only vacated because of Defendants' failure to appoint counsel.[43] The Findings of Fact and Conclusions of Law do not suggest otherwise. Indeed, they explicitly state that

> Because 4EverYoung failed to reasonably participate in proceedings to establish the DERMAPEN Marks' value as required by the Sales Distribution Agreement and this Court's orders, any rights that 4EverYoung may have had to purchase the

---

[39] *Front Range Equine Rescue v. Vilsack*, 844 F.3d 1230, 1234 (10th Cir. 2017) (internal alterations omitted).

[40] *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) (internal quotation marks omitted).

[41] *U.S. D.I.D. Corp. v. Windstream Communications, Inc.*, 775 F.3d 128, 137 (2d Cir. 2014) (internal quotation marks omitted).

[42] *Front Range Equine Rescue*, 844 F.3d at 1234.

[43] Sanction Order at 6–7.

>DERMAPEN Marks or Domain Name *terminated in the course of the current litigation*.[44]

It does not say that Defendants' rights never existed or that Defendants' rights terminated prior to issuance of the injunctions. Defendants' rights terminated after they repeatedly failed to pay their attorneys and failed to participate in proceedings. No sooner.

Anderer has not demonstrated that the injunctions were wrongfully issued. And his numerous inferences are no substitute. First, as Defendants correctly point out[45] and Anderer acknowledges,[46] the injunctions were issued to protect "an *option* to purchase the Trademark or Domain Name."[47] They were not protecting an *obligation* on Defendants to purchase the Trademark or Domain Name. Inferring that Defendants would be incapable of actually buying the intellectual property because of their inability to pay their attorneys is not the only reasonable inference. Second, even if that inference had force, it still would have no bearing on determining whether the injunctions were properly issued at the time of issuance. Just because it is cloudy today does not mean it was cloudy yesterday or that it will be cloudy tomorrow. Clouds come and go. At the time the injunctions were issued, Defendants may have been financially capable and ready to purchase the Trademark and Domain Name. There have been no findings to the contrary. And even if days after the injunctions were entered—but before entry of the Sanction Order and Findings of Fact and Conclusions of Law—Defendants were incapable of paying their attorneys, there is nothing to suggest Defendants could not find well-funded investors to quickly right course and eventually buy the Trademark and Domain Name. Bottom line, Defendants'

---

[44] Findings of Fact and Conclusions of Law ¶ 9 at 39 (emphasis added).

[45] Opposition to Motion to Vacate Contempt Orders at 4–5.

[46] Motion to Vacate Contempt Orders at 6.

[47] *Id.* (emphasis added).

inability to pay and retain attorneys was a proper basis for the Sanction Order and for entering default judgment, but it does not bespeak wrongful enjoinment.

Finally, even though Derma Pen and related parties ultimately prevailed on default judgment, that does not necessarily mean they were wrongfully enjoined. The injunctions were entered to prevent Derma Pen and Anderer from selling the Trademark and Domain Name *at that time to any party other than defendants.*[48] At the time the injunctions were entered, Defendants had an option to buy the Trademark or Domain Name.[49] There has been no finding to the contrary. That option "terminated *in the course of the current litigation.*"[50] It would be different if it were ultimately determined that the defendants *never* had an option to purchase.

Therefore, Derma Pen and Anderer have not shown they were wrongfully enjoined. Derma Pen and Anderer did not "at all times [have] the right to do the enjoined act."[51] As detailed in the order below, it is appropriate that the $140,000.00 be released back to Defendants.

## 2. The contempt orders will not be vacated.

Anderer makes three arguments in support of vacating the contempt orders: first, that the orders should be vacated as further sanction for abandoning the litigation;[52] second, that

---

[48] *See* TRO Against Derma Pen at 6 ("Derma Pen, Its officers, agents, servants, employees, and attorneys, and those acting in concert, with them . . . [from] transfer[ing] the trademark and the domain name"); *see also* TRO Against Michael E. Anderer at 10–11 ("Michael E. Anderer, his agents, servants, employees, and attorneys, and those acting in concert with them . . . [from] transfer[ing] []or [selling] the trademark and the domain name to anyone other than 4EverYoung"); *see also* Preliminary Injunction Against Michael E. Anderer ("Anderer, his agents, servants, employees, and attorneys, and those acting in concert, with them . . . [from] transfer[ing] the Trademark or Domain Name or any interest therein of any kind or any obligation secured thereby except in connection with a foreclosure based on the Debtor In Possession (DIP) Financing").

[49] *See, e.g.*, Memorandum Decision and Order Granting 4EverYoung's 241 Motion for Partial Summary Judgment on Specific Performance and Granting in Part Defendants' 141 Motion for Preliminary Injunction at 13, docket no. 476, entered January 12, 2015.

