James E. Magleby (7247)
  magleby@mcgiplaw.com
Christine T. Greenwood (8187)
  greenwood@mcgiplaw.com
Christopher M. Von Maack (10468)
  vonmaack@mcgiplaw.com
**MAGLEBY CATAXINOS & GREENWOOD**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Attorneys for Magleby Cataxinos & Greenwood

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **DERMA PEN, LLC,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**4EVERYOUNG LIMITED, DERMAPENWORLD, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD,**<br><br>        **Defendants.** | **MAGLEBY CATAXINOS & GREENWOOD'S OPPOSITION TO DERMA PEN'S APPLICATION FOR WRIT OF EXECUTION** |
| **4EVERYOUNG LTD. and EQUIPMED INTERNATIONAL PTY. LTD.,**<br><br>        **Counterclaim Plaintiffs,**<br><br>**v.**<br><br>**DERMA PEN, LLC, MICHAEL E. ANDERER, JEREMY JONES, MICHAEL J. MORGAN, CHAD MILTON, MEDMETICS, LLC, DERMA PEN IP HOLDINGS, LLC, and JOHN DOES 1-25,**<br><br>        **Counterclaim Defendants.** | **Case No. 2:13-CV-00729-DN-EJF**<br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Evelyn J. Furse** |

The law firm of MAGLEBY CATAXINOS & GREENWOOD ("MCG") respectfully submits its opposition to the Application for Writ of Execution (the "Application")[1] filed by Plaintiff Derma Pen, LLC ("Derma Pen").

## INTRODUCTION

MCG respectfully requests that the Court deny Derma Pen's Application and decline to issue the writ of execution requested by Derma Pen.  Derma Pen seeks to execute against certain funds held in the Court's registry and posted by Defendants as security for injunctions entered in their favor in this case (the "Bond Funds").  Derma Pen's Applications should be denied for two reasons.  First, MCG's attorney's lien has priority over Derma Pen's alleged rights, including because MCG has had a perfected attorney's lien against defendants, which is attached specifically to the Bond Funds, for over a year, and Derma Pen has been on notice of MCG's lien for at least that same time period.  Under Utah law, Derma Pen's subsequently-obtained judgment, to the extent it could apply to the Bond Funds, is behind MCG's interest in those funds. Derma Pen's Application must also be denied because it is facially defective, in that it fails to identify MCG as a party with an interest in the Bond Funds, as required by Utah Rule of Civil Procedure 64E.  Derma Pen's Application should be denied.

## RELEVANT BACKGROUND

MCG previously represented Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs 4EverYoung, Ltd. ("4EverYoung"), Biosoft Pty. Ltd., Equipmed International ("Equipmed"), Stene Marshall ("Marshal"), and various other entities owned

---

[1] Doc. 1053, filed June 7, 2017.

and controlled by Marshall, including Equipmed USA, LLC ("Equipmed USA") and

Artland Holdings, Ltd. ("Artland") (collectively, "Defendants").

Under Utah law, MCG has, and has had for significantly over a year, an

attorney's lien for the "balance of compensation due"[2] from Defendants, which lien

"commence[d] at the time of employment of the attorney by the client"[3] in late 2013.[4]  As

permitted under the Utah Attorney's Lien Statute,[5] MCG perfected its lien by filing a

Notice of Attorney's Lien[6] in this matter on May 27, 2016—over a year ago.  The lien, as

well as the agreements underlying the lien, specifically identified the Bond Funds as an

asset against which the lien attached.  In particular, as referenced in the Notice of

Attorney's Lien, and as expressly agreed by Defendants in a Payment Plan Agreement[7]

with MCG dated June 8, 2015, MCG's lien rights apply to "[t]he monies held as security

in the Utah District Court . . . in the Utah Litigation for the temporary restraining orders

and preliminary injunctions entered against [Derma Pen and Anderer] as a result of

---

[2] UTAH CODE ANN. § 38-2-7(3) ("An attorney shall have a lien for the balance of compensation due from a client on any money or property that is the subject of or connected with work performed for the client. . . .").

[3] *Id.* ("An attorney's lien commences at the time of employment of the attorney by the client.").

[4] *See, e.g.*, Notice of Appearance of Counsel, Doc. 33, filed October 16, 2013.

[5] *See* UTAH CODE ANN. § 38-2-7(5) (allowing an attorney to file a notice of lien "in a pending legal action in which the attorney has assisted or performed work for which an attorney has a lien under this section").

[6] *See* Doc. 891, filed May 27, 2016.

