IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 4EVERYOUNG LIMITED, BIOSOFT (AUST) PTY LTD d/b/a DERMAPENWORLD, EQUIPMED INTERNATIONAL PTY LTD d/b/a DERMAPENWORLD, and STENE MARSHALL d/b/a DERMAPENWORLD, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br> • **GRANTING [1060]** <br> • **DENYING [1059]** <br> • **FINDING MOOT [1053] AND [1061]** <br><br> Case No. 2:13-cv-00729-DN <br><br> District Judge David Nuffer |

The facts in this case are provided in detail in the Findings of Fact and Conclusions of Law.[1] The plaintiff Derma Pen, LLC and Michael Anderer were awarded judgment against the defendants.[2] Magleby Cataxinos & Greenwood (MCG)[3] has an attorney's lien against defendant Equipmed International in MCG's collection action against defendants.[4] While MCG was representing defendants, $140,000 was deposited by defendants in the court's registry for injunction security.[5] Also during MCG's representation, Anderer was found to be in civil contempt and ordered to pay defendants' related attorneys' fees, totaling $50,137.38.[6] Because

---

[1] Docket no. 1049, filed May 9, 2017.

[2] Final Judgment, docket no. 1043, filed May 8, 2017.

[3] MCG was granted limited intervention in this case. Docket Text Order, docket no. 1057, filed June 12, 2017. MCG's intervention is limited to responding to and making motions related to its collection efforts. *Id.*

[4] *See Magleby & Greenwood v. Marshall et al*, Case no. 2:16-cv-00421-DB.

[5] *See* Memorandum Decision and Order (1050 Mem. Dec.) at 3, docket no. 1050, filed June 7, 2017 (detailing the various deposits made for injunction security).

[6] *Id.* at 3–4.

Anderer's appeal of the contempt orders was pending, the money deposited by defendants totaling $50,137.38 was placed in the court's registry.[7]

To collect the $140,000.00, Derma Pen and Anderer each filed applications for writs of garnishment[8] and, as an alternative means, applications for writs of execution.[9] MCG filed a notice of filing indicating that it had also applied for writ of garnishment in its case against the defendants.[10] Anderer's writ of garnishment and writ of execution also seeks to collect the $50,137.38.[11]

For the reasons stated below, Derma Pen's application for writ of garnishment is GRANTED, Anderer's application for writ of garnishment is DENIED, and both parties' applications for writs of execution are MOOT.

## DISCUSSION

MCG states that it is entitled to the funds held in the court's registry because its "lien has priority over Derma Pen's alleged rights, including because MCG has had a perfected attorney's lien against defendants, which is attached specifically to the Bond Funds, for over a year, and Derma Pen has been on notice of MCG's lien for at least that same time period."[12] Derma Pen

---

[7] *Id.* at 4.

[8] Michael Anderer's Application for Writ of Garnishment, docket no. 1059, filed June 19, 2017; Derma Pen, LLC's Application for Writ of Garnishment, docket no. 1060, filed June 19, 2017.

[9] Application for Writ of Execution, docket no. 1053, filed June 7, 2017; Michael Anderer's Application for Writ of Execution, docket no. 1061, filed June 19, 2017.

[10] Notice of Filing in Case No. 2:16-cv-00421-DB Application for Writ of Garnishment on Injunction Bonds Posted in Case No. 2:13-cv-00729-DN-EJF, docket no. 1062, filed June 22, 2017.

[11] Michael Anderer's Reply Memorandum in Support of Writs of Execution and Garnishment (Michael Anderer's Reply) at 8–9, docket no. 1071, filed July 5, 2017.

[12] Magleby Cataxinos & Greenwood's Opposition to Derma Pen's Application for Writ of Execution at 2, docket no. 1058, filed June 12, 2017.

responds that MCG is not entitled to the $140,000.00 because it "does not represent the fruits" of MCG's labor and because a judgment has priority over the losing party's attorney's lien.[13]

Additionally, Anderer argues that "in light of [his] right to offset judgment, the Court also should return the $50,137.38 to [him] immediately."[14] Anderer reasons that regardless of how the Tenth Circuit rules on the pending appeal, he "would be entitled to return of the $50,137.38, so there is no need to wait for the Tenth Circuit to rule before so doing."[15]

**1. Because Derma Pen's judgment has priority, Derma Pen is entitled to the $140,000 injunction security.**

Derma Pen's judgment has priority over MCG's attorney's lien. Utah Code § 38-2-7 states in relevant part that an "attorney shall have a lien for the balance of compensation due from a client on any money or property owned by the client that is the subject of or connected with work performed for the client."[16] It may be that under Section 38-2-7 a lien only attaches if the matter or action resolves "in the client's favor."[17] But even if not, Derma Pen's judgment has priority over MCG's lien.

