IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMAPEN, LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, DERMAPEN WORLD, BIOSOFT, EQUIPMED INTERNATIONAL, STENE MARSHALL, et al.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO ENFORCE PERMANENT INJUNCTION**<br><br>Case No. 2:13-cv-00729-DN-EJF<br><br>District Judge David Nuffer |

Plaintiff Dermapen, LLC filed its Ex Parte and Emergency Motion to Enforce Permanent Injunction; Issuance of AO451 ("Motion")[1] asking for "a Certification of Judgment on the Injunction to allow Plaintiff to certify the Injunction in the United States District Court, District of Nevada and other jurisdictions to which Defendants continue to act and prevent Defendants from continuing to act in violation of this Court's Permanent Injunction."[2]

The following facts are alleged in Plaintiff's Motion.[3]

2. On May [8], 2017, this Court issued its Final Order and Permanent Injunction [("Final Judgment")] in favor of Plaintiff and against Defendants. (See Docket No. 104[3]).

3. On June 7, 2017, Defendant Stene Marshall filed a Notice of Appeal with the 10th Circuit Court of Appeals appealing the [Final Judgment]. (See Docket No. 1051).

---

[1] Docket no. 1139, filed June 5, 2018.

[2] *Id*. at 4.

[3] *Id*. at 2.

> 4. Defendant Stene Marshall filed the appeal *pro se* and no other Defendant filed any appeal on the [Final Judgment].
>
> 5. On June 5, 2018, the 10th Circuit affirmed this Court's [Final Judgment] by written decision.
>
> \*\*\*
>
> 16. No other Defendant, other than Stene Marshall filing *pro se*, applied for appeal on the [Final Judgment] . . . .[4]

Plaintiff's Motion also correctly notes that "no order has been issued by this Court effectively staying the enforcement of the permanent injunction . . . ."[5]

> Rule 62(a)(1) states in pertinent part:
>
> [U]nless the court orders otherwise, the following are not stayed after being entered, even after an appeal is taken:
>
> (1) . . . [a] final judgment in an action for an injunction . . . .[6]

But this does not resolve whether a Certificate of Judgment may issue in this case.

> Registration of a final judgment is governed by 28 U.S.C. § 1963, which states:
>
> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

The mandate returning the case to this court has not yet issued, so the appeal is not completely terminated. Therefore, under § 1963, Plaintiff must, at this date, show good cause to obtain an order certifying the Final Judgment for registry in another district. "While the Tenth

---

[4] *Id*. at 2, 4.

[5] *Id*. at 5.

[6] *See also California v. Leavell,* 220 F.3d 562, 565–66 (7th Cir. 2000).

Circuit has not spoken regarding what constitutes good cause in this setting, other courts have stated that the 'good cause requirement may be satisfied if the judgment debtor has substantial property in a foreign district and insufficient property in the rendering district to satisfy the judgment.'"[7]

"Traditional injunctions . . . are not registrable under § 1963 because that would be pointless: they act *in personam* nationwide."[8] But this is not a barrier to certifying the Final Judgment for registration in this case. The Final Judgment granted a permanent injunction[9] and a money judgment against Stene Marshall and others for "$11,907,320.00 in monetary damages and $3,668,007.53 attorneys' fees and costs."[10]

In *Stiller v. Hardman*, the Second Circuit held that "had [the district court] only issued an injunction order[,] its judgment order would not have been registrable, but inasmuch as the [district court's] judgment contained, together with an injunction order, an award for damages, the entire . . . judgment [wa]s nominally registrable but the injunctive portion thereof [wa]s not enforceable [in the district of registration.]"[11] Therefore, the Final Judgment in this case might be certified for registry in another court, and enforceable as to the portion of the Final Judgment awarding money damages where registered, but the permanent injunction portion is not.

Plaintiff was asked in the June 7, 2018 hearing to provide evidence of property in another district and insufficient property in this district for purposes of establishing good cause under § 1963. Plaintiff failed to do so. Therefore, Plaintiff has failed to demonstrate good cause for

---

[7] *Republic Bank v. Amtec Precision Prod., Inc.*, No. 1:06-CV-112 TS, 2008 WL 410130, at *1 (D. Utah Feb. 12, 2008) (quoting *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1162 (E.D. Pa. 1993)).

[8] *Pac. Reinsurance Mgmt. Corp. v. Fabe*, 929 F.2d 1215, 1218 (7th Cir. 1991) (internal citations omitted).

[9] Final Judgment at 2-4, docket no. 1043, filed May 8, 2017.

[10] *Id*. at 1.

[11] 324 F.2d 626, 628 (2d Cir. 1963).

registration of the Final Judgment in another district pending completion of the appeal. Plaintiff is not entitled to a Certificate of Judgment at this time.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Ex Parte and Emergency Motion to Enforce Permanent Injunction; Issuance of AO451[12] is DENIED without prejudice.

Signed June 8, 2018.

BY THE COURT

_____
District Judge David Nuffer

---

[12] Docket no. 1139, filed June 5, 2018.