IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DERMA PEN, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 4EVERYOUNG LIMITED, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS IN LIMINE** <br><br> Case No. 2:13-cv-00729 <br><br> District Judge David Nuffer |

Plaintiff Derma Pen LLC ("Derma Pen") filed a motion in limine ("Derma Pen's Motion")[1] to exclude all evidence and comments at the evidentiary hearing, which is scheduled to begin December 17, 2018, "relating to the DERMAPEN® Mark being awarded to Derma Pen, LLC, under the Court's Final Order and Permanent Injunction, including without limitation, the scope of the Injunction . . . ." Nonparties Joel Marshall, Sasha Marshall, and DP Derm LLC (collectively, "Nonparties") also filed a motion in limine ("Nonparties' Motion")[2] to "preclude evidence of any conduct by the [Nonparties] in alleged violation of the Judgment occurring before July 25, 2017." For the following reasons, both motions are DENIED without prejudice.

---

[1] Plaintiff's Motion in Limine to Exclude All Claims, Evidence in Support of Such Claims Prior to the Final Order and Permanent Injunction, and Commentary Thereon ("Derma Pen's Motion"), docket no. 1232, filed December 5, 2018; *see* Memorandum in Opposition to Plaintiff's Motion in Limine to Exclude All Claims, Evidence in Support of Such Claims Prior to the Final Order and Permanent Injunction, and Commentary Thereon, docket no. 1238, filed December 10, 2018.

[2] Motion in Limine re: Relevant Time Period for Alleged Contempt by Nonparties Joel Marshall, Sasha Marshall and DP Derm LLC ("Nonparties' Motion"), docket no. 1231, filed December 5, 2018; Plaintiff's Response to Nonparties' Motion in Limine re: Relevant Time Period for Alleged Contempt by Nonparties Joel Marshall, Sasha Marshall and DP Derm LLC, docket no. 1240, filed December 10, 2018.

## DISCUSSION

### Derma Pen's Motion

Derma Pen contends that, based on a recent order,[3] the Nonparties "should be restrained from arguing at the Evidentiary Hearing any claims, defenses, facts or issues relating to the scope of the Injunction," including "the validity of ownership of the [DERMAPEN®] trademark."[4] But the order[3] to which Derma Pen refers does not state that Derma Pen owns the trademark or that it owned the trademark when the injunction (the "Injunction")[5] was entered. Instead, that order states that Derma Pen IP Holdings LLC ("Holdings") "was the registrant of the DERMAPEN® mark when the Injunction was entered and is still its registrant today."[6]

Derma Pen next asserts that the October 19, 2018 deposition testimony of Defendant Stene Marshall should be excluded because, in violation of two docket text orders,[7] the attorney who represented Marshall at that deposition has not filed an appearance in this case.[4] Contrary to Derma Pen's assertion, neither docket text order[7] provides a basis to exclude Marshall's deposition testimony.

Derma Pen further argues that all evidence "relating to the ownership of the DERMAPEN® Mark" should be excluded because Derma Pen "has been judicially found to be the owner of the trademark."[8] Derma Pen does not cite to any specific order to support this

---

[3] Memorandum Decision and Order Denying Motion to Vacate or Modify Permanent Injunction ("Order on Motion to Vacate"), docket no. 1230, entered December 4, 2018.

[4] Derma Pen's Motion, *supra* note 1, at 2.

[5] Final Judgment ¶ 3, docket no. 1043, entered May 8, 2017.

[6] Order on Motion to Vacate, *supra* note 3, at 4.

[7] Docket Text Order, docket no. 1151, entered June 29, 2018; Docket Text Order, docket no. 1153, entered July 3, 2018.

[8] Derma Pen's Motion, *supra* note 1, at 3.

argument. The fact that Holdings was the registrant of the trademark when the Injunction was entered does not mean that Derma Pen is the owner of the trademark today. It also does not mean that Derma Pen is presently entitled to enforce the Injunction.

Derma Pen's final contention is that all evidence should be excluded regarding use of the DERMAPEN® mark by Derma Pen, Holdings, or "any future successor in interest" from the date the Injunction was entered (May 8, 2017) because, according to Derma Pen, "only evidence showing that [Nonparties] have violated the Permanent Injunction is relevant."[9] This contention lacks merit, as evidence supporting the Nonparties' defenses may also be relevant.

For each of these reasons, Derma Pen's Motion will be denied.

## Nonparties' Motion

The Nonparties argue that all evidence of an "alleged violation of the [Injunction] occurring before July 25, 2017," should be excluded based on Fed. R. Civ. P. 65(d)(2) because there is no evidence that the Nonparties received notice of the Injunction before July 25, 2017.[10] This rule provides that an order granting an injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."[11]

Because it has not yet been established when each of the Nonparties received actual notice of the Injunction, the Nonparties' Motion will be denied.

---

[9] *Id.*

[10] Nonparties' Motion, *supra* note 2, at 1-2.

[11] FED. R. CIV. P. 65(d)(2).

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Derma Pen's Motion[12] and the Nonparties' Motion[13] are both DENIED without prejudice.

Signed December 11, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[12] Docket no. 1232, filed December 5, 2018.

[13] Docket no. 1231, filed December 5, 2018.