IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DERMA PEN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>4EVERYOUNG LIMITED, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING NONPARTIES' MOTION FOR ATTORNEYS' FEES**<br><br>Case No. 2:13-cv-00729-DN<br><br>District Judge David Nuffer |

Nonparties Joel Marshall, Sasha Marshall, and DP Derm LLC (collectively, "Nonparties") have filed a motion ("Motion") under 15 U.S.C. § 1117(a) for an award of attorneys' fees in the amount of $190,328.75 against Derma Pen LLC and Derma Pen IP Holdings LLC ("DPIPH") in connection with the recently concluded civil contempt proceeding against the Nonparties.[1] Section 1117(a) states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" "in any civil action arising under" the Lanham Act.[2] Because this civil action unquestionably arises under the Lanham Act, § 1117(a) applies.[3]

To be eligible to recover fees under § 1117(a), the Nonparties must be the "prevailing party." The Supreme Court has defined "prevailing party" as "a party in whose favor judgment is

---

[1] Non-Parties Motion for an Award of Attorney's Fees Incurred in These Contempt Proceedings and Supporting Memorandum ("Motion"), docket no. 1295, filed February 25, 2019; *see* Declaration of Jefferson W. Gross in Support of Non-Parties' Motion for an Award of Attorney's Fees Incurred in These Contempt Proceedings ("Declaration"), docket no. 1296, filed February 25, 2019; Derma Pen LLC and Derma Pen IP Holdings LLC Memorandum in Opposition to Non-Parties' Motion for Attorney's Fees Incurred in These Contempt Proceedings, docket no. 1300, filed March 25, 2019; Reply in Support of Non-Parties' Motion for an Award of Attorney's Fees Incurred in These Contempt Proceedings, docket no. 1303, filed April 30, 2019.

[2] 15 U.S.C. § 1117(a). The Lanham Act is codified at 15 U.S.C. § 1051 et seq.

[3] *See Gnesys, Inc. v. Greene*, 437 F.3d 482 (6th Cir. 2005) (applying § 1117(a) to contempt proceedings).

elm

rendered, regardless of the amount of damages awarded."[4] To meet this definition, "a litigant must demonstrate the existence of judicial *imprimatur* by identifying judicial action that altered or modified the legal rights of the parties."[5] The Findings of Fact, Conclusions of Law, and Order Regarding Abandonment, Contempt, and Discovery Sanctions ("Ruling")[6] sufficiently evidence this imprimatur. Among other things, the Ruling establishes that the Nonparties' mark is permissible; that Derma Pen LLC has no right to enforce DPIPH's injunction; that the Nonparties are not in contempt; that Derma Pen LLC and DPIPH are entitled to "no relief" against the Nonparties; and that the Nonparties are entitled to recover certain fees from Derma Pen LLC and DPIPH.[7] Thus, the Nonparties were the "prevailing party" in this proceeding.

In addition to being the prevailing party, to recover fees under § 1117(a) the Nonparties must show that this was an "exceptional" case. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."[8] "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."[9] For example, courts may consider, among other nonexclusive factors, "frivolousness, motivation,

---

[4] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (internal quotation marks omitted).

[5] *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, at 1239 (10th Cir. 2018).

[6] Docket no. 1292 ("Ruling"), filed February 14, 2019.

[7] *See id.* at 8, 10-12.

[8] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). *Octane Fitness* concerned an identical patent statute, and federal courts have since applied the same standard to § 1117(a). *See, e.g.*, *Georgia-Pac. Consumer Prods. LP v. von Drehl Corp.*, 781 F.3d 710, 719-21 (4th Cir. 2015).

[9] *Octane Fitness*, 572 U.S. at 554.

objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."[10]

This is not a case where the Nonparties simply failed to satisfy their burden of proving the Nonparties' civil contempt by clear and convincing evidence. Rather, this is a case where Derma Pen LLC and DPIPH produced *no evidence* of damages; where the evidence showed that Derma Pen LLC has no right to enforce the injunction; where the evidence showed that DPIPH's trademark was abandoned;[11] where monetary sanctions were imposed on Derma Pen and DPIPH; and where Derma Pen LLC and DPIPH were entitled to "no relief" against the Nonparties. This is also a case where it was expressly found that Derma Pen LLC and "DPIPH's evidence was not clear; it was muddled. It was not convincing; it was unpersuasive."[12]

Considering the totality of the circumstances, including the foregoing facts and others mentioned in the Motion, this case is "exceptional," and the Nonparties should be awarded their reasonable attorneys' fees under § 1117(a). To determine the amount of attorneys' fees that should be awarded to a prevailing party, courts "generally determine what fee is reasonable by first calculating the lodestar—the total number of hours reasonably expended multiplied by a reasonable hourly rate—and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome."[13] Based on the evidence presented, the arguments of the parties, and for good cause appearing, the lodestar in this case is $190,328.75. It is calculated

---

[10] *Id.* at 554 n.6 (internal quotation marks omitted).

[11] Because this was not a declaratory action on abandonment, nothing in this Order should be construed as declaring the trademark to be abandoned for any purpose beyond what is expressly stated in the Ruling. *See* Ruling, *supra* note 6, at 6-7, 10.

[12] *Id.* at 10.

[13] *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997) (citation omitted).

as set forth in the declaration that the Nonparties submitted in support of the Motion.[14] There is no need for an upward or downward adjustment to this amount.

Accordingly, as the prevailing party in this case, the Nonparties should be awarded $190,328.75 in reasonable attorneys' fees against Derma Pen LLC and DPIPH.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[15] is GRANTED. A judgment will be entered in favor of Nonparties against Derma Pen LLC and DPIPH, jointly and severally, for reasonable attorneys' fees in the total amount of $190,328.75.

Signed July 8, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[14] Declaration, *supra* note 1.

[15] Docket no. 1295, filed February 25, 2019.