[50] Findings of Fact and Conclusions of Law at 39, ¶ 9.

[51] *Nintendo of America*, 16 F.3d at 1036.

[52] Motion to Vacate Contempt Orders at 4–5.

Defendants "abandoned the litigation before the award of damages became final";[53] and third, that the restraining orders that Anderer was held in contempt for violating were wrongfully entered.[54] The first and third arguments were treated and rejected above and will not be discussed further.

Regarding finality, Anderer argues that there "were steps that Defendants still needed to take to make these damages their own. They did not do so. Accordingly, the Court should vacate the contempt orders and the concomitant award of damages."[55]

There is no rule that imposes additional obligations on the beneficiary of a contempt order to collect on the award of damages. The only reason Anderer was not required to "immediately pay funds" to Defendants was because of the pending appeals of those contempt orders.[56]

Though currently abated,[57] the appeal is still pending. These funds[58] will remain on the court's registry until the appeal is resolved.

### 3. MCG may not intervene at this time.

MCG argues that it should be allowed to intervene because it has "an interest in and attorney's lien on all monies posted by or for the benefit of Defendants in this action."[59] Anderer and Derma Pen oppose MCG's motion on numerous grounds.[60]

---

[53] *Id.* at 5.

[54] *Id.* at 5–8.

[55] *Id.* at 5.

[56] 896 Order at 7–8; 897 Order at 7.

[57] Minute Order of USCA 10th Circuit, docket no. 1047, entered May 16, 2017.

[58] Totaling $50,137.38.

[59] Motion to Intervene at 2.

[60] Opposition to Motion to Intervene at 1–10.

Federal Rule of Civil Procedure 24(a) states the terms under which a would-be intervenor is allowed to intervene by right:

(a) On timely motion, the court must permit anyone to intervene who . . . .

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

"Rule 24(a)(2), though speaking of intervention 'of right,' is not a mechanical rule."[61] It requires a "highly fact-specific" analysis.[62] The Advisory Committee Notes for the 1966 Amendments states, "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings." And further, "the Rule's reference to practical consideration in determining whether an applicant can intervene implies that those same considerations can justify limitations on the scope of intervention."[63]

It is not necessary to address MCG's arguments for and Anderer's arguments against intervention: MCG's intervention is unnecessary at this time. The case has reached a point where intervention would be inappropriate for the "efficient conduct of the proceedings." MCG only seeks limited intervention to protect its purported interest in the funds being held in the court's registry.[64] But, given the above determinations,[65] this is not the proper procedural avenue for effectuating their judgment and lien in a separate case.

---

[61] *San Juan Count, Utah v. U.S.*, 503 F.3d 1163, 1199 (10th Cir. 2007).

[62] *Id.*

[63] *Id.* at 1189.

[64] Motion to Intervene at 1–2.

[65] *Supra* Discussion Sections 1 and 2.

First, regarding the $140,000.00 injunction bond in the court's registry, MCG may still attempt to engage in typical collection proceedings including attachment or execution.[66] If Anderer appeals this order, MCG may renew this motion. At this time, intervention will not be permitted. After 21 days from entry of this order—barring valid collection proceedings or other action to stay—the $140,000.00 held as injunction bond in the court's registry will be released to Defendants.

Second, the funds being held as security for Anderer's contempt are subject to the disposition of the current appeal. Once the appeal is resolved or if Anderer abandons it, the question of who should receive the funds will be clearer.

Therefore, MCG is not allowed to intervene at this time.

**ORDER**

IT IS HEREBY ORDERED that the Motion and Supporting Memorandum to Vacate Contempt Orders[67] is DENIED.

IT IS FURTHER HEREBY ORDERED that the Motion for Release of $130,000.00 [sic] Bond[68] is DENIED.

IT IS FURTHER HEREBY ORDERED that the Magleby Cataxinos & Greenwood's Motion to Intervene and Enforce Attorney's Lien and Judgment[69] is DENIED.

IT IS FURTHER HEREBY ORDERED that 21 days from the entry of this order—barring valid collection proceedings or other action to stay—the clerk shall release the $140,000.00 held in the court's registry to 4EverYoung Limited at the following address:

    4EverYoung Limited

---

[66] *See* Fed. R. Civ. P. 64.

[67] Docket no. 946, filed October 21, 2016.

[68] Docket no. 1014, filed March 17, 2017.

[69] Docket no. 1024, filed April 5, 2017.

70 North End Road
West Kensington
LONDON
W14 9EP
UNITED KINGDOM

Signed June 7, 2017.

                        BY THE COURT

                        District Judge David Nuffer