[7] A copy of the Payment Plan Agreement, executed by counsel on behalf of Marshall and his entities, is attached as Exhibit "1."

motions [filed] and prosecuted by [MCG], which amounts total $140,000 (the "Bond Funds")." [8]

MCG also filed a Notice of Attorney's Lien[9] in an independent action filed on May 19, 2016, by MCG against Defendants and related entities, styled *Magleby & Greenwood, P.C. v. Marshall*, 2:16-cv-00421-DB ("*MCG v. Marshall*").  On December 7, 2016, MCG obtained a default judgment against Equipmed USA,[10] the United States entity formed by Marshall for purposes of selling the Derma Pen in the United States,[11] in *MCG v. Marshall*.  Both Equipmed USA and 4EverYoung are wholly owned by Artland, which in turn is wholly owned by Marshall.[12]

After filing obtaining a judgment against Equipmed USA in *MCG v. Marshall*, MCG sought leave to intervene in this action for purposes of enforcing its attorney's lien and judgment to obtain the Bond Funds.[13]  MCG sought that relief under both Rule 24(a)(2) of the Federal Rules of Civil Procedure and Utah Code Ann. § 38-2-7(4)(a), which expressly provides that "[a]n attorney may *enforce* a lien under this section by: (i) moving to intervene in a pending legal action: (A) in which the attorney has assisted or

---

[8] Notice of Attorney's Lien at 3-4, Doc. 891.

[9] *See* Notice of Attorney's Lien, Doc. 3 in *MCG v. Marshall*.

[10] *See* Default Judgment, *MCG v. Marshall*, Doc. 21.

[11] *See* 10-20-13 Deposition of Stene Marshall at 26-27, excerpts attached as Exhibit "2."

[12] *See* 6-5-14 Deposition of Stene Marshall at 34-38, 41, excerpts attached as Exhibit "3."

[13] *See* Magleby Cataxinos & Greenwood's Motion to Intervene and Enforce Attorney's Lien and Judgment, Doc. 1024.

performed work; or (B) in which property subject to the attorney's lien may be disposed of or otherwise encumbered."[14]  The Court denied MCG's request for leave to intervene on June 7, 2017, at which time the Court also held that Michael Anderer ("Anderer") had no right to the Bond Funds.[15]

Within hours of the Court's June 7, 2017 Order –despite its actual knowledge of MCG's attorney's lien – Derma Pen filed the Application in an effort to execute on and thereby obtain the Bond Funds,[16] based upon its May 8, 2017 judgment against Defendants.[17]  On the following day, having reviewed the Court's June 7, 2017 Order, MCG filed an Application for Writ of Execution ("MCG's Application") in the *MCG v. Marshall* matter.[18]  MCG also filed a notice in this case of its Application,[19] thereby providing notice to Derma Pen and the other parties in this action of the same.

Derma Pen's Application should be denied because any interest it may have in the bond funds is subordinate to MCG's and because the Application is facially defective.

---

[14] Utah Code Ann. § 38-2-7(4)(a) (emphasis added).

[15] *See* 6-7-17 Memorandum Decision and Order, Doc. 1050.

[16] *See* Doc. 1053.

[17] *See* 5-8-17 Final Judgment, Doc. 1043.

[18] *See MCG v. Marshall*, Doc. 22.

[19] *See* Doc. 1056.

**ARGUMENT**

I.   **DERMA PEN'S APPLICATION SHOULD BE DENIED BECAUSE MCG'S ATTORNEY'S LIEN AND JUDGMENT HAVE PRIORITY OVER DERMA PEN'S SUBSEQUENTLY-OBTAINED JUDGMENT.**

Under the plain language of the Utah Attorney's Lien Statute, an attorney's lien takes priority over any subsequently-obtained interest in a former client's property, where the party who obtains the second-in-time interest is aware or has constructive knowledge of the attorney's lien. Here, MCG has both a prior-in-time attorney's lien on the Bond Funds and a prior-in-time judgment against a party with an interest in the Bond Funds. As such, any interest Derma Pen has in the Bond Funds is subordinate to MCG's, and Derma Pen cannot be allowed to execute on the Bond Funds.

More specifically, the plain language of the Utah Attorney's Lien Statute provides both that an attorney's lien commences at the time the attorney is retained[20] and that any later-obtained interest in the same property is subordinate to the attorney's lien:

> *Any* person who takes an interest in *any* property, other than real property, that is subject to an attorney's lien with actual or constructive knowledge of the attorney's lien, takes the interest *subject to the attorney's lien*.[21]

Utah case law accords with this principle. Once a lien has attached at the commencement of the attorney's services, the lien "cannot be defeated by a subsequent attachment or garnishment."[22]

---

[20] UTAH CODE ANN. § 38-2-7(3) ("An attorney's lien commences at the time of employment of the attorney by the client.").

[21] *Id.* § 38-2-7(8) (emphases added).

[22] *Lundy v. Cappuccio*, 181 P. 165, 167 (Utah 1919) (remanding for determination of amount due to attorneys, followed enforcement of the lien amount as against proceeds

In this case, MCG has a priority interest in the Bond Funds and, because the amount of the Bond Funds is insufficient to satisfy the amount of MCG's lien, MCG is the only party who should be permitted to execute on those funds.  MCG's attorney's lien is proper, perfected, and enforceable by execution on the Bond Funds.  MCG long ago filed notice of its attorney's lien in both this case and *MCG v. Marshall*; MCG filed a UCC-1 financing statement was properly and timely filed in the Utah Department of Commerce in August 2015;[23] MCG has repeatedly attempted to collect from Defendants;[24] the lien has been liquidated to the specific sum of $772,898.21, and MCG has a final judgment against an entity with an interest in the funds;[25] Derma Pen is and has been on actual notice of the lien for nearly a year;[26] and the lien has specifically attached to the Bond Funds.[27]  And, under the unequivocal language of the Utah

---

of the judgment in the hands of judgment creditors); *Eastmond v. Earl*, 912 P.2d 994, 996 (Utah Ct. App. 1996) (holding that attorney was free to pursue defendant for judgment obtained by plaintiff where plaintiff could not pay attorney and defendant was on notice of lien); see *also Potter v. Ajax Mining Co.,* 57 P. 270, 272 (1899) (holding defendant who had notice of plaintiff's attorney lien could not fraudulently defeat lien by settling directly with plaintiff without knowledge of plaintiff's attorney).