Derma Pen makes the correct intuitive argument that to give the losing party's attorney's lien priority over the prevailing party's judgment would be absurd:

> [C]onstruing the Lien Statute so as to give a losing party's attorney lien rights that supersede the rights of the winning party is an absurd result . . . . Indeed, such a

---

[13] Reply Memorandum in Support of Writ of Execution (Derma Pen's Reply) at 3–8, docket no. 1068, filed June 26, 2017.

[14] Michael Anderer's Reply at 9.

[15] Michael Anderer's Reply at 9.

[16] Utah Code § 38-2-7(2).

[17] Utah Code § 38-2-7(2)(c); Reply at 3–8. *See also Midvale Motors, Inc. v. Saunders*, 21 Utah 28 181, 184 (Utah 1968) (the statue "gives a lien to the attorney on the fruits of his labor so as to protect him against an unjust enrichment on the part of a nonpaying client. It is not intended to give a general lien on any other assets of the client. If the attorney's work is sterile and produces no fruit, then he has no lien."); *Transamerica Cash Reserve, Inc. v. Dixie Power and Water, Inc.*, 789 P.2d 24, 27 (Utah 1990) (the statute "clearly allows attorney to attach only the proceeds of the work he or she has performed, that is, the proceeds of a judgment obtained in his or her client's favor. Here, the attempt is merely to levy on a client's existing assets.").

3

result effectively would punish a prevailing party for a losing party's failure to pay its legal bills.[18]

Derma Pen is the prevailing party. Even though Derma Pen and Anderer were not wrongfully enjoined,[19] as the prevailing party, Derma Pen's judgment is accorded priority over MCG's attorney's lien. The injunctions related to one of the core issues in the litigation, *i.e.*, ownership and control of the intellectual property. Therefore, to now give the losing party's attorney's lien priority would, as Derma Pen argues, punish the prevailing party. Derma Pen's judgment has priority as toward the $140,000.00 held in the court's registry as injunction security.

2. **Because the $50,137.38 relates to an ancillary issue, it will remain in the court's registry until resolution of Anderer's appeal.**

Anderer does not have offset priority as to the $50,137.38. Anderer cites the Missouri Court of Appeals for the proposition that when

> different claims arise in the course of the same suit, or in relation to the same matter, it is undoubtedly equitable and just that these equities should be arranged between the parties without reference to the solicitor or attorney's lien[,] [which] lien is only on the clear balance due to his client after all the equities are settled.[20]

Under Utah law, however, an attorney's lien has priority. In *Victor Gold & Silver Min. Co. v. National Bank of the Republic*,[21] the Utah Supreme Court stated that the "right of lien is paramount to that of the parties to a set-off of mutual demands. It cannot be defeated by a discharge of the client. It is of the highest equity, and is entitled to the fullest protection."[22]

---

[18] Derma Pen LLC's Reply Memorandum in Support of Writ of Garnishment at 10, docket no. 1072, filed July 5, 2017.

[19] 1050 Mem. Dec. at 6–9.

[20] *Reed v. Reed*, 10 S.W.3d 173, 179 (Mo. Ct. App. 1999).

[21] 55 P. 72 (Utah 1898).

[22] *Id.* at 74; *see also* Priority Between Attorney's Charging Lien Against Judgment and Opposing Party's Right of Setoff Against Same Judgment, 27 ALR 5th 764, Section II, § 3 (originally published 1995) ("as between an attorney's charging lien for service rendered the client in securing this judgment, and the opposing party's right to

That makes especially good sense in this case. The attorney's fees were awarded in a completely ancillary matter, *i.e.*, prosecuting Anderer's disregard for prior court orders. It was not integral to the issues on which Derma Pen or Anderer are now deemed the prevailing parties. And further, to give Anderer's judgment priority over MCG's attorney's lien would effectively undermine the purpose of the contempt orders. Therefore, the $50,137.38 Anderer paid to satisfy the judgment for attorney's fees will remain in the court's registry until the resolution of Anderer's appeal.

---

set off this judgment against moneys owed by the client to the opposing party, the attorney's lien generally has priority.").

**ORDER**

IT IS HEREBY ORDERED that Derma Pen, LLC's Application for Writ of Garnishment[23] is GRANTED.

IT IS FURTHER HEREBY ORDERED that Michael Anderer's Application for Writ of Garnishment[24] is DENIED.

IT IS FURTHER HEREBY ORDERED that Application for Writ of Execution[25] and Michael Anderer's Application for Writ of Execution[26] are MOOT.

IT IS FURTHER HEREBY ORDERED that the $50,137.38 being held in the court's registry will remain in the registry until the resolution of the appeal.

IT IS FURTHER HEREBY ORDERED that there shall be a stay of 30 days from the entry of this order before the $140,000 is released to Derma Pen, LLC. Prior to the stay being lifted, Derma Pen shall provide the court with a current address for remittance of the $140,000.

Signed September 1, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[23] Docket no. 1060, filed June 19, 2017.
[24] Docket no. 1059, filed June 19, 2017.
[25] Docket no. 1053, filed June 7, 2017.
[26] Docket no. 1061, filed June 19, 2017.