[23] A copy of the financing statement is attached as Exhibit "4."

[24] *Eastmond*, 912 P.2d at 996 ("To be enforceable, notice of attorney lien must be given to defendant and attorney must first attempt to collect from party receiving proceeds.") (interpreting prior version of Attorney's Lien Statute).

[25] *See* Default Judgment, *MCG v. Marshall*, Doc. 21.

[26] *See* Notice of Attorney's Lien, Doc. 891.

[27] *See* Notice of Attorney's Lien (referencing terms of Payment Plan Agreement and lien as encompassing "[t]he monies held as security in the Utah District Court . . . in the Litigation for the temporary restraining orders and preliminary injunctions entered against [Derma Pen and Anderer] as a result of motions [filed] and prosecuted by

Attorney's Lien Statute, to the extent Derma Pen claims any interest in the Bond Funds, it does so only "subject to" MCG's priority interest.  MCG's interest in the Bond Funds is also superior to Derma Pen's by virtue of the judgment it obtained against Equipmed USA in December 2016,[28] roughly six months before Derma Pen obtained its judgment.

Accordingly, to the extent Derma Pen has any interest in the Bond Funds, that interest is subordinate to MCG's.  Derma Pen cannot be allowed to execute on the Bond Funds, and its Application should be denied.

## II.   DERMA PEN'S APPLICATION MUST ALSO BE DENIED AS DEFECTIVE.

Derma Pen's Application should also be rejected because it is defective.  Rule 64E of the Utah Rules of Civil Procedure, applicable by virtue of Rule 64 of the Federal Rules of Civil Procedure, requires a party filing an application for a writ of execution to state the name of "any person known to the [applicant] to claim an interest in the property."  Utah R. Civ. P. 64E(b)(3).  Derma Pen is aware that MCG claims an interest in the property at issue, including because of MGC's Notice of Attorney's Lien and its motion to intervene and enforce as against the Bond Funds.  Because Derma Pen's Application fails to comply with the requirement that all interested parties (*i.e.*, MCG) be identified, the Application should be denied.

---

[MCG], which amounts total $140,000 (the "Bond Funds")), Doc. 891; *see also* Payment Plan Agreement, Ex. 1.

[28] *See* Default Judgment, *MCG v. Marshall*, Doc. 21.

**CONCLUSION**

MCG's attorney's lien and judgment interest in the Bond Funds has priority over Derma Pen's judgment and attempt to execute on the same, and Derma Pen's Application is defective because it does not comply with Rule 64E of the Utah Rules of Civil Procedure.  Accordingly, Derma Pen's Application should be denied, such that MCG may proceed with its execution in *MCG v. Marshall*.

DATED this 12th day of June, 2017.

**MAGLEBY CATAXINOS & GREENWOOD**

/s/ Christine T. Greenwood

James E. Magleby
Christine T. Greenwood
Christopher M. Von Maack
Geoffrey K. Biehn

*Attorneys for Magleby Cataxinos & Greenwood*

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS &

GREENWOOD, 170 South Main Street, Suite 1100, Salt Lake City, Utah 84101, and that

pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of

the foregoing **MAGLEBY CATAXINOS & GREENWOOD'S OPPOSITION TO DERMA**

**PEN'S APPLICATION FOR WRIT OF EXECUTION** was delivered to the following this

12th day of June, 2017 by CM/ECF:

Michael B. Bennett
  mbennett@ymail.com
590 South State Street
Orem, Utah 84058

Nathan D. Alder
  Nathan.Alder@chrisjen.com
Bryson R. Brown
  Bryson.Brown@chrisjen.com
CHRISTENSEN & JENSEN, PC
357 East 200 South, Suite 1100
Salt Lake City, Utah 84111

*Attorneys for Plaintiff Derma Pen LLC &*
*Third-Party Defendants Michael E.*
*Anderer, Jeremy Jones, Michael J.*
*Morgan, Chad Milton*

David W. Scofield
Andrew R. Kolter
PETERS SCOFIELD
7430 Creek Road, Suite 303
Salt Lake City, Utah 84093-6160

Ryan P. Gillan
Clayton, Howarth & Cannon
P.O. Box 1909
Sandy, Utah 84091

[X]  Via Electronic Mail

4EverYoung Ltd.
BioSoft
Equipmed International
Equipmed USA
Stene Marshall
  stene@equipmed.com
56 Myoora Road
Terrey Hills NSW 2084


/s/ Janae Kidd _____

5